**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Tressa Sherrod, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:14-cv-454 |
| | : | |
| v. | : | Judge Walter H. Rice |
| | : | |
| Wal-Mart Stores, Inc., *et al.*, | : | Magistrate Judge Michael J. Newman |
| | : | |
| Defendants. | : | |
| | : | |

**ANSWER OF DEFENDANTS WAL-MART STORES, INC.,
WAL-MART STORES EAST, LP AND WALMART STORE #2124
(IMPROPERLY NAMED) TO PLAINTIFFS' COMPLAINT
(JURY DEMAND ENDORSED HEREON)**

Now come Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP and Walmart Store #2124 (improperly named) (hereinafter collectively referred to as the "Walmart Defendants"), by and through counsel, and hereby respond to Plaintiffs' Complaint as set forth below.

**FIRST DEFENSE:**

For their First Defense, the Walmart Defendants respond to the numbered paragraphs of Plaintiffs' Complaint, in like numbered paragraphs, as follows:

1. It is admitted that the Complaint is premised on assertions alleged in this Paragraph.

2–4. Admitted.

5. It is admitted that Plaintiffs seek such damages under the theories stated. It is specifically denied that the Walmart Defendants engaged in malicious, intentional, or reckless conduct.

6–8. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the allegations of these Paragraphs.

9–12. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

13. It is denied that Wal-Mart Stores, Inc. owns and operates any stores in Ohio. The remaining allegations of this Paragraph are admitted.

14. Admitted.

15. It is admitted that Wal-Mart Store #2124 is owned and operated by Wal-Mart Stores East, LP and is located at 3360 Pentagon Blvd., Beavercreek, Ohio  45431. The remaining allegations of this Paragraph are denied.

16–17. No facts are alleged in these Paragraphs, and therefore no response is required.

18. Admitted.

19. It is admitted that Mr. Crawford was a customer and business invitee at the Beavercreek Wal-Mart on August 5, 2014. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

20. Admitted.

21. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the allegations of this Paragraph.

22. Admitted.

23. The Walmart Defendants admit that Mr. Crawford was holding a cell phone in his right hand and holding the pellet rifle in his left hand pointed toward the floor. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

24–27. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the allegations of these Paragraphs.

28. Admitted.

29–30. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the allegations of these Paragraphs.

31. The Walmart Defendants admit that Ohio is an open carry state, meaning that it is legal for the citizens of Ohio to carry weapons, including rifles, without permit.  The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

32. Denied as stated.  It is admitted that Wal-Mart Stores East, LP offered for retail sale to customers the MK-177 BB/Pellet Rifle, in accordance with Ohio law.

33–34. Denied.

35. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the allegations of this Paragraph.

36. Denied.

37. It is admitted that there are cameras at the store.  It is denied that they provide for complete monitoring and surveillance of the activities of customers.

38. Denied.

## COUNT ONE

39. The responses to the foregoing Paragraphs are incorporated herein by reference.

40–41. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

42–43. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014.  The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of these Paragraphs.

44. The allegations in this Paragraph are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT TWO

45. The responses to the foregoing Paragraphs are incorporated herein by reference.

46–47. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

48. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014.  The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

49. The allegations in this Paragraph are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT THREE

50. The responses to the foregoing Paragraphs are incorporated herein by reference.

51–54. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

55. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014.  The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

56. The allegations in this Paragraph are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT FOUR

57. The responses to the foregoing Paragraphs are incorporated herein by reference.

58–60. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT FIVE

61. The responses to the foregoing Paragraphs are incorporated herein by reference.

62–65. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

66. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014.  The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

67. The allegations in this Paragraph are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT SIX

68. The responses to the foregoing Paragraphs are incorporated herein by reference.

69–71. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

72. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014.  The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

73. The allegations in this Paragraph are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT SEVEN

74. The responses to the foregoing Paragraphs are incorporated herein by reference.

75–77. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

78. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

79. The allegations in this Paragraph are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT EIGHT

80. The responses to the foregoing Paragraphs are incorporated herein by reference.

81–85. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

86–87. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of these Paragraphs.

88. The allegations in this Paragraph are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT NINE

89. The responses to the foregoing Paragraphs are incorporated herein by reference.

90–91. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT TEN

92. The responses to the foregoing Paragraphs are incorporated herein by reference.

93–94. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014. The Walmart Defendants do not have information sufficient to form a belief as to the truth of the remaining allegations of these Paragraphs.

95–96. The allegations in these Paragraphs are directed to Defendants other than the Walmart Defendants, and therefore no response is required.

## COUNT ELEVEN

97. The responses to the foregoing Paragraphs are incorporated herein by reference.

98. It is admitted that Wal-Mart Stores East, LP operates certain Wal-Mart stores, including the Beavercreek Wal-Mart. It is further admitted that various other entities related to Wal-Mart Stores, Inc. operate retail establishments in the United States. The remaining allegations of this Paragraph are denied.

99. It is admitted that Mr. Crawford was present at the Beavercreek Wal-Mart on August 5, 2014, as a business invitee. The Walmart Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph.

100. This Paragraph sets forth a legal conclusion, to which no response is required.

101–104. Denied.

105. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014. It is denied that any act or omission of the Walmart Defendants was a direct or proximate cause of Mr. Crawford's death.

106–107. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014. It is denied that any act or omission of the Walmart Defendants was a direct or proximate cause of Mr. Crawford's death. The Walmart Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of these Paragraphs.

108. Denied.

## COUNT TWELVE

109. The responses to the foregoing Paragraphs are incorporated herein by reference.

110. Denied.

111. Denied.

112–113. It is admitted that Mr. Crawford died as a result of injuries he sustained on August 5, 2014. It is denied that any act or omission of the Walmart Defendants was a direct or proximate cause of Mr. Crawford's death. The Walmart Defendants are without information sufficient to form a belief as to the truth of the remaining allegations of these Paragraphs.

114. Denied.

## COUNT THIRTEEN

115. The responses to the foregoing Paragraphs are incorporated herein by reference.

116–117. The Walmart Defendants are without information sufficient to form a belief as to the truth of the allegations of these Paragraphs.

## COUNT FOURTEEN

118. The responses to the foregoing Paragraphs are incorporated herein by reference.

119–120. It is admitted that Plaintiffs seek the damages recited. It is denied that any act or omission of the Walmart Defendants was a direct or proximate cause of Mr. Crawford's death. It is further denied that the Walmart Defendants engaged in malicious or reckless conduct.

## COUNT FIFTEEN

121. The responses to the foregoing Paragraphs are incorporated herein by reference.

122. It is admitted that said Plaintiff claims the damages as alleged. It is denied that any act or omission of the Walmart Defendants was a direct or proximate cause of Mr. Crawford's death.

**COUNT SIXTEEN**

123. The responses to the foregoing Paragraphs are incorporated herein by reference.

124. It is admitted that said Plaintiff claims the damages as alleged. It is denied that any act or omission of the Walmart Defendants was a direct or proximate cause of Mr. Crawford's death.

**COUNT SEVENTEEN**

125. The responses to the foregoing Paragraphs are incorporated herein by reference.

126. It is admitted that said Plaintiff claims the damages as alleged. It is denied that any act or omission of the Walmart Defendants was a direct or proximate cause of Mr. Crawford's death.

**SECOND DEFENSE:**

127. The Walmart Defendants deny all allegations contained in Plaintiffs' Complaint not expressly admitted in this Answer.

**THIRD DEFENSE:**

128. Plaintiffs may have failed to mitigate their damages.

**FOURTH DEFENSE:**

129. Plaintiffs' Complaint fails to state a claim upon which relief can be granted against the Walmart Defendants.

**FIFTH DEFENSE:**

130. Plaintiffs may have failed to join necessary and indispensable parties.

**SIXTH DEFENSE:**

131. Plaintiffs' claim for damages may be limited or barred under the due process clauses of the Federal and Ohio Constitutions.

**SEVENTH DEFENSE:**

132. Some or all of the damages alleged in Plaintiffs' Complaint may have been caused by remote, intervening and/or superseding causes, or persons or entities for whom the Walmart Defendants are not responsible, including those not presently known to the Walmart Defendants.

**EIGHTH DEFENSE:**

133. After the facts of this case are known, following discovery, Plaintiffs' damages may be impacted by the doctrines of comparative negligence, assumption of the risk, or other legal doctrine that may be applicable to this case.

**NINTH DEFENSE:**

134. In the event the Walmart Defendants are found negligent, such liability denied, they are only liable for their proportionate share of Plaintiffs' alleged damages per R.C. § 2307.22, *et seq.*

**TENTH DEFENSE:**

135. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq.*

**ELEVENTH DEFENSE:**

136. Any allocation of liability must include the fault of non-parties per R.C. § 2307.23, *et seq.*

**WHEREFORE**, the Walmart Defendants pray that judgment be entered in their favor upon Plaintiffs' Complaint, together with costs and reasonable attorney fees sustained by these Defendants.

Respectfully submitted,

s/Patrick Kasson
Patrick Kasson, Esq. (0055570)
Reminger Co., L.P.A.
65 E. State Street, 4th Floor
Columbus, OH 43215
(614) 232-2418
(614) 232-2410 Fax
pkasson@reminger.com


s/Kevin E. Hexstall
Kevin E. Hexstall, Esq. (Trial Counsel)
Pro Hac Vice
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2642
(215) 575-0856 Fax
kehexstall@mdwcg.com

*Counsel for Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP and Walmart Store #2124 (improperly named)*

## JURY DEMAND

Now come Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP and Walmart Store #2124 (improperly named) and hereby request a jury to hear all of the issues of this case.

s/Patrick Kasson
Patrick Kasson, Esq. (0055570)

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies and gives notice that the service of the foregoing document, pursuant to Fed. R. Civ. P. 5(b)(2)(E), Fed. R. Civ. P. 5(d) and S.D. Ohio Civ. R. 5.2, was made through the Court's CM/ECF system on March 6, 2015.

s/Patrick Kasson
Patrick Kasson, Esq. (0055570)
