IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tressa Sherrod, et al., | : |
| Plaintiffs, | : Case No. 3:14-cv-454 |
| v. | : Judge Walter H. Rice |
| Wal-Mart Stores, Inc., *et al.*, | : Magistrate Judge Michael J. Newman |
| Defendants. | : |

**MOTION FOR PROTECTIVE ORDER
AND INCORPORATED MEMORANDUM OF LAW
OF DEFENDANTS WAL-MART STORES, INC., WAL-MART STORES EAST, LP,
AND WALMART STORE #2124 (IMPROPERLY NAMED)**

Now come Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Walmart Store #2124 (improperly named) (hereinafter collectively referred to as the "Walmart Defendants"), pursuant to Fed. R. Civ. P. 26(c)(1)(B), (G) and Southern District of Ohio Local Rule 37.2, and hereby request a Protective Order. A proposed Protective Order is attached hereto as Exhibit A. The current status of negotiations regarding an Agreed Protective Order and what is actually in dispute are set forth in the attached Memorandum. Likewise, the Walmart Defendants' legal position on this issue is set forth in the attached Memorandum.

Respectfully submitted,

s/ Patrick Kasson
Patrick Kasson, Esq. (0055570)
Reminger Co., L.P.A.
65 E. State Street, 4th Floor
Columbus, OH 43215
(614) 228-1311; FAX: (614) 232-2410
pkasson@reminger.com


s/ Kevin E. Hexstall
Kevin E. Hexstall, Esq.   (Trial Counsel)
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2642; FAX: (215) 575-0856
kehexstall@mdwcg.com


*Counsel for Defendants Wal-Mart Stores, Inc.,
Wal-Mart Stores East, LP and Walmart Store #2124
(improperly named)*

## MEMORANDUM

### A.     Procedural Background And Nature Of The Dispute.

The Parties have worked together, in good faith, and have agreed upon the terms of a Protective Order, with the exception of one term. The Walmart Defendants are in possession of documents and other materials that may be subject to production in discovery in this case, and that are of a highly confidential nature, because they are the result of Walmart's business practices and other confidential processes and systems. As a general matter, the Walmart Defendants do not object to producing any such confidential materials, to the extent they are discoverable under Rule 26. Indeed, the Parties have engaged in lengthy, good faith negotiations regarding an agreed Protective Order. These negotiations have resolved every dispute, save one, regarding the manner of production. The sole issue, upon which an agreement has not been reached, is what to do with confidential documents and materials once this litigation ends.

While confidential documents and things may be useful in this litigation, they ought to be returned at the conclusion of the case. Counsel for Plaintiffs believe that all documents and things produced in discovery should be retained for at least twenty years. The reason for this stretch of time is that Counsel fear the extremely unlikely and remote possibility of a malpractice suit against them by their clients in this case: the Plaintiffs, two of whom are minors.

The parties have reached an impasse on this provision. The agreed upon Protective Order, which also includes the provision on the return of documents (paragraph 13) that Walmart would like to include, has been attached as Exhibit A. The parties have agreed to be bound by the confidentiality of this Protective Order so that discovery can proceed. In order to resolve the last remaining issue, concerning the return of the confidential information, the parties have likewise agreed to submit this matter to the Court through this Motion for Protective Order.

Plaintiffs shall submit a Memorandum in Opposition and set forth how they believe paragraph 13 should be drafted, including what they believe the paragraph should state.

### B. Well-Established Sixth Circuit Law Requires That Confidential Information Be Returned At The Conclusion Of A Case.

This case will involve the production, by Walmart, of information which is confidential and appropriately subject to a Protective Order. When dealing with confidential information, well-established Sixth Circuit case law recognizes that at the end of the case, that information should be returned to the producing party. As such, this Court should accept Walmart's proposed draft of the Protective Order (Exhibit A) and require Plaintiffs to return all confidential information when the case is concluded because the reason that it was produced – for use in this case – will no longer be necessary.

The Federal Rules of Civil Procedure allow this Court to fashion an order "specifying the terms . . . for the disclosure or discovery," and, in particular, "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(B), (G). This Rule has been routinely interpreted in the Sixth Circuit to require the return of confidential information to the producing party. In *R.C. Olmstead, Inc. v. CU Interface, LLC*, the Sixth Circuit recognized that "if the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion." 606 F.3d 262 (6th Cir. 2010) (citing *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981)).

In the usual scenario where the production of confidential business records is at issue, the dispute is over whether certain documents are confidential and whether they can be shielded from protection. *See, e.g., Kline v. Mortg. Elec. Sec. Sys.*, 2014 U.S. Dist. LEXIS 141027, at

4

*11–*15 (S.D. Ohio 2014); *United States ex rel. Howard v. Lockheed Martin Corp.*, 2014 U.S. Dist. LEXIS 129426 (S.D. Ohio 2014). But here, the Parties have agreed to all aspects of the governing protective order, save one: merely what to do with documents *after* the litigation resolves.

The Walmart Defendants' confidential and sensitive business materials and documents should be returned to them at the conclusion of this litigation. This is a reasonable position to take. *E.g.*, *Gen. Envt'l. Sci. Corp. v. Horsfall*, 136 F.R.D. 130, 136 (N.D. Ohio 1991) (ruling on discovery motions and entering a protective order that, among other things, requires the return or destruction of all confidential documents upon resolution of the case). Courts have consistently agreed that discovery is to be used in the litigation at hand, not for other purposes, and presume that such a limitation will be included in protective orders. *Wagner v. Mastiffs*, No. 2:08-CV-431, 2012 WL 5948325, at *4 (S.D. Ohio Nov. 28, 2012) ("The protective order, *of course*, will restrict the use of such information solely for purposes of this litigation....") (emphasis added); *Reese v. CNH Am. LLC*, No. 2:04-CV-70592, 2014 WL 1048061, at *4 (E.D. Mich. Mar. 18, 2014) (in granting a motion to compel, the court entered into a court-drafted protective order that required the parties to "only use the information furnished for purposes of this litigation"); *LeMasters v. Christ Hosp.*, 791 F. Supp. 188, 192 (S.D. Ohio 1991) (stating the same). The return or destruction of protected documents and information is consistent with such a limitation, and such language is typically inserted into protective orders that are drafted by the court, rather than by agreement of the parties. *See United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 401 (S.D. Ohio 2001) (ordering the parties to agree on a protective order "which requires the return of documents and other financial information at the conclusion of this litigation"); *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 389 (D. Colo. 2000) (entering a court-drafted

protective order requiring the return or destruction of all protected documents at the conclusion of the litigation).

In fact, the Northern District of Ohio includes as Appendix L to its Local Rules a sample protective order. In that protective order, Section 10 states that "[w]ithin thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order..., shall be returned to the producing party...." Section 10 of the sample order goes on to state that attorneys "may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents." *See also Guidelines for Agreed Protective Orders for the District of Kansas*[1] (sample protective order stating the same). Similarly, HIPAA requires that any protective order include the return or destruction of the protected information at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(v)(B).

It should also be noted that Plaintiffs' reason for wanting to retain the protected information—the unlikely event of a malpractice claim when individual Plaintiffs reach age eighteen—is obviated by the Walmart Defendants' agreement that Plaintiffs' attorneys may retain their work product at the conclusion of the case. (Exhibit A, ¶ 13). Furthermore, to the extent that any protected information is needed after the conclusion of this litigation, Plaintiffs (or their attorneys) may seek the information under a separate subpoena or court order. Moreover, if the matter is settled, a guardianship will be appointed, and the settlement will be presumed to be fair and reasonable. *In re: Guardianship of Kelley v. Runyan*, 172 Ohio St. 177, 181-183 (1961). Accordingly, Plaintiffs' sole concern is alleviated, and there is no reason for Plaintiffs' to retain Walmart's confidential and proprietary information.

---

[1] Available at http:// www.ksd.uscourts.gov/rules-sub-page/

When confidential information is produced in litigation, it is produced solely for the purpose of use in that litigation. Once this litigation ends, it therefore logically follows that the Walmart Defendants' confidential materials and documents should be returned because the reason that they were produced – for use in the litigation – dictates that they are no longer needed. As such, the Walmart Defendants request that this Court grant the Protective Order, in the form set forth as Exhibit A.

        Respectfully submitted,

        s/ Patrick Kasson
        Patrick Kasson, Esq. (0055570)
        Reminger Co., L.P.A.
        65 E. State Street, 4th Floor
        Columbus, OH 43215
        (614) 228-1311; FAX: (614) 232-2410
        pkasson@reminger.com

        s/ Kevin E. Hexstall
        Kevin E. Hexstall, Esq. (Trial Counsel)
        Marshall Dennehey Warner Coleman & Goggin
        2000 Market Street, Suite 2300
        Philadelphia, PA 19103
        (215) 575-2642; FAX: (215) 575-0856
        kehexstall@mdwcg.com

        *Counsel for Defendants Wal-Mart Stores, Inc.,*
        *Wal-Mart Stores East, LP and Walmart Store #2124*
        *(improperly named)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served via this court's ECF system on all counsel of record.

                                                s/ Patrick Kasson
                                                Patrick Kasson, Esq. (0055570)

Date: August 10, 2015