UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **TRESSA SHERROD,** *ET AL.*, | : | |
| *Plaintiffs*, | : | CASE NO. 3:14-cv-00454 |
| v. | : | JUDGE WALTER H. RICE |
| **WAL-MART STORES, INC.,** *ET AL.*, | : | MAGISTRATE JUDGE MICHAEL J. NEWMAN |
| *Defendants*, | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST THAT DOCUMENTS BE RETURNED AT THE END OF THE CASE**

Plaintiffs' counsel respectfully request that Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Walmart Store #2124 (Defendants') Protective Order exclude the return of documents at the conclusion of the case. (Doc. 25-1 at ¶ 13). Plaintiffs have agreed, after extended good faith negotiations, to a Protective Order to guard Defendants' confidential information including business practices and other confidential processes and systems. However, Plaintiffs do not agree that the documents should be returned immediately at the end of the case. This case involves claims of minors who lost their father. Depending on the resolution of this case, those minors could sue undersigned counsel for legal malpractice when the minors reach the age of majority. In order for Plaintiffs' counsel to diligently protect themselves from the always possible potential for a malpractice lawsuit, these documents must remain in the

1

confidential possession of Plaintiffs' counsel until the possibility of a malpractice lawsuit has passed. At that point, Plaintiffs' counsel will happily return the protected documents.

Plaintiffs agreed to the vast majority of terms in the proposed Protective Order. However, Plaintiffs note that Walmart will have the ability to identify discovery answers, deposition testimony, and documents and videos as confidential. In other words, Walmart will have the ability to designate nearly all the discovery in this case to be confidential, mandating the return of the information at the conclusion of the litigation. And, because Plaintiffs are representing two minors, if the file is completely empty when those minors reach the age of majority, and could potentially file a lawsuit on their own behalf against counsel, counsel will be unable to defend the decisions made in the underlying litigation if there is little left of the file at the end of the case.

### Sixth Circuit Law Provides the Trial Court with Complete Discretion to Determine the Provisions of a Protective Order

There is no dispute that Defendants have the ability to claim and designate nearly all discovery as being confidential under the terms of the proposed Protective Order. Here, the issue of concern to Plaintiffs' counsel is the unique situation, in a case involving minors, where the potential for a malpractice cause of action will remain possible for two decades into the future. The confidential information at issue will be necessary, after the case is resolved, in order to properly defend against any potential malpractice claim, should one arise. But, most importantly, Walmart has drafted the Protective Order to protect all of the documents from public dissemination both during and after the litigation—so any concerns about shelf-stocking secrets, or the number of gun sales, for example, will remain protected beyond the termination of this case. Said another way, Walmart will have all of the protection it needs whether Plaintiffs'

counsel holds onto to the discovery or not, because that is the way Walmart drafted the Order. With those protections in place, Walmart cannot credibly state that its confidential information would be in jeopardy of public disclosure if Plaintiffs' counsel held on to discovery after the conclusion of the case.

"Fed. R. Civ. P. 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." 6-26 Moore's Federal Practice - Civil § 26.105. "'If [confidential information is] deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion.'" *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 269 (6th Cir. Ohio 2010) (quoting *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981)).

There is a long line of case law that supports the same discretionary standard in determining the scope of a protective order. The proper safeguards that accompany a protective order are in the trial court's discretion. *See E. I. Du Pont de Nemours Powder Co. v. Masland*, 244 U.S. 100, 103 (1917); *Ryan v. Hatfield*, 578 F.2d 275, 276 (10th Cir. 1978); *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977); *Aluminum Co. of America v. United States Department of Justice, Antitrust Division*, 444 F. Supp. 1342, 1347 (D.D.C.1978); *Centurion Indus. v. Steurer*, 665 F.2d 323, 326 (10th Cir. N.M. 1981); *Raso v. CMC Equip. Rental, Inc.*, 154 F.R.D. 126, 127 (E.D. Pa. 1994) (holding that the court may use its discretion to decide what particular protective order restrictions are necessary).

Given the unique situation in this case, where the minor Plaintiffs could bring a malpractice action in the distant future, Plaintiffs' counsel asserts that retaining possession of discovery documents is a reasonable request. The confidential documents will be preserved after

the litigation with the same safeguards that exist while the case is still active, resulting in little to no risk to Walmart of public dissemination of the documents. Thus, Walmart's interests will be protected and Plaintiffs' counsels' interests will be protected with a protective order that does not include a requirement to return the discovery material immediately upon termination of the litigation.

In support of their motion, Defendant relies on several non-binding inapplicable cases to support its argument that return of the documents is necessary after the case ends. (Doc. 25 at 4-7.) However, the confidential information in the protective orders at issue referenced in the cases cited in Defendants' memo involves patently factually different situations. *Id.* As all of Defendants' cases can be distinguished from the factual situation at issue, the cases should not be relied on in determining the provisions to place in the current protective order.

The first two cases relied upon by Defendants involved competitors. In *General Envtl. Science Corp. v. Horsfall*, the court did not grant a protective order in a factually distinguishable situation. 136 F.R.D. 130, 134 (N.D. Ohio 1991). The issue before the court was whether the alter ego company had to disclose documents. *Id.* at 131. The plaintiff company tried to obtain discovery documents from Biosys, a company mainly owned by the defendant company. *Id.* The plaintiff company accused the defendant company of stealing trade secrets to become a competitor of the plaintiff. *General Envtl. Science Corp. v. Horsfall*, 753 F. Supp. 664, 666 (N.D. Ohio 1990). As this case involves a competitor trying to gain a tactical advantage by misappropriating trade secrets, its holding and rationale are inapplicable in the present case. Similarly, in *Wagner v. Circle W Mastiffs*, there was no indication that a protective order was granted when defendants attempted to obtain dog breeder reports from the plaintiffs. 2012 U.S. Dist. LEXIS 168574, *4, *11-14 (S.D.Ohio Nov. 28, 2012). Also, both parties were dog breeders

in competition with one another. *Wagner v. Circle W Mastiffs*, 732 F. Supp. 2d 792, 796-97 (S.D. Ohio 2010). Therein, Plaintiffs did not want to produce the information because customer names were included in the breeder reports. *Id.* at *11. The court, speaking hypothetically reasoned, that if "plaintiffs would choose to move for a protective order here[,]" then the information would remain private in order to protect previous customers. *Id.* at *4, *11. In both *General Envtl. Science Corp.* and *Wagner*, the parties are competitors, which is completely different from the present case. The immediate return of documents in certain cases involving competitors can be justified, given the ability of the competitors to use the confidential after trial to gain an economic advantage if they remain in possession of the documents. That concern does not exist in the present litigation.

 Defendants also offer support for their argument with cases in which protective orders were granted, but again, under factually distinguishable situations. In *Reese v. CNH Am., LLC*, defendants were permitted to obtain employee pension, health benefits, and other retirement records for retirees. 2014 U.S. Dist. LEXIS 34887, *12 (E.D. Mich. Mar. 18, 2014). The defendant in *Reese* was an employer and the plaintiffs were retired employees. *Reese v. CNH Global N.V.*, 2014 U.S. Dist. LEXIS 27029, *1-2 ( E.D. Mich. Mar. 4, 2014). Similarly, in *LeMasters v. Christ Hosp.*, the plaintiff alleged sex discrimination and retaliation claims against the defendant, her employer. 791 F. Supp. 188, 189 (S.D. Ohio 1991). Defendants were reluctant to turn over documents requested by plaintiff that contained confidential peer review material. *Id.* at 190. The court found the information discoverable and granted a protective order to maintain confidentiality. *Id.* at 192. In both *Reese* and *LeMasters*, the employer/employee relationship was significant to the protection order analysis. However, the Court in the present case is not dealing with a situation where an employee is suing an employer or where employee

retirement benefits or peer review material is involved. In an employer/employee relationship, the parties have established close ties by nature of the relationship and the employee likely knows inside information about the employer, that when paired with confidential protected information could be damaging to the employer after litigation. This is especially true because an employee of a defendant employer will likely remain in the same field and work for a competitor after litigation has ended, because he or she will likely seek similar employment rather than change his or her career path. Because there is a likelihood that a previous employee will work for a competitor, retaining confidential documents has the potential to cause damage as when parties are competitors. Yet again, these concerns do not exist in the present case.

Defendants also rely on a case previously ruled on by this Court which is again vastly different from the present case. In *Matusoff Rental Co.*, this Court considered the potential for a protective order where personal financial information was involved. 204 F.R.D. 396, 400 (S.D.Ohio 2001). The defendants were a landlord rental company accused of discriminating against tenants. *Id.* at 397. This Court granted the protective order, but also noted that the protective order *could* require the return of documents at the end of litigation in that case, but did not indicate that return was absolute in every protective order. *Id.* Personal financial information is sensitive and the need to protect private financial information could warrant return of this information at the end of litigation, if a compelling reason to retain the information is not provided. In the present case, the parties are not dealing with personal financial information or landlord tenant discrimination, making *Matusoff* inapplicable.

Finally, in *Gillard v. Boulder Valley Sch. Dist. Re-2*, the plaintiff sued a school district because of a sexual assault by a fellow student when a teacher left the children unsupervised. 196 F.R.D. 382, 384 (D. Colo. 2000). The documents involved in this case included personnel

6

records, student information, and juvenile delinquency records. *Id.* at 385. Again, the present case does not involve claims by a student victim against a school or records of minors that would be covered by a protective order. At first glance, it appears that *Gillard* is applicable to our case because it involves a minor plaintiff. However, the court in *Gillard* never addressed the issue of a potential malpractice claim accruing well into the future, so the *Gilliard* court does not shed any light on the topic at issue. Also, the sensitive nature of student information and juvenile records makes *Gillard* immensely different from the present case. The sensitive nature of the confidential information in *Gillard* could warrant return of the materials at the end of litigation irrespective of the fact that the plaintiff was a minor. In the present case, we are not dealing with minor student information, or juvenile records, which public policy considers delicate material due to the aspect that those under 18 are involved. Thus, just like the rest of the cases relied upon by the defendants, this case is also inapplicable.

Walmart fails to cite a single case where concerns raised by the litigants are similar to the concerns raised by Plaintiffs' counsel herein. And, all of Walmart's confidential documents will be protected under the terms of the proposed Protective Order, whether the documents are immediately returned, or returned at a later date.

All of the information at issue and scenarios in these cases above, cited by Defendants, are distinguishable from the present case. As a result, the same rationale should not be applied to justify returning documents at issue in the present case. The cases that Defendants rely on do not raise the concern of malpractice and do not contain the same unique fact pattern, involving minor plaintiffs. Some cases relied up by Defendants include sensitive information, not present in the current case, such as minor student records and peer reviews, which explains the need for return of the documents at the end of litigation.

Also, the relationships of the parties in the cases cited by defendant, employee/employer, student/teacher, United States/rental company, and parties in competition do not mirror the relationship between the parties in the present case. Here, the factual scenario before the court does not necessitate the immediate return of documents to Defendants. The Court has the broad authority to examine this unique case independently of previous protective orders, and craft a protective order that is tailored to the specifics of the present case.

Further, Defendants cite to *sample* protective orders that contain a provision in which confidential documents should be returned after litigation. These samples do not prohibit the Court from deciding to exclude or change a provision in the protective order to tailor it to this specific case. Defendants contend that a separate subpoena or court order could be issued to obtain the same protected documents after the case concludes. However, there is nothing to ensure that the documents will exist or remain in the same condition many years into the future. The only way to ensure that Plaintiffs' counsel can diligently defend against a future malpractice claim is to confidentially retain the documents produced by Defendants.

Pursuant to the intricacies of the present case, Plaintiffs' counsel asserts that it is imperative to retain the documents discoverable under the agreed upon protective order. Prior courts have offered little insight on the issue currently pending in this case. However, most importantly, Defendants will still receive the same post litigation protection of confidential documents that exists while the case is pending. This relieves Defendants of the concern that protected information will be vulnerable after litigation. Plaintiffs' counsel respectfully request that the Court permit retention of these documents in order to prudently shield themselves from any potential for future malpractice liability.

Respectfully submitted,

/s/ Richard W. Schulte
Richard W. Schulte (0066031)
WRIGHT & SCHULTE, LLC
812 E. National Rd.
Vandalia, Ohio 45377
Tel: (937) 435-7500
Fax: (937) 435-7511
rschulte@yourlegalhelp.com

/s/ Michael L. Wright
Michael L. Wright (0067698)
WRIGHT & SCHULTE, LLC
812 E. National Rd.
Vandalia, Ohio 45377
Tel: (937) 435-7500
Fax: (937) 435-7511
mwright@yourohiolegalhelp.com

/s/ Dennis Mulvihill
Dennis Mulvihill, Esq. (0063996)
WRIGHT & SCHULTE, LLP
23240 Chagrin Blvd., Suite 620
Cleveland OH 44123
Tel. (216) 591-0133
Fax. (216) 591-0622
Dmulvihill@yourlegalhelp.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies and gives notice that the service of the foregoing document was made through the Court's CM/ECF system on August 25, 2015.

                                                        /s/ Richard W. Schulte
                                                        Richard W. Schulte (0066031)