**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| TRESSA SHERROD, *et al.*, | : | CASE NO. 3:14-cv-00454-WHR |
| Plaintiffs, | : | Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| v. | : | |
| OFFICER SEAN C. WILLIAMS, *et al.*, | : | **MOTION TO STAY OF** |
| | | **DEFENDANTS OFFICER SEAN** |
| Defendants. | : | **C. WILLIAMS AND SERGEANT** |
| | | **DAVID M. DARKOW** |

Defendants, Officer Sean C. Williams and Sergeant David M. Darkow ("Defendants") move this Court for a limited stay of discovery only as it pertains to these two defendant officers in this matter, pending the completion of the criminal investigation by the Civil Rights Division of the United States Department of Justice, the United States Attorney's Office for the Southern District of Ohio and the Federal Bureau of Investigation, Cincinnati Field Division ("the Department of Justice") into the underlying events of this case.  This Motion is fully supported by the accompanying Memorandum in Support.

Respectfully submitted,

/s/ Edward J. Dowd
Edward J. Dowd (#0018681)
Joshua R. Schierloh (#0078325)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
Tel.:  (937) 222-2333
Fax:  (937) 222-1970
edowd@sdtlawyers.com
jschierloh@sdtlawyers.com
*Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers, and the City of Beavercreek, Ohio*

/s/ Neil F. Freund
Neil F. Freund (#0012183)
Kelly M. Schroeder (#0080637)
FREUND FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
Tel:  (937) 222-2424
Fax:  (937) 222-5369
nfreund@ffalaw.com
kschroeder@ffalaw.com
*Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers, and the City of Beavercreek, Ohio*

## MEMORANDUM IN SUPPORT

### I.  INTRODUCTION

Following the death of John H. Crawford, III on August 5, 2014, the case was investigated by the Ohio Attorney General's Office and the Bureau of Criminal Investigations.  Ohio Attorney General Mike DeWine appointed Mark E. Piepmeier, an attorney in the Hamilton County Prosecuting Attorney's Office, to lead the prosecution team presenting evidence to the special Greene County Grand Jury that was impaneled to investigate the Beavercreek Wal-Mart officer-involved shooting.

On September 24, the impaneled special Greene County Grand Jury decided not to issue indictments against Defendants in the case. On that same day, the Civil Rights Division of the United States Department of Justice, the United States Attorney's Office for the Southern District of Ohio, and the Federal Bureau of Investigation, Cincinnati Field Division, announced that they would be conducting "an independent review of the facts and circumstances surrounding the August 5, 2014, fatal shooting of John Crawford III." (Justice Department to Review the Shooting of John Crawford III, News Release, http://www.justice.gov/usao-sdoh/pr/justice-department-review-shooting-john-crawford-iii, attached hereto as Exhibit A.) The news release continued, "The Civil Rights Division, the United States Attorney's Office, and the FBI have been monitoring the state's investigation of this case. The Civil Rights Division, the United States Attorney's Office, and the FBI will conduct a thorough and independent review of the evidence and take appropriate action if the evidence indicates a prosecutable violation of federal criminal civil rights statutes.  This is an on-going investigation; therefore, the Department can make no further comment on this case at this time." (Id.)

3

On December 16, 2014, Plaintiffs filed this lawsuit. (Complaint, Doc.#1, PAGEID#1.) Defendants filed their Answer, and this case has entered the discovery phase. The criminal investigation by the Department of Justice, however, remains ongoing. (Affidavits of Chief Dennis Evers and Vincent Popp attached respectively hereto as Exhibits B and C.) In addition, the undersigned have been advised by counsel for Wal-Mart, that in September 2015, the Department of Justice contacted Wal-Mart requesting information and access to the store.

Because the federal criminal investigation remains ongoing, Defendants are faced with the impossible and conflicting decision to invoke their Fifth Amendment privilege against self-incrimination and forgo the opportunity to defend themselves in this civil case or waive their privilege and potentially face criminal charges based upon their own testimony in this case. Thus, Defendants respectfully request this Court stay discovery as it pertains to Ofc. Williams and Sgt. Darkow, including but not limited to taking the depositions of these officers, until the completion of the Department of Justice investigation.

## II.   <u>LAW AND ARGUMENT</u>

### A.  Standard of Review

Although a court is not required to issue a stay of civil proceedings pending the outcome of parallel criminal action, a district court, in its broad discretion, may issue such a stay, particularly where the potential for prejudice is shown. *United States v. Banks*, No. 2:08-CV-638, 2008 WL 4862353, at *1 (S.D. Ohio Nov. 7, 2008) (citing *United States v. Certain Rela Property 566 Hendrickson Blvd., Clawson, Oakland Cty, Mich.,* 986 F.2d 990, 997; *Eastwood v. United States,* No. 2:06–cv–164 (unreported), 2008 WL 444661 at *2 (E.D.Tenn. Feb. 15, 2008)); *Springsteen v. Garrett*, No. 11-11743, 2012 WL 368276,

at *1 (E.D. Mich. Feb. 3, 2012) (citing *Chao v. Fleming,* 498 F.Supp.2d 1034, 1037 (W.D.Mich.2007) (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis,* 299 U.S. at 254. *See, also*, *Eastwood*, 2008 WL 444661 at *2 (citing *Ashworth v. Albers Med., Inc.,* 229 F.R.D. 527, 530 (S.D.W.Va.2005)). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council,* 565 F.2d 393 (6th Cir.1977); *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir.2014).

### B. A Stay of Discovery in this Case Is Necessary to Protect the Interests of Justice

Simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings, as the denial of such a stay could "impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (quoting *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F.Supp. 1134, 1138 (S.D.N.Y.1995) (internal quotation marks omitted).

Courts have consistently considered and weighed six factors in determining whether a stay of discovery or a stay of the civil action was warranted in a particular case: (1) the extent to which the issues in the criminal case overlap with those presented in the

civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs proceeding expeditiously weighted against the prejudice to the plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Chao*, 498 F.Supp.2d at 1037 (citing *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1138-39 (S.D.N.Y. 1995)); *McCloskey v. White*, No. 3:09 CV 1273, 2011 WL 780793, at *1 (N.D. Ohio Mar. 1, 2011); *Claborn v. Ohio,* No. 2:11–cv–679, 2011 WL 5999040, at *1 (S.D.Ohio Nov.30, 2011); *Parenteau v. Century Bank*, No. 2:07-CV-851, 2013 WL 4479032, at *3 (S.D. Ohio Aug. 20, 2013). A stay is an extraordinary remedy. *Id.* When considering and applying the above factors to this case, it is clear that a stay of discovery as it pertains to Defendants in this action is warranted in this case.

    1.  <u>The issues in the potential criminal case mirror those presented in this civil case</u>.

       The extent to which the issues in the potential criminal case overlap with those in the civil case is regarded as the most important factor, because without an overlap, there would be no danger of self-incrimination and no need for a stay. *Chao* 498 F. Supp.2d at 1039, (quoting *Metzler v. Bennett,* No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998) (citing *Transworld Mech.,* 886 F.Supp. at 1139). *See also In re Adelphia Commc'ns Sec. Litig.,* No. 02-1781, 2003 WL 22358819, at * 3 (E.D.Pa. May 13, 2003) ("The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether or not to grant a stay.")). The more the civil and criminal cases overlap, the more likely a stay will be granted. *Newell v.*

*Cnty. of Wayne*, No. 12-CV-14928, 2013 WL 4613613, at *4 (E.D. Mich. Aug. 29, 2013) (citing *Sec. & Exch. Comm. 'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1376 (D.C.Cir.1980)).

In this case, there is no question that Plaintiffs' civil suit against Defendants is inextricably linked to the pending criminal investigation of the Justice Department. Plaintiffs allege in their Complaint multiple claims arising out of the circumstances leading to the death of Mr. Crawford – the very circumstances the United States Department of Justice is currently investigating. *See Newell v. Cnty. of Wayne*, No. 12-CV-14928, 2013 WL 4613613, at *4 (E.D. Mich. Aug. 29, 2013); *Chagolla v. City of Chicago,* 529 F.Supp.2d 941, 946 (N.D.Ill.2008); *Porter v. Buckler*, No. 0:14-127-DLB, 2015 WL 1926363, at *2 (E.D. Ky. Apr. 28, 2015) (finding this factor favors a stay where the core of the §1983 action and criminal proceeding arose from the same activity of the defendant).  Thus, the significant overlap between this case and the federal criminal investigation weighs heavily in favor of a stay, as the extent to which these two undertakings overlie creates a danger of self-incrimination on the part of Ofc. Williams and Sgt. Darkow.  *See Chao*, 498 F. Supp.2d at 1039 (finding the identity both issues and parties supports request for a stay).

    2.  <u>Although Defendants have not been indicted, the status of the criminal investigation warrants a stay in this case.</u>

Although courts recognize that a case for a stay is strongest where the defendant has already indicted, it is still possible to obtain a stay – even where an indictment or information has not been returned – if the government is conducting an active parallel criminal investigation. *Chao*, 498 F. Supp. 2d at 1037 (citations omitted). *See, also, Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F.Supp.2d 523, 527 (D.N.J.1998) ("It is 'still

possible' to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation.").

In *Walsh,* the United States Attorney was conducting a parallel investigation into whether some defendants had engaged in criminal conduct. *Id.* at 526. The defendants argued that they could not participate in civil discovery while simultaneously protecting their Fifth Amendment right against self-incrimination, and the court agreed.  *Id.* In holding that the matters overlapped even though no party had been indicted, the court found that the criminal investigation and civil case focused on the same allegations of misconduct and entered a temporary stay of a few months. *Id.* at 527–29.  Likewise, in *Brock v. Tolkow,* 109 F.R.D. 116 (E.D.N.Y.1985), the district court granted a stay of civil proceedings brought by the Department of Labor pending the resolution of a parallel criminal investigation by the United States Department of Justice. *Id.* at 117.

In *McGee v. Madison Cnty., Tenn.*, No. 1:15-CV-01069, 2015 WL 3648986, at *2-3 (W.D. Tenn. June 10, 2015), the court found that it was certain the matter was under a federal criminal investigation, and little was known about the status because, as with the case at bar, the Department of Justice and U.S. Attorney did not comment on active investigations.  No one had yet to be charged as a result of the FBI's investigation. *Id.*  The court found that although this fact may weigh against a stay, other factors weighing in favor of the defendant rendered this factor less significant. *Id.*

As in *McGee*, this case involves a federal criminal investigation based upon the same factual circumstances of this civil case. In addition, the Department of Justice and United States Attorney for the Southern District of Ohio have made it clear that criminal charges will be brought if the evidence uncovered demonstrates a violation of federal criminal civil rights statutes. (Exhibit A.) Although an indictment has not been issued to

date, the significance of the investigation, the knowledge that this investigation is active and remains ongoing and the commitment of the federal government to pursue charges if warranted impair Defendants' Fifth Amendment privilege against self-incrimination.

### 3. Plaintiffs are not unduly prejudiced by the delay.

The third factor in determining whether to grant a stay requires courts to consider the private interests of the plaintiffs proceeding expeditiously weighted against the prejudice to the plaintiffs caused by the delay. Plaintiffs have a legitimate interest in an immediate resolution of their case, and there is potentially a risk of the destruction or loss of evidence if the delay is too great. *See Coley v. Lucas Cnty., Ohio*, No. 3:09 CV 0008, 2011 WL 5838190, at *3 (N.D. Ohio Nov. 18, 2011); *McCullaugh v. Krendick*, No. 5:07-cv-2341, 2009 WL 2929306 (N.D. Ohio Sept. 9, 2009).

Defendants, however, have narrowly tailored this request for a stay to prevent Plaintiffs from being prejudiced as a result of the stay. Discovery can and should proceed with regard to all remaining parties and witnesses. The parties have disclosed over 75 potential lay witnesses that can be deposed. Also, Defendants are not seeking a stay as to the City of Beavercreek or Chief Evers. Thus, Defendants have carefully tailored this request for a stay to minimize the impact on Plaintiffs.

In addition, it is undisputed that all parties want the evidence to represent the actual events leading up to the death of Mr. Crawford. In fact, Plaintiffs sought out this federal criminal investigation. (See Exhibit D.) Moreover, the destruction or loss of evidence is less of an issue in this case. Presumably, witnesses or people with other information were interviewed by investigators, and the U.S. Department of Justice currently has all of the investigative files from the state investigation as well as its own independent investigation. (*See id.*) In addition, the incident was caught on camera. *See*

9

*Coley*, *supra* (where court noted that the argument that evidence could be lost is lessened where such evidence is adduced and preserved in the criminal matter).

> 4. <u>Defendants face a substantial burden if the case proceeds in the face of potential criminal liability</u>.

Officer Williams and Sgt. Darkow face a substantial burden if this case proceeds while the federal criminal investigation continues. The officers must choose between invoking their privilege against self-incrimination and defending themselves in this civil action. *See McGee*, 2015 WL 3648986 at *4. If this case should proceed, the officers could invoke their Fifth Amendment rights to prevent any criminal inculpation. The officers, however, would pay a hefty price. They will essentially have to forfeit any defense in this civil action, as a civil defense and remaining silent are mutually antagonistic choices. Responding to questions will require the officers to explain their conduct, which could provide ample material for a later criminal prosecution. On the other hand, invoking their Fifth Amendment rights prevents Defendants from asserting their defenses. Importantly, it also allows any trier of fact to draw a negative inference from their failure to testify in these criminal proceedings. *Hoxie v. DEA,* 419 F.3d 477, 483 (6th Cir.2005) ("a negative inference can be drawn from a failure to testify in civil proceedings, and drawing such an inference violates neither the Fifth Amendment nor due process."). Thus, Defendants really have no voluntary or intelligent choice if this case proceeds, as neither option can save Defendants from either civil or criminal liability. In addition, as stated above, proceeding with this case may also "extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of Plumbers & Pipefitters Nat'l Pension Fund,* 886 F.Supp. at 1138. When balanced with the

lesser burdens of Plaintiffs, these factors support granting the motion and entering a stay in this case.

          5.  <u>The interest of the court weighs in favor of a stay</u>.

Although the Court has an obvious and important interest in maintaining its docket efficiently and expeditiously, a stay in this case will not preclude this Court from doing so. In proceeding with this case, this Court will be presented with the additional task of establishing the parameters of the Fifth Amendment privilege invoked by Defendants. In invoking this privilege, there must be a valid assertion of the Fifth Amendment privilege, which exists where a witness has reasonable cause to apprehend a real danger of incrimination. *In re Morganroth,* 718 F.2d 161, 167 (6th Cir.1983). "A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions. The privilege must be asserted with respect to particular questions...." *Id.* (citing *Hoffman v. United States,* 341 U.S. 479, 486–88 (1951)). Thus, once the privilege is invoked with regard to each question, it is up to the court to "determine the propriety of the refusal to testify." *Bryant v. Turney*, No. 5:11-CV-00128-TBR, 2012 WL 4471594, at *4 (W.D. Ky. Sept. 26, 2012) (citation omitted). A stay would obviate the need for this Court's involvement and consummation of time and resources to determine the precise parameters of the privilege whenever it is invoked. *See Coley*, 2011 WL 5838190, at *4; *McGee*, 2015 WL 3648986, at *4. Moreover, as stated above, Defendants are asking this Court to stay only the discovery as it pertains to them individually, and thus, the potentially voluminous discovery can otherwise progress, and the burdens on this Court's docket should be minimal.

In addition, a temporary stay would permit the federal governmental agencies to

continue their investigation, which could result in an indictment. If so, it "may ultimately reduce or eliminate the need for discovery or result in a settlement of this case...."*Chao,* 498 F.Supp.2d at 1040; *McGee, supra*, at *4. Moreover, this Court could require the parties to keep it apprised of the developments in the criminal investigation in order to reduce its own case management burden. *See id.* Because a stay in this case would balance the interest this Court has in maintaining its docket and relieving this Court from consuming time and resources in determining the scope of the Fifth Amendment privilege, this factor weighs in favor of granting the stay.

6. <u>The public has an interest in ensuring that this case is resolved judiciously.</u>

The widespread, national media attention this case has already received demonstrates that the public is likely interested in the outcome of this litigation; therefore, the public likely has an interest in the efficient resolution of this matter. This interest, however, should not outweigh the parties' rights to a fair and impartial outcome in this case. The parties in this case and the public at large have a right to see that justice is served in this case, and a stay would ensure the integrity of this litigation.

## III. <u>CONCLUSION</u>

Officer Williams and Sgt. Darkow have demonstrated that without a stay in this case, they will be substantially prejudiced going forward in this case. Not only will the officers be forced to choose between forgoing a defense in this civil case and implicating themselves in the ongoing criminal investigation, but the City's ability to defend itself is also impacted by the officers' impossible choice. Although Plaintiffs certainly have an interest in proceeding in this civil matter, they, too, have expressed the need for the

federal criminal investigation to proceed and for justice to be served.  A stay will ensure both and will ensure the likelihood of a fair outcome in this matter.

In addition, it is clear that the criminal investigation by the Department of Justice is active and ongoing. This is not a situation where the investigation has been at a standstill for a number of months without any communication with regard to its status. Thus, Defendants are simply seeking temporary stay of discovery as it pertains to them for a definite period of time, such as six months, where at the conclusion of which, this court can re-evaluate the status of the case and remove or amend the stay as necessary. *See McGee*, 2015 WL 3648986, at \*4; *Chao*, 498 F.Supp.2d at 1041; *Winston v. City of Cleveland*, Case No. 1:14-CV-2690 (June 1, 2015 N.D. Ohio) (wherein the Northern District in the also highly-publicized civil case surrounding the officer-shooting involved death of Tamir Rice granted a temporary stay pending the criminal investigation) (attached hereto as Exhibit E).

Accordingly, because Defendants Ofc. Williams and Sgt. Darkow have demonstrated significant Fifth Amendment concerns sufficient to warrant a stay of these civil proceedings, Defendants respectfully request this Court issue a stay of discovery as it pertains to Ofc. Williams and Sgt. Darkow pending the outcome of the criminal investigation by the Department of Justice.

Respectfully submitted,

/s/ Edward J. Dowd
Edward J. Dowd (#0018681)
Joshua R. Schierloh (#0078325)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
Tel.: (937) 222-2333
Fax: (937) 222-1970
edowd@sdtlawyers.com
jschierloh@sdtlawyers.com
*Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers, and the City of Beavercreek, Ohio*


/s/ Neil F. Freund
Neil F. Freund (#0012183)
Kelly M. Schroeder (#0080637)
FREUND FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
Tel: (937) 222-2424
Fax: (937) 222-5369
nfreund@ffalaw.com
kschroeder@ffalaw.com
*Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers, and the City of Beavercreek, Ohio*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2015, this document was electronically filed via the Court's authorized electronic filing system which will send notifications of this filing to the following:

Michael L. Wright, Esq.
Richard W. Schulte, Esq.
WRIGHT & SCHULTE, LLC
812 East National Road
Vandalia, Ohio 45377
*Attorneys for Plaintiffs*

Dennis P. Mulvihill, Esq.
WRIGHT & SCHULTE, LLC
23240 Chagrin Blvd.
Suite 620
Cleveland, Ohio 44122-5468
*Attorney for Plaintiffs*

Shean D. Williams, Esq.
THE COCHRAN FIRM - ATLANTA
127 Peachtree Street
Suite 1400
Atlanta, Georgia 30303
*Pro Hac Vice Attorney for Plaintiffs*

P. Patrick Kasson, Esq.
REMINGER CO., L.P.A.
65 E. State Street
4th Floor
Columbus, Ohio 43215
*Attorney for Defendants Wal-Mart Stores, Inc.,*
*Wal-Mart Stores East, L.P., and Wal-Mart Store #2124*

Kevin E. Hexstall, Esq.
2000 Market Street
Suite 2300
Philadelphia, Pennsylvania 19103
*Pro Hac Vice Attorney for Defendants Wal-Mart*
*Stores, Inc., Wal-Mart Stores East, L.P., and*
*Wal-Mart Store #2124*

/s/ Edward J. Dowd
Edward J. Dowd (#0018681)

15