**IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TRESSA SHERROD, et al. ) | Case No. 3:14-cv-00454-WHR |
| ) | |
| ) | Judge Walter H. Rice |
| Plaintiffs, ) | Magistrate Judge Michael J. Newman |
| ) | |
| v. ) | |
| ) | **PLAINTIFFS' RESPONSE TO** |
| OFFICER SEAN WILLIAMS, et al. ) | **MOTION TO STAY OF** |
| ) | **DEFENDANTS OFFICER SEAN** |
| Defendants. ) | **WILLIAMS AND SERGEANT** |
| ) | **DAVID M. DARKOW** |

**MEMORANDUM**

**Introduction**

This case concerns the shooting death of John Crawford, III at a Wal-Mart on August 5, 2014. John Crawford's family filed suit against the Beavercreek Police Department, three of its officers, and Wal-Mart. On November 20, 2015, two of the defendant officers, Officer Sean Williams [hereinafter, "Williams"] and Sergeant David M. Darkow ["Darkow"] [collectively, the "Moving Defendants"] moved this Court to stay discovery pending the completion of a federal criminal investigation into Mr. Crawford's shooting death. A state court grand jury has already declined to indict the Moving Defendants. Notably, the Defendants provided statements to investigators *before* the State of Ohio grand jury convened and then gave testimony to the grand jury and have also answered written discovery in this case. Given that the Defendants have voluntarily provided sworn and unsworn testimony, this Court should deny the Moving Defendants' attempt to pick and choose when they will, or will not, discuss Mr. Crawford's death.

**Law and Argument**

As the Moving Defendants note, a court is not required to issue a stay of civil proceedings pending the outcome of parallel criminal action. *See*, Motion to Stay of Defendants Officer Sean C. Williams and Sergeant David M. Darkow [hereinafter, the "Motion"], at 4. Indeed, the Supreme Court has noted that there are no general constitutional, statutory, or common law prohibition against simultaneous criminal and civil actions, so the issue is left to the Court's discretion. *United States v. Kordel*, 397 U.S. 1, 11, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). The Moving Defendants also concede that the burden is on the moving party to show a pressing need for delay, and that such a stay is an **extraordinary** remedy. *See*, Motion, at 5 – 6.

The Moving Defendants ask this Court to stay civil proceedings so they will not be forced to testify when they are facing a pre-indictment, federal criminal investigation. However, the Moving Defendants have already offered statements, and testimony, concerning Mr. Crawford's death on at least four separate occasions. First, the Moving Defendants gave written statements to the Beavercreek Police Department immediately after the shooting. *See*, Affidavit of Attorney Michael Wright [hereinafter, "Wright Aff."], at ¶ 2. Second, the Moving Defendants answered questions from investigators with the Ohio Bureau of Criminal Investigations [hereinafter, "OBCI"] in recorded interviews where they were represented by Attorney Vincent Popp[1]. It is unknown whether the Moving Defendants will argue they would have suffered consequences for refusing to give a statement to the OBCI, but they cannot reasonably argue that was not an option. In a news article attached as Exhibit D to the Motion, Attorney General Mike

---

[1] See, *e.g.*, http://www.daytondailynews.com/news/news/local/officers-describe-moments-before-john-crawford-sho/nhhft/ (stating, among other things, that "[a]n attorney, Vincent Popp, was present at both interviews, representing Williams and Darkow."). Undersigned counsel has also received a copy of the Bureau of Criminal Investigation report and materials concerning Mr. Crawford's death. Based upon a review of these materials, it appears that both Williams and Darkow gave recorded interviews on August 5, 2014 and August 8, 2014. *See*, *also,* Wright Aff., at ¶ 3.

DeWine is quoted as saying that "he is turning the investigative files over to the U.S. Department of Justice," so the federal government has likely reviewed the OBCI's interview transcripts.

Third, upon information and belief, the Moving Defendants testified at the "special" Greene County Grand Jury headed by Special Prosecutor Mark Piepmeier. *See*, Wright Aff., at ¶ 4. This grand jury testimony would have been given under oath. *See*, R.C. 2939.13. The Moving Defendants also had the option to assert their Fifth Amendment right to refuse to testify to that grand jury. *See*, *e.g.*, *Hoffman v. United States,* 341 U.S. 479 (1951). But, again, upon information and belief, these Defendants testified to the grand jury, anyway. *See*, Wright Aff., at ¶ 4. Fourth, the Moving Defendants have already responded to requests for admissions as well as interrogatories which provide, among other things, sworn statements about the shooting and how it transpired. *Id.*, at ¶ 5.

With this background, Plaintiffs now turn to the following six factors cited by the Moving Defendants that a Court considers when determining whether to stay discovery in a civil case due to a claimed parallel criminal investigation: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *See*, *e.g., Morrow v. City of Tenaha*, Civil Action 2-08-cv-288-TJW, 2010 U.S. Dist. LEXIS 77096, at *5 - *6 (E.D. Texas July 30, 2010).

The first factor considers the extent to which the issues in the criminal case overlap with those presented in the civil case. The federal government has not indicted the Moving Defendants, and the State has chosen not to pursue any charges. In *Morrow,* the Court noted that

when there has been no indictment, there is no way to determine whether there is true overlap. *Id.*, at *8; *United States ex rel. Shank v. Lewis Enters. Inc.*, Civil No. 04-CV-4105-JPG, 2006 U.S. Dist. LEXIS 22065, at *10 (S.D.Ill. Apr. 21, 2006) (whether the issues will even overlap, prior to an indictment, is a mere "matter of speculation"). This is especially true as it pertains to Defendant Darkow. Defendant Darkow, who did not fire any shots at Mr. Crawford, was never a target for State criminal charges and it is unknown (and may be unlikely) whether he is a target of the on-going federal investigation.

The *Morrow* Court also noted that even if there is complete overlap, there is no concern that the government is trying to evade limits on criminal discovery when it is a private party seeking the stay. *Morrow*, *supra*, at *9. For this reason, a stay of civil proceedings is most likely to be granted when both the civil and criminal action are brought by the government. *Id.* (citing *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985)). Considering all of this, the Court found this factor neutral, as the Court should, at best, do in this case.

The second factor to be considered is the status of the criminal case. Moving Defendants try to minimize the importance of the fact that there has been no criminal indictment. However, Courts have routinely found that this factor weighs against a stay of discovery, and this Court should do so, as well. *Morrow, supra,* at *9; *In re CFS,* 256 F.Supp.3d 1227, 1237 (N.D.Okla. 2003); *Gala Enterprise, Inc. v. Hewlett Packard Co.,* No. 96 Civ 4864 (DC), 1996 U.S. Dist. LEXIS 18867, at *5 (S.D.N.Y. Dec. 20, 1996) ("Pre-indictment requests of a stay of civil proceedings are *generally denied*." (emphasis added)). Indeed, a "pre-indictment motion to stay can be denied on this ground alone." *Citibank, N.A. v. Hakim*, 92 Civ. 6233, 1993 U.S. Dist. LEXIS 16299, at *3 (S.D.N.Y. Nov. 18, 1993).

A denial of stay when there has been no indictment is appropriate, in part, because there is no certainty that a stay will ever be necessary. *Morrow*, *supra*, at *10. An indictment (as opposed to a mere investigation) also generates speedy trial considerations which prevent a prolonged stay. *Id*. In fact, in our case this factor weighs even more heavily against the Defendants since the State has already refused to indict the Moving Defendants. In short, this factor weighs heavily against the Moving Defendants.

The Moving Defendants' cases in support of a stay in the absence of an indictment are not on point. In *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp. 2d 523 (D.N.J. 1998), for instance, a pre-indictment stay warranted serious self-incrimination risks not present here and the government, which participated in oral argument in support of the stay, argued that civil discovery could harm the criminal investigation. *See*, *also*, *Citibank, N.A. v. Super Sayin' Publ'g, LLC*, 86 F.Supp.3d 244, 248 (S.D.N.Y. Feb. 4, 2015) (distinguishing *Walsh* on same grounds in case involving pre-indictment investigation). Further distinguishing the cases, the Defendants in *Walsh*, unlike the Moving Defendants, had not already filed an answer and responded to interrogatories when they requested the stay. *Walsh, supra*, at *14.

The Court in *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) did grant a stay in the absence of an indictment, but there is no indication that the Defendants had already given statements about the same matters at issue in the criminal proceedings, as have the Moving Defendants. Also, the government requested the stay in *Brock*, which weighs heavily in favor of a stay, as discussed above. Moreover, this Court's decision to grant a stay in the absence of an indictment makes it an outlier, as the vast majority of Courts have refused to do so. *See*, discussion, *supra*; *see, also*, *SEC v. Wheeler*, 11-CV-6169-CJS, 2011 U.S. Dist. LEXIS 116018, at *7 (noting that *Brock* is an exception to cases denying a stay in such circumstances).

5

The Moving Defendants also cite *McGee v. Madison Cnty., Tenn.*, No. 1:15-cv-01069, 2015 U.S. Dist. LEXIS 74801 in support of its argument in favor of a stay in the absence of any criminal indictment. As discussed elsewhere, unlike in *McGee,* the Moving Defendants have already given testimony and responded to questioning about the allegations. These are factors not present in the cases cited by the Moving Defendants which mitigate against making this one of the rare cases to grant a pre-indictment stay of civil discovery.

Finally, as mentioned above, cases granting a stay in the absence of an indictment are the exception and not the rule, as even the *McGee* Court concedes. *Id*., at *9. As discussed throughout this pleading, the Moving Defendants have already given testimony and responded to questioning about the allegations, and the State has chosen not to bring any charges. These are factors not present in the cases cited by the Moving Defendants that mitigate against this case joining those rare cases to grant a pre-indictment stay of civil discovery.

The third factor is whether Plaintiffs are unduly prejudiced by the delay. Although Plaintiffs may be able to depose other witnesses, the Moving Defendants are the two key in this case. As mentioned in *Morrow*, at *10, substantial delay can lead to the loss of evidence and documents as well as faded memories that can frustrate the Plaintiffs' ability to meet their burden of proof. Furthermore, Plaintiffs' retained experts have advised undersigned counsel that they cannot reasonably begin preparing their reports until they have the Moving Defendants' deposition transcripts from this case. *See*, Wright Aff., at ¶ 6. It is also important to remember that there will be many questions at deposition that do not implicate Fifth Amendment concerns and staying this case indefinitely goes too far and will cause irreparable harm to the Plaintiffs. Since a stay will unduly delay progression of the case, "[t]his factor…weighs heavily in favor of denying the stay." *Morrow,* at *11.

The fourth factor for the Court to consider is the private interests of and burden on the defendants if a stay is denied. At first blush, it is tempting to simply rubber stamp this factor as weighing in favor of the Moving Defendants. However, Plaintiffs ask the Court not to do so given that the Moving Defendants have already freely spoken to investigators, testified to the grand jury, and answered verified discovery about the matters claimed to be under criminal investigation. As just mentioned, there will be numerous deposition questions that do not implicate Fifth Amendment concerns, and it will be up to the Moving Defendants whether they choose to assert their Fifth Amendment privilege as to individual questions.

Courts have expressed that they are not unsympathetic to the potential choice a Defendant must make, but "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege" and a denial of a stay does not violate a defendant's constitutional rights. *Louis Vuitton Malletier, SA v. LY USA, Inc.*, 676 F.3d 83, 98 - 100 (2nd Cir. 2012) (citations omitted) (upholding denial of a stay of discovery). Courts have further noted that "the adverse inference that may be drawn will be only one of a number of factors the factfinder will consider and will be given no more evidentiary value than the facts of the case warrant." *SEC v. Constantin*, 11 Civ. 4642(MHD), 2012 U.S. Dist. LEXIS 50569, *11 (Apr. 9, 2012) (citations omitted).

Regardless, the Moving Defendants have waived their right to claim that a denied stay is a burden, and should not be permitted to "cherry pick" when and where they will give statements. It is unclear what Fifth Amendment rights this Court should protect given that the Moving Defendants have chosen not to exercise them in the past. *See, e.g.*, *SEC v. ARVCO Capital Research, LLC*, 3:12-cv-00221-MMD-WGC, 2013 U.S. Dist. LEXIS 100035, at *28 (discounting burden on defendant when defendant made statements under oath related to the

7

allegations in other proceedings).  Given this, Plaintiffs assert that this factor actually weighs against a stay, and is at least neutral.

The fifth factor for the Court to consider is the interest of the Court.  Given that there has not been an indictment, it is unknown how long any stay would last.  Given the unavoidable delay such a stay would cause, this factor weighs against a stay.  *See*, *Morrow*, *supra*, at *12.

The sixth factor the Court must consider is the public interest in deciding whether to stay discovery.  The Moving Defendants seem to argue that the public's interest in seeing that justice is served may cause this factor to weigh in favor of a stay.  This Court should reject this argument for the same reasoning set forth in *Morrow, supra*:

> The Court notes that this case has garnered considerable public attention as a result of the serious allegations made against local public officials. Because of this and the fact that this case… involve[es] alleg[ed] abuses by public officials, the prompt resolution of this case would best serve the public interest.  *Id*., at *13 - *14.

For the same reasons, the sixth factor weights against a stay in the case *sub judice*.

A review of the six factors establishes that this Court should reject any stay of discovery as to the Moving Defendants.  Not only do Courts generally deny pre-indictment requests for stay, but the Moving Defendants have already given statements on several occasions and only seek to avoid giving statements at a civil deposition.  The prudence of denying a stay is illustrated by contrasting this case to the Tamir Rice case, cited at page 13 of the Motion.  Upon information and belief, the police officers in that case had refused to give a statement to anyone

8

by the time the Court ordered the stay,[2] and the State was still investigating and the grand jury had not yet convened. In our case, the Moving Defendants have given numerous statements, and the State has already declined to indict the Moving Defendants and only the federal investigation remains.

**Conclusion**

For the foregoing reasons, Plaintiffs ask this Court to deny the Moving Defendants' Motion to Stay Discovery.

Respectfully submitted,

/s/ Michael L. Wright
**Michael L. Wright (#0067698)**
**WRIGHT & SCHULTE, LLC**
812 East National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500
(937) 435-7511 facsimile
mwright@yourohiolegalhelp.com


/s/ Dennis P. Mulvihill
**Dennis P. Mulvihill (0063996)**
**WRIGHT & SCHULTE, LLC**
23240 Chagrin Blvd., Suite 620
Cleveland, OH 44122-5468
(216) 591-0133
(216) 591-0622 facsimile
dmulvihill@yourlegalhelp.com

---

[2] *See*, *e.g.*, http://www.wsj.com/articles/sherrifs-report-doesnt-say-whether-cleveland-boys-death-warrants-charges-against-police-1434224512, Wall Street Journal article dated June 13, 2015 ("In the investigation into Tamir Rice's death, the officers involved in the shooting and his colleague in the patrol car as well as the family of Tamir Rice all declined to be interviewed by the sheriff's department."). It does appear that the officers have recently released a statement, but this came well after the stay of civil discovery, and the officers issued prepared statements rather than answering questions from an investigator, attorney, or otherwise. *See*, *e.g.,* http://www.nbcnews.com/news/us-news/prosecutors-release-officers-statements-killing-12-year-old-tamir-rice-n472321, dated December 2, 2015.

**Shean Williams (Ga# 764139)**
**The Cochran Firm Atlanta**
127 Peachtree Street, Suite 1400
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Facsimile: (404) 222-0170
sdw@sistrunklaw.com

*Counsel for Plaintiffs, Tressa Sherrod, et al.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was served upon the following Counsel for Defendants via the ECF filing system on this 11th day of December, 2015:

Melvin J. Davis
65 East State Street, 4th Floor
Columbus, OH 43215
(614) 228-1311
(614) 232-2410 facsimile
mdavis@reminger.com

Patrick Kasson, Esq.
Reminger Co., L.P.A.
Capitol Square Building
65 E. State Street, 4th Floor
Columbus, OH 43215
Telephone: (614) 228-131
Facsimile: (614) 232-2410
pkasson@reminger.com

Edward J. Dowd
Surdyk, Dowd & Turner Co., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, OH 45458
edowd@sdtlawyers.com
Telephone: (937) 222-2333
Facsimile: (937) 222-1970

Kevin E. Hexstall (Trial Counsel)
Pro Hac Vice Counsel for Walmart Defendants
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (215) 575-2642
Facsimile: (215) 575-0856
kehexstall@mdwcg.com

Neil F. Freund (#0012183)
Freund, Freeze & Arnold
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
Telephone: (937) 222-2424
Facsimile: (937) 222-5369
nfreund@ffalaw.com

/s/ Michael L. Wright
Michael L. Wright