## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRESSA SHERROD, *et al.*, | : | CASE NO. 3:14-cv-00454-WHR |
| Plaintiffs, | : | Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| v. | : | |
| OFFICER SEAN C. WILLIAMS, *et al.*, | : | **REPLY IN SUPPORT OF THE** |
| | | **MOTION TO STAY OF** |
| Defendants. | : | **DEFENDANTS OFFICER SEAN** |
| | | **C. WILLIAMS AND SERGEANT** |
| | : | **DAVID M. DARKOW** |

_____

**A.** **Defendants' prior testimony represents their good-faith intentions to cooperate in both the criminal investigation and civil case surrounding the August 5, 2014 incident and their attempt to narrowly tailor a temporary stay in this case accordingly**.

Plaintiffs argue that because Defendants Officer Sean Williams and Sergeant David Darkow have already made statements to investigators, responded to written discovery and testified before the Greene County Special Grand Jury, they should not be entitled to a temporary stay pending the outcome of the federal criminal investigation. Plaintiffs cite no authority for such theory.

A party does not waive his Fifth Amendment privilege by testifying before a grand jury. *Krause v. Rhodes*, 390 F. Supp. 1070 (N.D. Ohio 1974). The *Krause* case involved a civil suit arising out of the May 1970 Kent State shootings. The plaintiffs sought a motion to compel the responses to questions propounded at the witness's deposition. After stating his name, the witness refused to answer each and every question thereafter on the ground that it might tend to incriminate him in violation of his rights under the Fifth Amendment. *Id.* The plaintiffs argued the deponent waived his Fifth Amendment

1

privilege by giving testimony to a grand jury investigating the incident and also by speaking to a newspaper reporter about the events. *Id.* at 1072. The court found that the deponent had not waived his Fifth Amendment privilege by testifying before the grand jury. *Id.* (citing *In re Neff*, 206 F.2d 149, 152 (3rd Cir.1953) (finding that a defendant who testified to a matter before the grand jury did not thereby waive her right to claim her constitutional privilege against self-incrimination as to the same subject matter when called as a witness in the subsequent trial and noting that such holding has been recognized by every appellate court before which the question had come).

As in *Krause*, the fact that Defendants Williams and Darkow have already testified in a prior grand jury proceeding and have given statements to investigators is wholly irrelevant to their testimony in a deposition and whether they should be entitled to a temporary stay pending the outcome of the federal criminal investigation.

In addition, the fact that Defendants Williams and Darkow have already responded to written discovery demonstrates their willingness to cooperate in this case. It is clear these defendants have narrowly tailored their request for a temporary stay to prevent undue prejudice to Plaintiffs.

**B.**   **In the case upon which Plaintiffs primarily relies, the court had already granted a stay of discovery.**

Throughout Plaintiffs' Memorandum in Opposition, they cite to *Morrow v. City of Tenaha*, No. 2-08-cv-288-TJW, 2010 WL 2937969, at *1 (E.D. Tex. July 30, 2010). In *Morrow*, the plaintiffs brought a class action suit against five law enforcement officers and the mayor, alleging that the officers violated their constitutional rights during various traffic stops because of their race or ethnicity and unreasonably seized their money or property.

2

Two defendants in that case filed motions to stay all discovery in the case pending the resolution of certain criminal investigations, and ***the court granted the defendants' motions and ordered a limited stay of discovery as to those defendants for 90 days.*** *Id.* After the expiration of the stay, the defendants sought an additional indefinite stay of discovery, which was before the court in the order to which Plaintiffs in this case repeatedly cite in their response. *See id.* As set forth below, *Morrow* is easily distinguishable from this case, and does not support the arguments set forth by Plaintiffs.

**C.**    <u>**A limited stay in this case is necessary to protect the interests of justice**</u>**.**

    **1.**    **The issues in the potential criminal case mirror those presented in the civil case.**

Plaintiffs cite to *Morrow*, *supra*, for the proposition that without an indictment in the underlying federal criminal matter, "there is no way to determine whether there is true overlap" between the issues presented in the civil case and those in the potential criminal case.  (Doc. #37, PageID #229) (citing *Morrow*, 2010 WL 2937969, at *3). Because that case was a class action with multiple plaintiffs asserting multiple claims against multiple defendants arising out of multiple incidents, it is axiomatic that it would be more difficult to determine whether there is true overlap between the issues presented in both cases.

In this case, however, there simply is no question that Plaintiffs' civil suit against Defendants is inextricably linked to the pending criminal investigation of the Justice Department. Plaintiffs allege in their Complaint multiple claims arising out of the circumstances leading to the death of Mr. Crawford – the very circumstances the United States Department of Justice is currently investigating. Where the core of the § 1983

action and the criminal proceeding arise from the same activity or incident involving the defendants, there is significant overlap between the two cases. *Porter v. Buckler*, No. 0:14-127-DLB, 2015 WL 1926363, at *2 (E.D. Ky. Apr. 28, 2015); *see, also, Chao v. Fleming,* 498 F.Supp.2d 1034, 1039 (W.D.Mich.2007).

Because the extent to which the issues in the potential criminal case overlap with those in the civil case is regarded as the most important factor in determining whether a stay is warranted in a particular case, the significant overlap between the criminal matter and this civil case weighs heavily in favor of a stay. *Chao* 498 F. Supp.2d at 1039 (citations omitted); *Newell v. Cnty. of Wayne*, No. 12-CV-14928, 2013 WL 4613613, at *4 (E.D. Mich. Aug. 29, 2013) (citations omitted).

## 2. The lack of indictment in corresponding criminal matter does not preclude a temporary stay in this case.

Defendants do not deny that to date, there are have been no indictments issued in this case. The information available, however, demonstrates that this case involves an active criminal investigation, wherein the Department of Justice and United States Attorney for the Southern District of Ohio have made clear that criminal charges will be brought if the evidence uncovered demonstrates a violation of criminal civil rights statutes. (See Defendants' Motion to Stay, Exhibit A and B, Doc. #34-1, 34-2, PageID #210-11.)

In *McGee v. Madison Cnty., Tenn.*, No. 1:15-CV-01069, 2015 WL 3648986, at *2-3 (W.D. Tenn. June 10, 2015), the court found that it was certain the matter was under a federal criminal investigation, and little was known about the status because, as with the case at bar, the Department of Justice and U.S. Attorney did not comment on active investigations. No one had yet to be charged as a result of the FBI's investigation. *Id.* The

court found that although this fact may weigh against a stay, other factors weighing in favor of the defendant rendered this factor less significant. *Id.*

Plaintiffs attempt to distinguish this analogous case by stating that Defendants in this case have already testified in a grand jury proceeding, answered questions from investigators and have provided written discovery responses.  As set forth above, Defendants' cooperation thus far, to the extent that such cooperation has not given Defendants "reasonable cause to apprehend danger from a direct answer," does not affect a need for the temporary stay sought by these defendants.  *See Hoffman v. United States*, 341 U.S.  479, 486, 71 S.Ct. 814 (1951) (setting forth the test for a valid invocation of the Fifth Amendment in this seminal U.S. Supreme Court case); *Krause, supra.*

Moreover, Plaintiffs again rely on *Morrow* and argue that a stay is not appropriate where there has been no indictment, "in part, because there is no certainty that a stay will ever be necessary." (Doc. #37, PageID #230.)  Plaintiffs fail to acknowledge, however, that a temporary stay of definite duration had already been granted in *Morrow*, and the defendants in that case were seeking an additional stay of indefinite duration. *Id.*, 2010 WL 3057255, at *3.

Although an indictment has not been issued to date, the significance of the investigation, the knowledge that this investigation is active and remains ongoing and the commitment of the federal government to pursue charges if warranted impair Defendants' Fifth Amendment privilege against self-incrimination.

### 3.     Plaintiffs are not unduly prejudiced by the delay.

Plaintiffs again cite to *Morrow* and claim "that a substantial delay can lead to the loss of evidence and documents as well as faded memories that can frustrate their ability to meet their burden of proof." (Doc. #37, PageID #231.) Unlike the defendants in

5

*Morrow*, Defendants in this case are seeking a narrowly-tailored, temporary stay. Moreover, unlike the defendants in *Morrow*, Defendants in this case have not already sought and obtained a stay in this case. In addition, Plaintiffs argue that their experts cannot begin preparing reports until they have the transcript of Defendants' deposition testimony. Plaintiffs fail to suggest, however, how these transcripts will be helpful to their experts if Defendants assert their Fifth Amendment privilege and refuse to answer any additional questions regarding the incident at issue. Rather, a temporary stay in this case as to the testimony of these two defendants would enable Plaintiffs' experts, upon the close of the active criminal investigation, to evaluate the full testimony of Defendants and prepare a complete report not hindered by Defendants' invocation of their Fifth Amendment privilege.

As set forth in their Motion to Stay, Defendants have carefully tailored this request for a stay to minimize the impact on Plaintiffs. Discovery can and should proceed with regard to all remaining parties and witnesses. The parties have disclosed over 75 potential lay witnesses that can be deposed. Also, Defendants are not seeking a stay as to the City of Beavercreek or Chief Evers.

In addition, all parties have an interest in the evidence representing the actual events leading up to the death of Mr. Crawford. That is why Plaintiffs sought out the federal criminal investigation. (See Defendants' Motion to Stay, Exhibit D, Doc. #34-4, Page ID#215.) Moreover, destruction or loss of evidence is less of an issue in this case, as the U.S. Department of Justice has all of the investigative files from the state investigation as well as its own investigation. Likewise, the incident was caught on camera. *See Coley v. Lucas Cnty., Ohio*, No. 3:09 CV 0008, 2011 WL 5838190, at *3 (N.D. Ohio Nov. 18,

2011) (where court noted that the argument that evidence could be lost is lessened where such evidence is adduced and preserved in the criminal matter).

### 4. Defendants face a substantial burden if the case proceeds in the face of potential criminal liability.

Plaintiffs claim that Defendants should not be permitted to pick and choose when and where they give statements and cite to *SEC v. ARVCO Capital Research, LLC*, 3:12, cv-00221-MMD-WGC, 2013 WL 3779338, at *9-10 (D. Nev. July 16, 2013) *reconsideration denied,* No. 3:12-CV-00221-MMD, 2014 WL 65764 (D. Nev. Jan. 6, 2014) for the proposition that Defendants will not be prejudiced when they have already given statements. In *ARVCO Capital Research, LLC*, the stay was not sought by the defendants. *Id.* at *9. The defendants, in fact, argued that they would not be burdened in the absence of a stay and would actually be burdened if a stay prolonged the matter. Furthermore the defendants had represented that they would waive their Fifth Amendment rights in the action, as evidenced by agreement to do so and their prior testimony. *Id.* at *10. Thus, Plaintiffs' reliance on this case is misplaced.

Defendants, in fact, face a substantial burden if this case proceeds while the federal criminal investigation continues. The officers must choose between invoking their privilege against self-incrimination and defending themselves in this civil action. *See McGee*, 2015 WL 3648986 at *4. If this case should proceed, the officers could invoke their Fifth Amendment rights to prevent any criminal inculpation. The officers, however, would essentially have to forfeit any defense in this civil action, as a civil defense and remaining silent are mutually antagonistic choices. Responding to questions will require the officers to explain their conduct, which could provide ample material for a later criminal prosecution. On the other hand, invoking their Fifth Amendment rights prevents

Defendants from asserting their defenses. Importantly, it also allows any trier of fact to draw a negative inference from their failure to testify in these criminal proceedings. *Hoxie v. DEA,* 419 F.3d 477, 483 (6th Cir.2005) ("a negative inference can be drawn from a failure to testify in civil proceedings, and drawing such an inference violates neither the Fifth Amendment nor due process."). Thus, this factor weighs heavily in favor of a stay, as Defendants really have no voluntary or intelligent choice if this case proceeds. Neither option can save Defendants from either civil or criminal liability.

> **5.** **The interest of this Court weighs in favor of a stay.**

Plaintiffs again cite to *Morrow*, where one stay of limited duration had already been entered in the case, and argue that a stay is disfavored because it is unknown how long any stay would last. Again, in *Morrow*, the defendants were seeking their second stay, and it was for an indefinite duration. *See Morrow*, *supra*. Thus, the case is once again easily distinguishable.

The *Krause* case, however is instructive on the ramifications of denying a stay and permitting depositions to proceed. *Krause*, 390 F. Supp. 1090.  The parties were before the court in that case on a motion to compel the testimony of a witness who invoked his Fifth Amendment privilege to nearly every question asked during his deposition. *Id.* The court ultimately held, with respect to his testimony, that questions regarding his background should be answered, but the witness was not compelled to answer any question related to the Kent State shooting incident whatsoever. *Id.* at 1071.

Presumably, if this Court denied Defendants' Motion for a Stay in this case, Defendants would sit for their deposition, invoke their Fifth Amendment privilege when necessary, and the parties would end up back in this position, fighting over what topics could be covered under the privilege. A stay would obviate the need for this Court's

8

involvement and consummation of time and resources to determine the precise parameters of the privilege whenever it is invoked. *See Coley*, 2011 WL 5838190, at *4; *McGee*, 2015 WL 3648986, at *4. Moreover, as stated above, Defendants are asking this Court to stay only the discovery as it pertains to them individually, and thus, the potentially voluminous discovery can otherwise progress, and the burdens on this Court's docket should be minimal.

**6.  The public has an interest in making sure this case is resolved judiciously.**

In quoting *Morrow*, Plaintiffs removed important distinguishing facts from their quotations.  Namely, the case was a class action lawsuit, involving multiple instances and allegations of "a widespread pattern and practice" of violating the constitutional rights of the public in the city. *Morrow*, 2010 WL 3057255 at *1 and *5.

The public's interest in the efficient resolution of this case simply cannot outweigh the parties' rights to a fair and impartial outcome in this case. The parties in this case and the public at large have a right to see that justice is served in this case, and a stay would ensure the integrity of this litigation.

**D.  <u>Conclusion</u>**

Plaintiffs relied upon dissimilar and disconnected cases to support their argument that a stay is not warranted in this case. Plaintiffs' attempt to distinguish this case from the Tamir Rice case pending in the Northern District of Ohio, wherein the Court granted a stay of discovery while the investigation was beginning and no grand jury had convened, only demonstrates that Defendants in this case prudently raised the issue of a stay only when it became absolutely necessary. *See Winston v. City of Cleveland*, Case No. 1:14-CV-2690 (June 1, 2015 N.D. Ohio) (Doc. #34-5, PageID #219) (wherein the Northern District

in the also highly-publicized civil case surrounding the officer-shooting involved death of Tamir Rice granted a temporary stay pending the criminal investigation).  In addition, the fact that the state's investigation is complete and only the federal investigation remains demonstrates that there is not a need for an indefinite stay in this matter, as the investigation is active, ongoing and closer to a final resolution than perhaps the Tamir Rice investigation referenced by Plaintiffs.

Officer Williams and Sgt. Darkow have demonstrated that without a stay in this case, they will be substantially prejudiced going forward in this case.  Although Plaintiffs certainly have an interest in proceeding in this civil matter, they, too, have expressed the need for the federal criminal investigation to proceed and for justice to be served.  A stay will ensure both and will ensure the likelihood of a fair outcome in this matter.

In addition, it is clear that the criminal investigation by the Department of Justice is active and ongoing; this is not a situation where a stale criminal investigation could suspend progress in this case indefinitely. Thus, Defendants are simply seeking temporary stay of discovery as it pertains to them for a definite period of time, where at the conclusion of which, this court can re-evaluate the status of the case and remove or amend the stay as necessary. *See McGee*, 2015 WL 3648986, at *4; *Chao*, 498 F.Supp.2d at 1041; *Winston, supra*.

Accordingly, Defendants respectfully request this Court issue a stay of discovery as it pertains to Ofc. Williams and Sgt. Darkow pending the outcome of the criminal investigation by the Department of Justice.

Respectfully submitted,

/s/ Edward J. Dowd
Edward J. Dowd (#0018681)
Joshua R. Schierloh (#0078325)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
Tel.: (937) 222-2333
Fax: (937) 222-1970
edowd@sdtlawyers.com
jschierloh@sdtlawyers.com
*Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers, and the City of Beavercreek, Ohio*


/s/ Neil F. Freund
Neil F. Freund (#0012183)
Kelly M. Schroeder (#0080637)
FREUND FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
Tel: (937) 222-2424
Fax: (937) 222-5369
nfreund@ffalaw.com
kschroeder@ffalaw.com
*Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers, and the City of Beavercreek, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2015, this document was electronically filed via the Court's authorized electronic filing system which will send notifications of this filing to the following:

Michael L. Wright, Esq.
Richard W. Schulte, Esq.
WRIGHT & SCHULTE, LLC
812 East National Road
Vandalia, Ohio 45377
*Attorneys for Plaintiffs*

Dennis P. Mulvihill, Esq.
WRIGHT & SCHULTE, LLC
23240 Chagrin Blvd.
Suite 620
Cleveland, Ohio 44122-5468
*Attorney for Plaintiffs*

Shean D. Williams, Esq.
THE COCHRAN FIRM - ATLANTA
127 Peachtree Street
Suite 1400
Atlanta, Georgia 30303
*Pro Hac Vice Attorney for Plaintiffs*

P. Patrick Kasson, Esq.
REMINGER CO., L.P.A.
65 E. State Street
4th Floor
Columbus, Ohio 43215
*Attorney for Defendants Wal-Mart Stores, Inc.,*
*Wal-Mart Stores East, L.P., and Wal-Mart Store #2124*

Kevin E. Hexstall, Esq.
2000 Market Street
Suite 2300
Philadelphia, Pennsylvania 19103
*Pro Hac Vice Attorney for Defendants Wal-Mart*
*Stores, Inc., Wal-Mart Stores East, L.P., and*
*Wal-Mart Store #2124*

/s/ Edward J. Dowd
Edward J. Dowd (#0018681)