UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

        Plaintiffs,                            Case No. 3:14-cv-454

vs.

SEAN C. WILLIAMS, *et al.*,           District Judge Walter H. Rice
                                             Magistrate Judge Michael J. Newman

        Defendants.

---

**ORDER AND ENTRY: (1) GRANTING DEFENDANTS' MOTION FOR A STAY (DOC. 34); (2) STAYING THE DEPOSITIONS OF DEFENDANTS WILLIAMS AND DARKOW FOR NINETY (90) DAYS; AND (3) SETTING A STATUS CONFERENCE WITH THE UNDERSIGNED ON MARCH 28, 2016 AT 2:30 P.M.**

---

      This 42 U.S.C. § 1983 civil rights case is presently before the Court on the motion for a stay of discovery filed by Defendants Sean C. Williams ("Williams") and David M. Darkow ("Darkow"). Doc. 34. Plaintiffs filed a memorandum in opposition. Doc. 37. Williams and Darkow filed a reply memorandum. Doc. 38. The undersigned has carefully considered all of the foregoing, and the motion for stay is ripe for decision.

**I.**

      This civil case arises from the death of John H. Crawford, III ("Crawford") on August 4, 2014 at a Wal-Mart store in Beavercreek, Ohio. *See* doc. 1 at PageID 4, 7. On that date, Defendants Williams and Darkow were police officers with the Beavercreek Police Department. *Id.* at PageID 4-5. As alleged by Plaintiffs in the complaint, Crawford was shopping at the Wal-Mart store and, while shopping, picked up an unloaded and unboxed pellet rifle that was for sale at the store. *Id.* at PageID 7. Soon thereafter, "Williams and Darkow responded to a 911 caller who claimed that a black man at the Beavercreek Wal-Mart was pointing a gun at

customers." *Id*. Williams and Darkow entered the store and, upon finding Crawford holding the pellet rifle, Williams shot and killed Crawford. *Id*. at PageID 8.

Subsequently -- in addition to this civil suit in which Plaintiffs[1] assert, among other causes of action, excessive force claims under 42 U.S.C. § 1983, *see* doc. 1 at PageID 17 -- the Ohio Attorney General and the Ohio Bureau of Criminal Investigations investigated the incident for possible criminal charges. *See* doc. 34-3 at PageID 213. Following that state investigation, a Greene County, Ohio Grand Jury declined to issue indictments against Williams or Darkow. *Id*. Although no state charges have arisen from the event, documents presented to the Court by Defendants suggest that an investigation by the United States Department of Justice ("DOJ") continues. *Id*. at PageID 214. Williams and Darkow now move for a stay of discovery that would delay discovery only as to them until completion of the DOJ investigation. *See* doc. 34 at PageID 198.

## II.

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding" and the court maintains "broad discretion" in so deciding. *United States v. Certain Real Prop. 566 Hendrickson Blvd., Clawson, Oakland Cnty., Mich.*, 986 F.2d 990, 997 (6th Cir. 1993) (citation omitted); *see also F.T.C. v. E.M.A. Nationwide, Inc*., 767 F.3d 611, 627 (6th Cir. 2014). In considering requests for a stay during the pendency or impendency of criminal proceedings, courts must be cognizant that "simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)

---

[1] Plaintiff Tressa Sherrod ("Sherrod") is the Executrix of decedent's estate. Doc. 1 at PageID 1. Plaintiff John Crawford, Jr. is decedent's father. *Id*. Plaintiff LeeCee Johnson is decedent's mother. *Id*.

(citations omitted).  Even so, "[a] stay of a civil case is an extraordinary remedy that should be granted only when justice so requires."  *Id*. (citations omitted).

In determining whether justice requires a stay of proceedings, courts examine "the specific circumstances [of a case], taking into account the competing interests involved."  *Id*.  In addition to "the extent to which the defendant's [F]ifth [A]mendment rights are implicated[,]" district courts should also consider the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*F.T.C.*, 767 F.3d at 627.  "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter."  *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).

Here, the undersigned concludes that a limited, 90 day stay with regard to the depositions[2] of Williams and Darkow is appropriate.  With regard to the third, fourth, fifth and sixth factors above, the Court notes that the August 31, 2016 discovery deadline agreed to by the parties is approximately nine months away.  *See* doc. 21.  Therefore, such a short, limited stay does not significantly impede upon Plaintiffs' interests in expeditiously prosecuting this case. Plaintiffs can still engage in other discovery efforts, including deposing other witnesses.  Further, given that a short stay will not result in a continuance of the current discovery deadline or delay

---

[2] While Defendants request a stay as to all discovery as it relates to them, it appears that they have already produced written discovery and, therefore, it is not clear what other discovery may be required of Williams and Darkow over which they could assert their Fifth Amendment rights.

3

the trial date, neither the Court's nor the public's interest will be significantly impacted. Accordingly, these factors do not weigh against ordering a short, limited stay of discovery.

With regard to the first and second factors, neither Williams nor Darkow have been indicted, though a federal criminal investigation continues.  Absent an indictment, and given the secrecy of criminal investigations, it is impossible to say with certainty whether issues in the criminal investigation overlap with the issues in this civil case.  However, given the circumstances alleged in this civil case, the Court is willing to presume that the issues overlap significantly.  The Court also notes the seriousness of the potential penalties should an indictment issue charging Williams and/or Darkow with depriving Crawford of his civil rights under the color of law.  *See* 18 U.S.C. § 242 (stating that, "if death results from the acts committed in violation of this section[,]" such a crime is punishable by imprisonment "for any term of years or for life, or both, or . . . death").

Further, while the Court is cognizant that requests for "a stay [are] strongest where the defendant has already been indicted," and that "pre-indictment requests for a stay . . . are usually denied[,]" the Court notes that "a stay should not be categorically denied solely because the defendant has not yet been indicted."  *Chao*, 498 F. Supp.2d at 1037-38.  In fact, stays of discovery have been granted in instances where "the Government is conducting an active parallel criminal investigation."  *Walsh Sec. Inc. v. Cristo Mgmt, Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998).  Recently, Chief Judge Oliver in the Northern District of Ohio granted a limited stay under similar circumstances.  *See Winston v. City of Cleveland*, No. 1:14-cv-2670, doc. 33 (N.D. Ohio June 1, 2015).

**III.**

Accordingly, the Court **GRANTS** Defendants' motion for a stay (doc. 34) and **STAYS** only the depositions of Williams and Darkow for ninety (90) days.  Prior to expiration of the stay, Defendants may move for an extension.  This case is set for a telephone status conference before the undersigned on **March 28, 2015** at **2:30 p.m.**  Counsel shall call: 1-877-336-1839, enter access code 2725365, security code 123456, and wait for the Court to join the conference.

**IT IS SO ORDERED.**


Date:   December 31, 2015                           *s/ Michael J. Newman*
                                                    Michael J. Newman
                                                    United States Magistrate Judge