**IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TRESSA SHERROD, et al. ) | Case No. 3:14-cv-00454-WHR |
| ) | |
| ) | Judge Walter H. Rice |
| Plaintiffs, ) | Magistrate Judge Michael J. Newman |
| ) | |
| v. ) | |
| ) | |
| OFFICER SEAN WILLIAMS, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND ENTRY GRANTING STAY [DOC. #39]; MOTION FOR REVIEW BY DISTRICT JUDGE; REQUEST FOR ORAL HEARING**

Come now Plaintiffs, Tressa Sherrod, et al. (hereinafter "Plaintiffs"), by and through undersigned counsel, and hereby object to the Magistrate Judge's Order and Entry Granting Defendants' Motion for a Stay and Staying the Depositions of Defendants Williams and Darkow for Ninety (90) Days [Doc. 39] (hereinafter, the "Decision") entered in this action on the 31st day of December, 2015, and further move the District Court Judge to review and set aside the Magistrate Judge's Order. Plaintiffs also request an oral hearing. In support of their Motion, Plaintiffs offer the following, to wit:

**MEMORANDUM**

## I. Introduction and Procedural History

This case concerns the shooting death of John Crawford, III at a Wal-Mart on August 5, 2014. John Crawford's family filed suit against the Beavercreek Police Department, three of its

officers, and Wal-Mart.  On November 20, 2015, two of the defendant officers, Officer Sean Williams [hereinafter, "Williams"] and Sergeant David M. Darkow ["Darkow"] [collectively, the "Moving Defendants"] moved this Court to stay discovery pending the completion of a federal criminal investigation into Mr. Crawford's shooting death.  The parties fully briefed the issue, and the Magistrate issued a short opinion granting the stay [hereinafter, the "Magistrate's Decision"].  Plaintiffs ask this Court to set aside the Magistrate's Decision and enter an Order denying the stay.

Among other reasons discussed below, the Magistrate erred for three important reasons.  First, the Magistrate did not even address the undisputed fact that the Moving Defendants have already answered questions and given sworn testimony concerning Mr. Crawford's death.  This repeated waiver of their right to refuse to answer questions makes the circumstances of this requested stay vastly different from stays granted in other cases.  Second, the Magistrate largely based his opinion on his "conclu[sion] that a limited, 90 day stay with regard to the depositions…is appropriate…(since) the discovery deadline…is approximately nine months away."  This conclusion does not consider that no one knows how long the federal criminal investigation will last or even much about the investigation itself.  Third, the Court failed to consider that the Moving Defendants have the right to assert their Fifth Amendment rights, yet otherwise answer non-objectionable questions at deposition.

## II. <u>Standard of Review</u>

There are two standards for a district court's review of the order of a magistrate judge. A non-dispositive order may only be reversed if it is "clearly erroneous or contrary to law." 28 U.S.C.§636(b)(1)(a); Fed. R. Civ. P. 72(a).  Conversely, if the order concerns a dispositive motion, the district court must review the magistrate judge's decision de novo and "may accept,

reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(a). Because the present matter deals with a non-dispositive matter, the Magistrate Judge's order is subject to a "clearly erroneous or contrary to law" standard of review.

### III. Argument of Law

The Magistrate Judge's Decision is clearly erroneous because he failed even to consider that the Moving Defendants have waived their right to seek a stay through their repeated testimony and statements concerning their involvement in Mr. Crawford's shooting death. The Magistrate Judge's Decision is also clearly erroneous as it is based on the faulty assumption that the stay will be limited to ninety (90) days. The Magistrate Judge also failed to consider that the Moving Defendants may assert their Fifth Amendment right as to some deposition questions, yet answer others.

The parties and the Magistrate Judge have all stated that a request for a stay is an *extraordinary* remedy that may only be granted upon consideration of six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Decision,* at 3, citing *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014).

There is no requirement that a Court grant a stay when there are parallel civil and criminal cases, and the Supreme Court has noted that there are no general constitutional, statutory, or common law prohibitions against simultaneous criminal and civil actions, so the issue is left to the Court's discretion. *United States v. Kordel*, 397 U.S. 1, 11, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

As to the first and second factors, the Magistrate Judge acknowledges that the request for a stay is weakest when a case is pre-indictment, but grants the Motion even though the State of Ohio is not indicting, and the federal government has not yet decided whether to indict. The Magistrate Judge presumes, among other things, that "the issues overlap significantly," though such presumptions are based on unwarranted conjecture as to what the federal government is doing. Decision, at 4. More than that, no one knows what this investigation entails. The Moving Defendants base their pronouncement that they are being investigated upon a Justice Department press release that does not even mention these two police officers by name. The press release does not say whether any person is a target, whether they are investigating procedures more generally, or give any indication as to the anticipated length of the investigation.

The movants and the Magistrate Judge cite *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp. 2d 523 (D.N.J. 1998) in support of a pre-indicment stay. In that case, however, a pre-indictment stay raised serious self-incrimination risks not present here and the government, which participated in oral argument in support of the stay, argued that civil discovery could harm the criminal investigation. *See*, *also*, *Citibank, N.A. v. Super Sayin' Publ'g, LLC*, 86 F.Supp.3d 244, 248 (S.D.N.Y. Feb. 4, 2015) (distinguishing *Walsh* on same grounds in case involving pre-indictment investigation). Moreover, as discussed in Plaintiffs' Response, charges against Defendant Darkow are particularly unlikely as he did not fire any shots at Mr. Crawford and the State grand jury did not consider indicting him; thus, it is not known if the federal government is even investigating him.

The fact that the Magistrate granted a pre-indictment stay is particularly objectionable when viewed in conjunction with other facts of this case. One of these important facts is the

Magistrate Judge's conclusion that a ninety (90) day stay is reasonably limited considering the seriousness of the potential charges.  Even a "limited" 90-day stay is objectionable under these facts.  As it is, the Magistrate Judge's Decision offers no guarantee that the stay will be limited to ninety days since no one knows how or when the investigation will conclude. In fact, the opposite conclusion that he will simply leave the stay in place is a more reasonable reading of the Decision.

The Magistrate Judge does not consider the effect of this *de facto* prolonged, indefinite stay, and his conclusion that the stay is 'short' and 'reasonably limited' calls into question his evaluation of the second, third, fifth and sixth factors of the test stated above.  As it is, a prolonged stay will unduly prejudice the Plaintiffs since the Moving Defendants are the key witnesses, other discovery and Plaintiff's expert's report must be developed after their depositions, and lengthy delay will cause loss of evidence, faded memories and similar problems. *See, Morrow v. City of Tenaha*, Civil Action 2-08-cv-288-TJW, 2010 U.S. Dist. LEXIS 77096, at *10 (E.D. Texas July 30, 2010).  A prolonged stay would also harm the Court as it jeopardizes the discovery deadline and the trial date.  Such a stay is contrary to the public interest for reasons stated in *Morrow, supra*, that are equally applicable here:

> The Court notes that this case has garnered considerable public attention as a result of the serious allegations made against local public officials. Because of this and the fact that this case… involve[es] alleg[ed] abuses by public officials, the prompt resolution of this case would best serve the public interest. *Id.*, at *13 - *14.

In turn, the Magistrate Judge's failure to consider the Moving Defendants testimony and discussion of Mr. Crawford's death elsewhere overwhelms his analysis of the fourth factor concerning the "private interests of and burden on the defendants."  As outlined in the Plaintiff's response to the Motion (and not challenged by the movants), the Moving Defendants have

repeatedly answered questions regarding Mr. Crawford's death as follows: (1) in response to questions from the Beavercreek Police Department; (2) in response to Ohio Bureau of Criminal Investigation questioning; (3) by sworn testimony before the grand jury; and (4) by response to requests for admissions and sworn responses to interrogatories in this case. Given this clear, repeated, and unequivocal waiver of their claimed right to refuse to answer questions, it is unclear what Fifth Amendment rights this Court should protect given that the Moving Defendants have chosen not to exercise them in the past. *See, e.g.*, *SEC v. ARVCO Capital Research, LLC*, 3:12-cv-00221-MMD-WGC, 2013 U.S. Dist. LEXIS 100035, at *28 (discounting burden on defendant when defendant made statements under oath related to the allegations in other proceedings). <u>In short, this Court must not permit the Moving Defendants to decide unilaterally which questions they will answer and which they will not.</u>

The Magistrate Judge also fails to consider that there will be numerous deposition questions that do not implicate Fifth Amendment concerns, and it will be up to the Moving Defendants whether they choose to assert their Fifth Amendment privilege as to individual questions. As discussed above, the Magistrate Judge has, in essence, granted a blanket stay of uncertain duration. Such a stay is too broad of a remedy given that the Moving Defendants can raise the privilege as to some questions, but not others.

Courts have expressed that they are not unsympathetic to the potential choice a Defendant must make, but "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege" and a denial of a stay does not violate a defendant's constitutional rights. *Louis Vuitton Malletier, SA v. LY USA, Inc.*, 676 F.3d 83, 98 - 100 (2nd Cir. 2012) (citations omitted) (upholding denial of a stay of discovery). Courts have further noted that "the adverse inference that may be drawn will be only

one of a number of factors the factfinder will consider and will be given no more evidentiary value than the facts of the case warrant." *SEC v. Constantin*, 11 Civ. 4642(MHD), 2012 U.S. Dist. LEXIS 50569, *11 (Apr. 9, 2012) (citations omitted).

The Magistrate Judge, like the movants, cited the "limited stay" granted by the Northern District of Ohio in the Tamir Rice case. Decision, at p. 4, citing *Winston v. City of Cleveland*, No. 1:14-cv-2670, doc. 33 (N.D. Ohio June 1, 2015). However, upon information and belief, the police officers in that case had refused to give a statement to anyone by the time the Court ordered the stay,[1] and the State was still investigating and the grand jury had not yet convened. In our case, the Moving Defendants have given numerous statements, including sworn testimony to the grand jury, and the State has already declined to indict the Moving Defendants and only the federal investigation remains.

## Conclusion

For the foregoing reasons, Plaintiffs ask this Court to set aside the Magistrate Judge's Decision granting a stay of depositions of the Moving Defendants. Plaintiffs further request an oral argument so that they more fully develop and explain their arguments against this clearly erroneous and extraordinary remedy.

---

[1] *See, e.g.*, http://www.wsj.com/articles/sherrifs-report-doesnt-say-whether-cleveland-boys-death-warrants-charges-against-police-1434224512, Wall Street Journal article dated June 13, 2015 ("In the investigation into Tamir Rice's death, the officers involved in the shooting and his colleague in the patrol car as well as the family of Tamir Rice all declined to be interviewed by the sheriff's department."). It does appear that the officers have recently released a statement, but this came well after the stay of civil discovery, and the officers issued prepared statements rather than answering questions from an investigator, attorney, or otherwise. *See, e.g.,* http://www.nbcnews.com/news/us-news/prosecutors-release-officers-statements-killing-12-year-old-tamir-rice-n472321, dated December 2, 2015.

Respectfully submitted,

/s/ Michael L. Wright
**Michael L. Wright (#0067698)**
**WRIGHT & SCHULTE, LLC**
812 East National Road, Suite A
Vandalia, Ohio 45377
(937) 435-7500
(937) 435-7511 facsimile
mwright@yourohiolegalhelp.com

/s/ Dennis P. Mulvihill
**Dennis P. Mulvihill (0063996)**
**WRIGHT & SCHULTE, LLC**
23240 Chagrin Blvd., Suite 620
Cleveland, OH 44122-5468
(216) 591-0133
(216) 591-0622 facsimile
dmulvihill@yourlegalhelp.com

**Shean Williams (Ga# 764139)**
**The Cochran Firm Atlanta**
127 Peachtree Street, Suite 1400
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Facsimile: (404) 222-0170
sdw@sistrunklaw.com

*Counsel for Plaintiffs, Tressa Sherrod, et al.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served upon the following Counsel for Defendants via the ECF filing system on this 13th day of January, 2016:

Melvin J. Davis
65 East State Street, 4th Floor
Columbus, OH 43215
(614) 228-1311
(614) 232-2410 facsimile
mdavis@reminger.com

Patrick Kasson, Esq.
Reminger Co., L.P.A.
Capitol Square Building
65 E. State Street, 4th Floor
Columbus, OH 43215
Telephone: (614) 228-131
Facsimile: (614) 232-2410
pkasson@reminger.com

Edward J. Dowd
Surdyk, Dowd & Turner Co., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, OH 45458
edowd@sdtlawyers.com
Telephone: (937) 222-2333
Facsimile: (937) 222-1970

Kevin E. Hexstall (Trial Counsel)
Pro Hac Vice Counsel for Walmart Defendants
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (215) 575-2642
Facsimile: (215) 575-0856
kehexstall@mdwcg.com

Neil F. Freund (#0012183)
Freund, Freeze & Arnold
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
Telephone: (937) 222-2424
Facsimile: (937) 222-5369
nfreund@ffalaw.com

                                            /s/ Michael L. Wright
                                            Michael L. Wright