IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tressa Sherrod, et. al. | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:14-cv-454 |
| | : | |
| v. | : | District Judge Walter H. Rice |
| | : | |
| | : | Magistrate Judge Michael J. Newman |
| | : | |
| Officer Sean Williams, et. al. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF BEAVERCREEK'S OBJECTIONS TO PLAINTIFFS' AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION**

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Plaintiffs respond to Defendant City of Beavercreek's objections to the scope of Plaintiff's Rule 30(b)(6) deposition notice, as follows:

1. Plaintiffs are agreeable to limiting the scope of the inquiry into the matter designated under number 25 to a twenty year period of time up to and including August 5, 2014. Please advise if Defendant maintains an objection to this request.

2. Plaintiffs disagree with Defendant City of Beavercreek that the subject matter designated under paragraph number 42 is not relevant or reasonably calculated to lead to the discovery of admissible evidence. This matter was disclosed by Defendant City of Beavercreek in response to Plaintiffs' Interrogatory Request No. 14, which requested information regarding civil actions against the City arising from claims of police misconduct. Given that the matter of *Bigi, et. al. v. Officer Mark Brown*, involves civil rights claims against the City and one of its officers for the violation of the constitutional

rights of a citizen, this matter is certainly relevant and reasonably calculated to lead to the discovery of admissible evidence.   The extent to which the complaint from this matter may be publically available, does not prevent or limit Plaintiffs from inquiring into this matter through discovery in this case.   Please advise if Defendant maintains an objection to this request.

3. Plaintiff understands and agrees that the City cannot be questioned regarding matters are attorney-client and work-product privilege, but does not agree that the City cannot be asked any questions which might call for a legal conclusion.  The extent to which the Parties cannot agree on whether any questions relate to matters that are attorney-client and work-product privilege, or calls for a legal conclusion, a record of the positions of the Parties can be made for a later review and determination by the Court of the appropriateness of the question(s).

Respectfully submitted,

/s/ Dennis P. Mulvihill

**Dennis P. Mulvihill (0063996)**

**WRIGHT & SCHULTE, LLC**
23240 Chagrin Blvd., Suite 620
Cleveland, OH 44122-5468
(216) 591-0133
(216) 591-0622 facsimile
dmulvihill@yourlegalhelp.com
*Counsel for Plaintiff, Tressa Sherrod, et al.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Tressa Sherrod, et. al. | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:14-cv-454 |
| | : | |
| v. | : | District Judge Walter H. Rice |
| | : | |
| | : | Magistrate Judge Michael J. Newman |
| | : | |
| Officer Sean Williams, et. al. | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served upon Counsel for Defendant in the following manner:

Patrick Kasson, Esq.
Reminger Co., LPA
Capitol Square Building
65 E. State Street, 4th Floor
Columbus, OH 43215
pkasson@reminger.com

Kevin E. Hexstall
Pro Hac Vice Counsel for Walmart Defendants
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
kehexstall@mdwcg.com

Edward J. Dowd
Surdyk, Dowd & Turner Co., LPA
8163 Old Yankee St., Suite C
Dayton, OH 45458
edowd@sdtlawyers.com

Neil F. Freund (#0012183)
Freund, Freeze & Arnold
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
nfreund@ffalaw.com

on the 22nd day of January, 2016, via electronic mail delivery.

/s/ Dennis P. Mulvihill

Dennis P. Mulvihill (0063996)