UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tressa Sherrod, et al., | : | |
| Plaintiffs, | : | Case No. 3:14-cv-454 |
| v. | : | Judge Walter H. Rice |
| | : | |
| Wal-Mart Stores, Inc., et al., | : | Magistrate Judge Michael J. Newman |
| Defendants. | : | |
| | : | |

## AMENDED PROTECTIVE ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following unopposed Protective Order:

1. This Protective Order shall govern the disclosure of materials designated as Confidential Material <u>during the course of discovery</u>. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material.

2. Confidential Material, as used in this Order, may consist of the following materials and categories of materials, but this is not an exhaustive list:

> a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure  contracts; proprietary information; vendor agreements; personnel files; and claim/litigation information.
>
> **b.** Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of

1

Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

3. To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within 15 business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15 business day period for designation.

Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15 business day period, if a party designates some portion of the deposition confidential, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" legend to the designated pages and segregate them as appropriate. From that point forward, the designated pages will be treated as confidential.

c. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

4. Pursuant to Federal Rule of Evidence 502(d), disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppels as to, any claim or attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of

Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request.  If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produce to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received.  The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppels as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that by simply producing privileged or Confidential Materials the Producing Party:

    (a)    purposely produced the document;
    (b)    did not take reasonable steps to prevent the disclosure of privileged Documents;
    (c)    did not take reasonable or timely steps to rectify such Disclosure; and/or
    (d)    waives any applicable privileges or protections associated with such Documents.

Any party may still challenge, with the Court, the Privileged or Confidential designation of any documents covered under this Paragraph.

5.    Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order,

4

and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel also shall require all persons, except the Court, its staff, the parties, counsel of record and counsel's staff personnel, to execute the Affidavit attached as *Exhibit A*, prior to the disclosure of Confidential Material. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

6. Persons having knowledge of Confidential Material and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

7. The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal in any proceeding. However, either party may seek an appropriate Court Order to protect Confidential Material.

8. Nothing in this Protective Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of

material or the removal of a confidential designation. Should an interested member of the public disagree with any designation of material as confidential, he or she first shall attempt to resolve such dispute with the parties' counsel and, if unsuccessful, apply to the Court for a determination as to whether the material or information should remain designated as Confidential Material.

9. Should a party disagree with any designation of material as confidential, the party shall first make an informal attempt to resolve the dispute with the designating party's counsel. If unsuccessful, the parties shall then have an informal conference with the Magistrate Judge to discuss resolution of the issue. If that is unsuccessful, the party disagreeing with the designation shall briefly notify the designating party, in writing, of the disagreement. The designating party shall then have 10 days to file a Motion setting forth the basis for the designation. All parties disagreeing with the designation shall have 10 days to file a Memorandum in Opposition to said Motion with a Reply brief being due 5 days thereafter. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

10. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

11. Confidential Material may be filed with the Court, and any party seeking to so file shall seek leave to file such Confidential Material under seal. Any member of the public may challenge the filing of documents under seal.

12. In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court as described in Paragraph 11 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

13. This Order shall continue to be binding throughout and after the conclusion of this litigation, and until all documents are returned or destroyed. After all of the parties to this litigation have reached the age of majority, plus one year, all documents designated as confidential shall either be returned to the producing party or destroyed. Notwithstanding this provision, counsel is entitled to retain any attorney work product, including summaries. This Paragraph does not apply to any documents which have been reclassified as not Confidential, by agreement of the Parties, by Court Order, or by any other means through which the documents lose their confidential protection. At the conclusion of litigation, if counsel retains Confidential Information as set forth above, it is agreed that counsel shall maintain that information in a locked cabinet, room or facility.

14. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand, email or facsimile transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall generally object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or

designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

15. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

16. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

17. Nothing in this Agreed Protective Order shall prevent any Party from seeking additional protection for documents, upon Motion to the Court and after an informal attempt to resolve the issue among the Parties. This includes an "Attorney Eyes Only" designation.

18. If any Party intends to submit any information marked "Confidential" to an employee of a direct competitor of one of the Parties, then the Party intending to disclose such Confidential information to that direct competitor's employee must provide thirty (30) days' written notice of such intention, and identify the Confidential information by bates number so as

to allow the designating Party reasonable opportunity to seek additional protection, or, if appropriate, seek an Order prohibiting the disclosure of such Confidential information to a current employee of a direct competitor.  The Confidential information shall not be provided to an employee of a direct competitor until a final ruling is issued on an objection or Motion filed under this provision.  To the extent Confidential information is provided to a direct competitor's employee, such employee must comply with the provisions of paragraph 5 above and execute the attached Exhibit A.

19. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.

20. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3.  This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

**IT IS SO ORDERED.**

Date:   January 26, 2016                           s/ Michael J. Newman
                                                   Michael J. Newman
                                                   United States Magistrate Judge

APPROVED:

/s/ Dennis Mulvihill, Esq., Counsel for Plaintiff, per signature authority on 10/15/2015
Michael L. Wright (#0067698)
812 E. National Road
Vandalia, Ohio 45377
Telephone: (937) 222-7477
Facsimile: (937) 222-7911
mwright@yourohiolegalhelp.com
*Counsel for Plaintiffs*

/s/ Dennis Mulvihill, Esq., Counsel for Plaintiff, per signature authority on 10/15/2015
Dennis Mulvihill (#0063996)
Wright & Schulte, LLC
23240 Chagrin Blvd. Suite 620
Cleveland OH 44122
Telephone: (216) 591-0133
Facsimile: (216) 591-0622
Dmulvihill@yourlegalhelp.com
*Counsel for Plaintiffs*

/s/ Dennis Mulvihill, Esq., Counsel for Plaintiff, per signature authority on 10/15/2015
Richard W. Schulte (#0066031)
Wright & Schulte, LLC
812 E. National Road
Dayton, Ohio 45402
Vandalia, Ohio 45377
Telephone: (937) 435-7500
Facsimile: (937) 435-7511
rschulte@yourlegalhelp.com
*Counsel for Plaintiffs*

/s/ Dennis Mulvihill, Esq., Counsel for Plaintiff, per signature authority on 10/15/2015
Shean Williams (Ga# 764139)
The Cochran Firm Atlanta
127 Peachtree Street, Suite 1400
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Facsimile: (404) 222-0170
sdw@sistrunklaw.com
*Counsel for Plaintiffs*

/s/ Patrick Kasson, Esq. 1/18/2016
Patrick Kasson, Esq. (#0055570)
Reminger Co., L.P.A.
Capitol Square Building
65 E. State Street, 4th Floor
Columbus, OH  43215
Telephone:  (614) 228-131
Facsimile:  (614) 232-2410
pkasson@reminger.com
*Counsel for the Walmart Defendants*

/s/ Kenin Hexstall, Esq. 1/18/2016
Kevin E. Hexstall     (Trial Counsel)
Pro Hac Vice Counsel for Walmart Defendants
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone: (215) 575-2642
Facsimile:  (215) 575-0856
kehexstall@mdwcg.com
*Counsel for the Walmart Defendants*

/s/ Neil Freund, Esq.,
per signature authority on 11/19/2015
Neil F. Freund (#0012183)
Freund, Freeze & Arnold
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH  45402-2017
Telephone:  (937) 222-2424
Facsimile:  (937) 222-5369
nfreund@ffalaw.com
*Counsel for Beavercreek Defendants*

/s/ Edward Dowd, Esq.,
per signature authority on 11/20/2015
Edward J. Dowd (#0018681)
Surdyk, Dowd & Turner Co., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, OH  45458
edowd@sdtlawyers.com
Telephone:  (937) 222-2333
Facsimile:  (937) 222-1970
*Counsel for Beavercreek Defendants*

# AFFIDAVIT

1. My name is _____. I live at _____.

2. I am aware that a Protective Order has been entered in _____, and a copy thereof has been given to me.

3. I acknowledge that documents and information designated as confidential pursuant to such Protective Order are being disclosed to me only upon the condition that I agree to be subject to the jurisdiction of this Court and to that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Protective Order entered in this case will be used by me only in connection with assisting counsel for the parties in preparing for litigation of the above-captioned matters. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of this Court for contempt.

4. I promise that I will not disclose or discuss such Confidential Materials or information any person other than the parties and counsel for the parties or members of their staff.

DATED: _____, 20____ .          _____

**EXHIBIT A**