## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRESSA SHERROD, *et al.*, | : | CASE NO. 3:14-cv-00454-WHR |
| Plaintiffs, | : | Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| v. | : | |
| OFFICER SEAN C. WILLIAMS, *et al.*, | : | |
| Defendants. | | |
| | : | |

**MEMORANDUM IN OPPOSITION OF DEFENDANTS, OFFICER WILLIAMS AND SERGEANT DARKOW TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER AND ENTRY GRANTING STAY AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR REVIEW AND REQUEST FOR HEARING BY DISTRICT JUDGE**

The magistrate did not clearly err in granting a temporary, narrowly-tailored stay as to the depositions of Defendants Officer Sean C. Williams and Sergeant David M. Darkow ("Defendants"). As set forth below, Defendants Ofc. Williams and Sgt. Darkow have demonstrated significant Fifth Amendment concerns sufficient to warrant the limited stay ordered by the magistrate; thus, Plaintiffs' objections and motion for review should be denied.

### I.    INTRODUCTION

Following the death of John H. Crawford, III on August 5, 2014, the case was investigated by the Ohio Attorney General's Office and the Bureau of Criminal Investigations, and the appointed prosecutor presented evidence to the special Greene County Grand Jury empaneled to investigate the officer-involved shooting at the Beavercreek Wal-Mart. On September 24, the impaneled special grand jury decided not

to issue indictments against Defendants in the case. On that same day, the Civil Rights Division of the United States Department of Justice, the United States Attorney's Office for the Southern District of Ohio, and the Federal Bureau of Investigation, Cincinnati Field Division, announced that they would be conducting "an independent review of the facts and circumstances surrounding the August 5, 2014, fatal shooting of John Crawford III." (Justice Department to Review the Shooting of John Crawford III, News Release, Doc. #34-1, PageID#210.) The news release continued, "The Civil Rights Division, the United States Attorney's Office, and the FBI have been monitoring the state's investigation of this case. The Civil Rights Division, the United States Attorney's Office, and the FBI will conduct a thorough and independent review of the evidence and take appropriate action if the evidence indicates a prosecutable violation of federal criminal civil rights statutes. This is an on-going investigation; therefore, the Department can make no further comment on this case at this time." (Id.)

On December 16, 2014, Plaintiffs filed this lawsuit. (Complaint, Doc.#1, PageID#1.) Defendants filed their Answer, and this case has entered the discovery phase. Throughout the discovery process, Defendants have been cooperative and have responded to written discovery, as Plaintiffs acknowledge. The criminal investigation by the Department of Justice, however, remains ongoing. (Affidavits of Chief Dennis Evers and Vincent Popp, Doc. #34-2 and 34-3, PageID #211-214.) In addition, the undersigned have been advised by counsel for Wal-Mart, that in September 2015, the Department of Justice contacted Wal-Mart requesting information and access to the store. Thus, Defendants are faced with the impossible and conflicting decision to invoke their Fifth Amendment privilege against self-incrimination and forgo the opportunity to defend themselves in this civil case or waive their privilege and potentially face criminal charges

2

based upon any further testimony in this case.

## II. LAW AND ARGUMENT

### A. Standard of Review

This court reverses a magistrate's opinion on a non-dispositive matter only where the magistrate's decision was clearly erroneous or contrary to law. *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir.1985), *cert. denied*, 479 U.S. 830, 107 S.Ct. 116, 93 L.Ed.2d 63 (1986); *McKenna v. Nestle Purina PetCare Co.,* No. 2:05-CV-0976, 2008 WL 3895579, at *1 (S.D. Ohio Aug. 22, 2008); Fed. R. Civ. P. 72. The "clearly erroneous" standard applies to the magistrate judge's factual findings; the legal conclusions are reviewed under the plenary "contrary to law" standard. *Id.*; *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D.Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir.1994).

### B. The Magistrate Did Not Err in Granting the Temporary Stay.

The magistrate did not clearly err in determining that justice requires a temporary stay of Defendants' depositions under the specific circumstances of this case. Not only did the magistrate consider that Defendants have cooperated with discovery to the extent they could without implicating Fifth Amendment concerns, but the magistrate also considered the six established factors in determining that a stay was warranted in this case. Thus, the magistrate's decision to grant the stay was not contrary to law.

#### 1. *Defendants did not waive their right to seek a stay*.

Plaintiffs argue that because Defendants Ofc. Sean Williams and Sgt. David Darkow have already made statements to investigators, responded to written discovery and testified before the Greene County Special Grand Jury, they should not be entitled to a temporary stay pending the outcome of the federal criminal investigation. Plaintiffs also claim the magistrate did not consider this fact when issuing the decision. First, it is clear

3

the court considered Defendants' prior statements when granting the stay. On page 3, footnote 2, the magistrate states, "While Defendants request a stay as to all discovery as it relates to them, it appears that they have already produced written discovery and, therefore, it is not clear what other discovery may be required of Williams and Darkow over which they could assert their Fifth Amendment Rights." (Mag. Decision, Doc. #39, PageID# 252.) The court not only considered the prior testimony, but also found it was relevant in carefully limiting the scope of the stay to balance the interests of all parties.

Moreover, a party does not waive his Fifth Amendment privilege by testifying before a grand jury or making other statements. *Krause v. Rhodes*, 390 F. Supp. 1070 (N.D. Ohio 1974). In *Krause*, the plaintiff attempted to compel the answers of an officer defendant who invoked his Fifth Amendment privilege to nearly every question asked during his deposition. *Id.* (citing *In re Neff*, 206 F.2d 149, 152 (3rd Cir.1953) (finding that a defendant who testified to a matter before the grand jury did not thereby waive her right to claim her constitutional privilege against self-incrimination as to the same subject matter when called as a witness in the subsequent trial and noting that such holding has been recognized by every appellate court before which the question had come)).

As in *Krause*, the fact that Defendants Williams and Darkow have already testified in a prior grand jury proceeding and have given statements to investigators is wholly irrelevant to their testimony in a deposition and whether they should be entitled to a temporary stay pending the outcome of the federal criminal investigation. Moreover, Defendants' willingness to cooperate with discovery demonstrates that they have narrowly tailored this stay as to prevent undue prejudice to Plaintiffs and have only sought a stay that is absolutely necessary in this case.

Plaintiffs in this case also take issue with the magistrate's citation to the Tamir Rice case pending in the Northern District of Ohio, wherein the Court granted a stay of discovery while the investigation was beginning and no grand jury had convened because at the time the stay was granted, no officer had made any statements regarding the incident, although such is not the case since the stay has been granted. (Objections, Doc. #42, PageID #267.) The magistrate's consideration of court action in similar Sixth Circuit cannot be considered contrary to law. Although Plaintiffs try to distinguish the cases, the distinction simply demonstrates that Defendants in this case prudently raised the issue of a stay only when it became absolutely necessary. *See Winston v. City of Cleveland*, Case No. 1:14-CV-2690 (June 1, 2015 N.D. Ohio) (Doc. #34-5, PageID #219) (wherein the Northern District in the also highly-publicized civil case surrounding the officer-shooting involved death of Tamir Rice granted a temporary stay pending the criminal investigation).  In addition, the fact that the state's investigation is complete and only the federal investigation remains demonstrates that there is not a need for an indefinite stay in this matter, as the investigation is active, ongoing and closer to a final resolution than perhaps the Tamir Rice investigation referenced by Plaintiffs.

      2. ***The magistrate did not clearly err in weighing the factors to determine a stay is necessary in this case.***

Plaintiffs also claim the magistrate's decision is clearly erroneous based upon the "assumption that the stay will be limited to ninety (90) days." (Objections, Doc. #42, PageID #263.) Further, Plaintiffs assert that the magistrate failed to consider that Defendants may assert their Fifth Amendment right as to some deposition questions but answer others.

      a.      <u>The temporary stay should not be presumed indefinite</u>.

The magistrate found that "a limited, 90 day stay with regard to the depositions of Williams and Darkow is appropriate." (Mag. Decision, Doc. #39, PageID #253.) In doing so, the magistrate considered each of the well-established factors in determining whether justice requires a stay of the proceedings. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). The magistrate noted that Defendants may move for an extension at the expiration of the 90 day stay (Mag. Decision, Doc. #39, PageID #254); however, to presume that the magistrate is essentially permitting the stay to go on indefinitely grossly misinterprets the plain language used by the magistrate in his decision. Defendants presented evidence that the investigation is active and ongoing; this is not a stalled investigation with no end in sight. (See Exhibits to Motion to Stay, Doc. 34-1, 34-2, 34-3, 34-4; PageID# 210-215.) Moreover, based upon the information available, it is equally as likely that the Justice Department will have concluded their investigation within the next 90 days and the depositions of Defendants can be taken.

Plaintiffs cite to *Morrow v. City of Tenaha*, No. 2-08-cv-288-TJW, 2010 WL 2937969, at *1 (E.D. Tex. July 30, 2010), which involved a class action suit against five law enforcement officers and the mayor, with allegations that the officers violated their constitutional rights during various traffic stops because of their race or ethnicity and unreasonably seized their money or property. In that case, two defendants filed motions to stay all discovery pending the resolution of certain criminal investigations, and the court granted the defendants' motions and ordered a limited stay of discovery as to those defendants for 90 days. *Id.* After the expiration of the stay, the defendants sought an additional indefinite stay of discovery, which was before the court in the order to which Plaintiffs cite in their objections. *See id.* In the order cited by Plaintiffs, the court denied

6

the defendants' request for an extension of the stay. Thus, their own cited case law demonstrates that a temporary, limited stay does not equate to an indefinite stay simply because the option to file for an extension is recognized.

> b. It is not "unwarranted" for the magistrate to presume "that 'the issues overlap significantly."

Plaintiffs argue that in considering the first and second factors, the magistrate "presume[d], among other things that 'the issues overlap significantly,' though such presumptions are based on unwarranted conjecture as to what the federal government is doing." (Objections, Doc. #42, PageID #264.)

In this case, however, there simply is no question that Plaintiffs' civil suit against Defendants is inextricably linked to the pending criminal investigation of the Justice Department. Plaintiffs allege in their Complaint multiple claims arising out of the circumstances leading to the death of Mr. Crawford – the very circumstances the United States Department of Justice is currently investigating. Where the core of the § 1983 action and the criminal proceeding arise from the same activity or incident involving the defendants, there is significant overlap between the two cases. *Porter v. Buckler*, No. 0:14-127-DLB, 2015 WL 1926363, at *2 (E.D. Ky. Apr. 28, 2015); *see, also, Chao v. Fleming,* 498 F.Supp.2d 1034, 1039 (W.D.Mich.2007). Thus, the magistrate did not clearly err in making this factual determination.

Because the extent to which the issues in the potential criminal case overlap with those in the civil case is regarded as the most important factor in determining whether a stay is warranted in a particular case, the significant overlap between the criminal matter and this civil case weighs heavily in favor of a stay. *Chao v. Fleming*, 498 F.Supp.2d 1034,

7

1037 (W.D.Mich.2007) (citations omitted); *Newell v. Cnty. of Wayne*, No. 12-CV-14928, 2013 WL 4613613, at *4 (E.D. Mich. Aug. 29, 2013) (citations omitted).

      c. <u>The lack of indictment in the corresponding criminal matter does not preclude a temporary stay in this case</u>.

  The magistrate did not err in granting this temporary, limited stay of Defendants' depositions despite that there have been no indictments issued in this case. The information available, as stated, demonstrates that this case involves an active criminal investigation, wherein the Department of Justice and United States Attorney for the Southern District of Ohio have made clear that criminal charges will be brought if the evidence uncovered demonstrates a violation of criminal civil rights statutes. (See Exhibits to Motion to Stay, Doc. #34-1, 34-2, PageID #210-11.)

  In *McGee v. Madison Cnty., Tenn.*, No. 1:15-CV-01069, 2015 WL 3648986, at *2-3 (W.D. Tenn. June 10, 2015), the court found that it was certain the matter was under a federal criminal investigation, and little was known about the status because, as with the case at bar, the Department of Justice and U.S. Attorney did not comment on active investigations. No one had yet to be charged as a result of the FBI's investigation. *Id.* The court found that although this fact may weigh against a stay, other factors weighing in favor of the defendant rendered this factor less significant. *Id.*

  Plaintiffs attempt to distinguish this analogous case by stating that Defendants in this case have already testified in a grand jury proceeding, answered questions from investigators and have provided written discovery responses. As set forth above, Defendants' cooperation thus far, to the extent that such cooperation has not given Defendants "reasonable cause to apprehend danger from a direct answer," does not affect a need for the temporary stay sought by these defendants. *See Hoffman v. United States*,

8

341 U.S. 479, 486, 71 S.Ct. 814 (1951) (setting forth the test for a valid invocation of the Fifth Amendment in this seminal U.S. Supreme Court case); *Krause*, *supra*.

### d. Plaintiffs are not unduly prejudiced by the delay.

Plaintiffs again cite to *Morrow* and claim "that a substantial delay can lead to the loss of evidence and documents as well as faded memories that can frustrate their ability to meet their burden of proof." (Objections, Doc. #42, PageID #265.) Unlike the defendants in *Morrow*, the magistrate limited the scope of the stay to only the depositions of Defendants Darkow and Williams for 90 days. Moreover, unlike the defendants in *Morrow*, Defendants in this case have not already sought and obtained a stay in this case.

In addition, Plaintiffs argue the magistrate clearly erred in failing to consider that their experts cannot begin preparing reports until they have the transcript of Defendants' deposition testimony. Plaintiffs fail to suggest, however, how these transcripts will be helpful to their experts if Defendants assert their Fifth Amendment privilege and refuse to answer any additional questions regarding the incident at issue.

The *Krause* case is instructive on the ramifications of denying a stay and permitting depositions to proceed. *Krause*, *supra*, 390 F. Supp. at 1090. The parties were before the court in that case on a motion to compel the testimony of a witness who invoked his Fifth Amendment privilege to nearly every question asked during his deposition. *Id.* The court ultimately held, with respect to his testimony, that questions regarding his background should be answered, but the witness was not compelled to answer any question related to the shooting incident whatsoever. *Id.* at 1071.

Presumably, if this Court overruled the magistrate's discretion in granting the limited stay, Defendants would sit for their deposition, invoke their Fifth Amendment privilege when necessary, and the parties would end up back in this position, fighting over

9

what topics could be covered under the privilege. A temporary stay in this case as to the testimony of Defendants enables Plaintiffs' experts, upon the close of the active criminal investigation, to evaluate the full testimony of Defendants and prepare a complete report not hindered by Defendants' invocation of their Fifth Amendment privilege. Moreover, a stay obviates the need for this Court's involvement and consummation of time and resources to determine the precise parameters of the privilege whenever it is invoked. *See Coley*, 2011 WL 5838190, at *4; *McGee*, 2015 WL 3648986, at *4.

The magistrate carefully and significantly limited the scope of the stay in this case. Discovery can and should proceed with regard to all remaining parties and witnesses. The parties have disclosed over 75 potential lay witnesses that can be deposed. Also, Defendants are not seeking a stay as to the City of Beavercreek or Chief Evers.

In addition, all parties have an interest in the evidence representing the actual events leading up to the death of Mr. Crawford. That is why Plaintiffs sought out the federal criminal investigation. (See Defendants' Motion to Stay, Exhibit D, Doc. #34-4, Page ID#215.) Moreover, destruction or loss of evidence is less of an issue in this case, as the U.S. Department of Justice has all of the investigative files from the state investigation as well as its own investigation. Likewise, the incident was caught on camera. *See Coley v. Lucas Cnty., Ohio*, No. 3:09 CV 0008, 2011 WL 5838190, at *3 (N.D. Ohio Nov. 18, 2011) (where court noted that the argument that evidence could be lost is lessened where such evidence is adduced and preserved in the criminal matter).

      e. <u>Defendants face a substantial burden if the case proceeds in the face of potential criminal liability</u>.

Plaintiffs argue the limited stay ordered by the magistrate essentially permits Defendants to "decide unilaterally which questions they will answer and which they will

10

not." (Objections, Doc. #42, PageID #266.) Plaintiffs additionally cite to *SEC v. ARVCO Capital Research, LLC*, 3:12, cv-00221-MMD-WGC, 2013 WL 3779338, at *9-10 (D. Nev. July 16, 2013) *reconsideration denied,* No. 3:12-CV-00221-MMD, 2014 WL 65764 (D. Nev. Jan. 6, 2014) for the proposition that Defendants will not be prejudiced when they have already given statements. In *ARVCO Capital Research, LLC*, the stay was not sought by the defendants. *Id.* at *9. The defendants, in fact, argued that they would not be burdened in the absence of a stay and would actually be burdened if a stay prolonged the matter. Furthermore the defendants had represented that they would waive their Fifth Amendment rights in the action, as evidenced by agreement to do so and their prior testimony. *Id.* at *10. Thus, Plaintiffs' reliance on this case is misplaced.

Defendants, in fact, face a substantial burden if this case proceeds while the federal criminal investigation continues. The officers must choose between invoking their privilege against self-incrimination and defending themselves in this civil action. *See McGee*, 2015 WL 3648986 at *4. If this case should proceed, the officers could invoke their Fifth Amendment rights to prevent any criminal inculpation. The officers, however, would essentially have to forfeit any defense in this civil action, as a civil defense and remaining silent are mutually antagonistic choices. Responding to questions will require the officers to explain their conduct, which could provide ample material for a later criminal prosecution. On the other hand, invoking their Fifth Amendment rights prevents Defendants from asserting their defenses. Importantly, it also allows any trier of fact to draw a negative inference from their failure to testify in these criminal proceedings. *Hoxie v. DEA,* 419 F.3d 477, 483 (6th Cir.2005) ("a negative inference can be drawn from a failure to testify in civil proceedings, and drawing such an inference violates neither the Fifth Amendment nor due process.").

Furthermore, it is clear the magistrate considered the facts relevant to this factor in determining whether a stay is warranted in this case, noting "the seriousness of the potential penalties should an indictment issue charging Williams and/or Darkow with depriving Crawford of his civil rights under the color of law. *See* 18 U.S.C. § 242 (stating that, 'if death results from the acts committed in violation of this section[,]' such a crime is punishable by imprisonment "for any term of years or for life, or both, or . . . death').") (Order, Doc. #39, PageID #254.)

### III. <u>CONCLUSION</u>

Plaintiffs cannot demonstrate that the magistrate clearly erred in weighing the factors in favor of a limited stay of the depositions of Defendants, nor that the decision to order the stay was contrary to law. Rather, Defendants have established that justice requires a stay in this case, and without a stay, Ofc. Williams and Sgt. Darkow will be substantially prejudiced going forward in this case, as these officers would be forced to choose between forgoing a defense in this civil case and implicating themselves in the ongoing criminal investigation. Although Plaintiffs certainly have an interest in proceeding in this civil matter, they, too, have expressed the need for the federal criminal investigation to proceed and for justice to be served. A stay ensures the likelihood of a fair outcome in this matter.

In addition, it is clear that the criminal investigation by the Department of Justice is active and ongoing; this is not a situation where a stale criminal investigation could suspend progress in this case indefinitely. Thus, the magistrate did not err in granting a temporary stay of the depositions of Defendants for a definite period of time, where at the conclusion of which, this Court can re-evaluate the status of the case and remove or amend the stay as necessary. *See McGee*, 2015 WL 3648986, at *4; *Chao*, 498 F.Supp.2d at 1041; *Winston, supra*.

Accordingly, Defendants respectfully request this Court overrule the Plaintiffs' Objections, deny their Motion for Review and Request for a Hearing, and affirm the magistrate's decision.

Respectfully submitted,
/s/ Edward J. Dowd
Edward J. Dowd (#0018681)
Joshua R. Schierloh (#0078325)
SURDYK, DOWD & TURNER CO., L.P.A.
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
Tel.: (937) 222-2333
Fax: (937) 222-1970
edowd@sdtlawyers.com
jschierloh@sdtlawyers.com
*Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers, and the City of Beavercreek, Ohio*

/s/ Neil F. Freund
Neil F. Freund (#0012183)
Kelly M. Schroeder (#0080637)
FREUND FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
Tel: (937) 222-2424
Fax: (937) 222-5369
nfreund@ffalaw.com
kschroeder@ffalaw.com
*Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers, and the City of Beavercreek, Ohio*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2016, this document was electronically filed via the Court's authorized electronic filing system which will send notifications of this filing to the following:

Michael L. Wright, Esq.
Richard W. Schulte, Esq.
WRIGHT & SCHULTE, LLC
812 East National Road
Vandalia, Ohio 45377
*Attorneys for Plaintiffs*

Dennis P. Mulvihill, Esq.
WRIGHT & SCHULTE, LLC
23240 Chagrin Blvd.
Suite 620
Cleveland, Ohio 44122-5468
*Attorney for Plaintiffs*

Shean D. Williams, Esq.
THE COCHRAN FIRM - ATLANTA
127 Peachtree Street
Suite 1400
Atlanta, Georgia 30303
*Pro Hac Vice Attorney for Plaintiffs*

Samuel L. Starks, Esq.
THE COCHRAN FIRM ATLANTA
127 Peachtree Street
Suite 1400
Atlanta GA 30303
*Pro Hac Vice Attorney for Plaintiffs*

P. Patrick Kasson, Esq.
REMINGER CO., L.P.A.
65 E. State Street
4th Floor
Columbus, Ohio 43215
*Attorney for Defendants Wal-Mart Stores, Inc.,*
*Wal-Mart Stores East, L.P., and Wal-Mart Store #2124*

Kevin E. Hexstall, Esq.
2000 Market Street
Suite 2300
Philadelphia, Pennsylvania 19103
*Pro Hac Vice Attorney for Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Store #2124*

                                         /s/ Edward J. Dowd
                                         Edward J. Dowd (#0018681)