IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRESSA SHERROD, as
Administrator of the Estate of
John H. Crawford, III, *et al.*,                    :

            Plaintiffs,                          :       Case No. 3:14-cv-454

      v.                                              JUDGE WALTER H. RICE

SEAN WILLIAMS, *et al.*,                        :

            Defendants.

---

ENTRY MEMORIALIZING MAY 5, 2017, CONFERENCE CALL;
SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT
WAL-MART STORES EAST L.P.'S SEALED MOTION FOR
RECONSIDERATION AND A PROTECTIVE ORDER (DOC. #92);
OVERRULING AS MOOT PLAINTIFFS' MOTION TO CONTINUE
DEADLINE TO RESPOND TO WAL-MART DEFENDANTS' MOTION
FOR RECONSIDERATION AND PROTECTIVE ORDER (DOC. #94)

---

Two discovery-related motions are currently pending. Defendant Wal-Mart

Stores East L.P., has filed a Motion for Reconsideration and a Protective Order.

Doc. #92. Based on the affidavit of Todd Joy, Wal-Mart asks the Court to

reconsider its previous finding that revised Interrogatory #12 (asking Wal-Mart to

identify all lawsuits, claims and documented incidents involving personal injuries

resulting from Wal-Mart's sale, display or presence of firearms, including bb-guns

and toy guns) was not overly broad or unduly burdensome. Wal-Mart also seeks a

Protective Order forbidding Plaintiffs from seeking such information.

Plaintiffs, who want to depose Mr. Joy, have asked for an extension of time to respond to Wal-Mart's motion. They would like to file their response 7 days after taking Joy's deposition, or 7 days from the date of any Order denying their request.

The Court discussed several outstanding discovery disputes with counsel during a conference call held on May 5, 2017, including the scope of revised Interrogatory #12. During that conference call, the Court denied Plaintiffs' request to depose Mr. Joy. [1] The Court found that Wal-Mart had made an excellent prima facie showing that it would be too burdensome to respond to Interrogatory #12 as currently propounded. The parties agreed to work together to narrow the scope of the Interrogatory.

In light of the foregoing, the Court SUSTAINS IN PART and OVERRULES IN PART, AS MOOT, Wal-Mart's Motion for Reconsideration and a Protective Order. Doc. #92. The Court also OVERRULES AS MOOT Plaintiffs' Motion to Continue Deadline to Respond to Wal-Mart's Motion. Doc. #94.

During the conference call, the Court also discussed Plaintiffs' Request for Production #1, concerning communications received by Wal-Mart from Crosman relating to the MK-177 tactical rifle, bb-guns and pellet guns. The Court agreed with Plaintiffs that communications concerning not only the MK-177 tactical rifle,

---

[1] The Court agreed to reconsider its position if Plaintiffs could show that Joy's affidavit, concerning the burden and cost of responding to Interrogatory #12, was not credible.

but also bb-guns and pellet guns, were discoverable.  The parties agreed to work together to craft an acceptable search request.[2]

The Court also discussed the sufficiency of the verification signed by Sean Espy in connection with Wal-Mart's Answers to Interrogatories.  Counsel for Wal-Mart will file a brief on this topic no later than May 15, 2017; counsel for Plaintiffs may respond no later than May 23, 2017.

Finally, in order to accommodate Plaintiffs' need to replace one of its expert witnesses, and their need to then take the 30(b)(6) deposition of Wal-Mart's designee, the parties agreed to submit a proposed Modified Scheduling Order.  Said proposed Order shall be filed no later than May 23, 2017.


Date: May 10, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

_____

[2]  Should the parties be unable to reach an agreement, Wal-Mart may submit an affidavit akin to that submitted by Todd Joy.