IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRESSA SHERROD,
Administratrix of the Estate of
John Crawford, III, *et al.*,

    Plaintiffs,

v.

OFFICER SEAN WILLIAMS, *et al.*,

    Defendants.

Case No. 3:14-cv-454

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING THE BEAVERCREEK
DEFENDANTS' MOTION FOR JURY VIEW (DOC. #205)

---

The Beavercreek Defendants ask the Court for an Order permitting a jury view of the last aisle of the pet section of the Beavercreek Walmart store where John Crawford, III, was shot by Officer Sean Williams. Doc. #205. They maintain that this will assist the jury in understanding the evidence presented at trial, particularly with respect to "the close proximity of the officers to John Crawford, the impact of that proximity to the perceptions of the officers, and the impact of that proximity to the actions of the officers based on their perceptions." *Id.* at PageID##12993-94. They further argue that, although video surveillance tapes of the incident may also be introduced, a jury view will offer a perspective that cannot be gained by viewing the tapes alone.

The Wal-Mart Defendants do not oppose the motion for a jury view. Plaintiffs do, however. Doc. #241. They argue that a jury view will be duplicative, given the video reconstructions of the scene and the shooting incident. They further argue that, because the layout of the shelving units and the merchandise has likely changed since August of 2014, a jury view would be inaccurate and would confuse the jury. Plaintiffs maintain that a jury view would have limited probative value and would be a waste of time and resources.

The Court agrees with the Beavercreek Defendants that a jury view will provide the jury with a perspective that cannot be duplicated via video surveillance tapes or video reconstructions. To the extent that material changes have been made to the layout of the shelving units or the nature of the merchandise displayed, counsel may question the appropriate witnesses about those modifications to minimize any danger of prejudice or confusion.

The Court therefore SUSTAINS the Beavercreek Defendants' motion for a jury view, Doc. #205.[1]

---

[1] The Beavercreek Defendants have filed an interlocutory appeal. Doc. #272. The filing of a notice of appeal confers jurisdiction on the appellate court and divests the district court of jurisdiction to proceed on "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Here, however, the interlocutory appeal is limited to the question of whether the individual Beavercreek defendants are immune from suit. The Court is not divested of jurisdiction over other aspects of the case. *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007). The parties have indicated, and the Court agrees, that it would be helpful to issue rulings on the pending motions.

Date: January 31, 2019

*signature*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE