IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRESSA SHERROD,
Administratrix of the Estate of
John Crawford, III, *et al.*,

    Plaintiffs,

v.

OFFICER SEAN WILLIAMS, *et al.*,

    Defendants.

:
:
:
:
:
:

Case No. 3:14-cv-454

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING WITHOUT PREJUDICE THE BEAVERCREEK DEFENDANTS' MOTION TO SEVER CLAIMS FOR TRIAL (DOC. #117); SUSTAINING THE BEAVERCREEK DEFENDANTS' MOTION FOR SEPARATE TRIALS (DOC. #189)

---

This matter is currently before the Court on two motions filed by the Beavercreek Defendants. On March 6, 2018, they asked the Court to sever the claims against them from the claims against Wal-Mart, pursuant to Fed. R. Civ. P. 21 and 42(b). Docs. ##117. The Court reserved ruling on this motion pending resolution of summary judgment motions. *See* Doc. #127. On December 21, 2018, the Beavercreek Defendants asked the Court, under Fed. R. Civ. P. 42(b), to bifurcate trial of the claims against Officer Williams from the claims against the City of Beavercreek and Chief Dennis Evers. Doc. #189.

The Court has now issued Decisions and Entries overruling in part and sustaining in part the motions for summary judgment filed by the Beavercreek

Defendants and by Wal-Mart. Docs. ##240, 273. The Beavercreek Defendants have filed an interlocutory appeal on the questions of qualified and statutory immunity. Doc. #272. During a conference call held on January 25, 2019, the Court vacated the February 4, 2019, trial date in light of that interlocutory appeal.

The filing of a notice of appeal confers jurisdiction on the appellate court and divests the district court of jurisdiction to proceed on "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Here, however, the interlocutory appeal is limited to the question of whether the individual Beavercreek defendants are immune from suit. The Court is not divested of jurisdiction over other aspects of the case. *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007). The parties have indicated, and the Court agrees, that it would be helpful to issue rulings on many of the motions that are still pending.

I. **Beavercreek Defendants' Motion for Separate Trials (Doc. #189)**

The Beavercreek Defendants have asked the Court to bifurcate trial of the claims against Officer Williams from the claims against Chief Dennis Evers and the City of Beavercreek, trying the claims against Officer Williams first. Doc. #189. The Court realizes that this motion could become moot, depending on the Sixth Circuit's resolution of the interlocutory appeal. Nevertheless, assuming that at least some of the claims against Officer Williams remain for trial, the Court concludes that bifurcation is warranted.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

As the Beavercreek Defendants correctly note, the § 1983 claims against the City are predicated upon a finding that Officer Williams used excessive force when he shot and killed John Crawford. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). Accordingly, there is no need to present any evidence of the City's alleged failure to train and supervise Officer Williams unless the jury first finds that Officer Williams violated Crawford's constitutional rights. Bifurcation may, therefore, promote judicial economy.

More importantly, the evidence needed to support the claims against the City and against Chief Evers would be highly prejudicial to Officer Williams. The relevant question with respect to the § 1983 claim asserted against Williams is whether it was objectively reasonable for him to use deadly force against Crawford *in the particular situation with which he was confronted*. Evidence that he used force more often than other officers on the Beavercreek police force and evidence of other, unrelated situations in which he perhaps conducted himself in a less-than-professional manner is not relevant to that determination. Moreover, there is a high risk that a jury would improperly consider this evidence in determining

whether Officer Williams used excessive force against Crawford. This would be unfairly prejudicial to Williams.[1]

The Court therefore SUSTAINS the Beavercreek Defendants' Motion for Separate Trials, Doc. #189, and bifurcates trial of the claims against Officer Williams from trial of the claims against Chief Evers and the City of Beavercreek. These trials will be back-to-back. If the jury finds that Officer Williams violated Crawford's Fourth Amendment rights, the *same* jury will determine whether a custom or policy of the City, *i.e.,* failure to train or supervise, was the moving force behind that constitutional violation, and whether Chief Evers was reckless in his failure to train and supervise.

## II. Beavercreek Defendants' Motion to Sever Claims for Trial (Doc. #117)

The Beavercreek Defendants also asked the Court to sever the claims against them from the claims against Wal-Mart. Doc. #117. The Wal-Mart Defendants joined in this motion. Doc. #123. Plaintiffs opposed it. Docs. #124, 202. Nevertheless, during the conference call held on January 25, 2019, counsel for Plaintiffs and Wal-Mart agreed that the February 4, 2019, trial should be vacated in light of the interlocutory appeal filed by the Beavercreek Defendants.

---

[1] Plaintiffs also suggest that evidence of Officer Williams' prior uses of force may be admissible for impeachment purposes or to prove intent, habit or absence of mistake. The Court makes no determination concerning the admissibility of such evidence at this juncture. Counsel is directed not to mention this evidence in its opening statement and to ask to approach the bench prior to attempting to introduce any such evidence at the trial of the claims against Officer Williams.

4

As discussed during that conference call, the Court is inclined to overrule the motion to sever the claims against the Beavercreek Defendants from the claims against Wal-Mart. At this juncture, however, the Court makes no definitive ruling. The Court OVERRULES the Motion to Sever, Doc. #117, WITHOUT PREJUDICE to re-filing after the Sixth Circuit renders a decision on the interlocutory appeal and it is known for certain which claims and which Defendants remain for trial.

Date: January 31, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE