IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRESSA SHERROD, *et al.*,

  Plaintiffs,

v.

OFFICER SEAN C. WILLIAMS, *et al.*,

  Defendants.

:
:
:
:
:
:

Case No. 3:14-cv-454

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING WITHOUT PREJUDICE PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT RONALD RITCHIE WAS A LEGAL OR PROXIMATE CAUSE OF JOHN CRAWFORD'S DEATH (DOC. #211); GRANTING WAL-MART LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON THIS ISSUE WITHIN 30 DAYS OF THIS DECISION AND ENTRY

---

This matter is currently before the Court on Plaintiffs' Motion in Limine to Preclude Argument that Ronald Ritchie was a Legal or Proximate Cause of John Crawford's Death, Doc. #211. Plaintiffs ask the Court for an Order prohibiting the inclusion of Ronald Ritchie on the verdict form or otherwise arguing that he is a legal or proximate cause of the death. Wal-Mart, however, argues that the jury should be permitted to apportion some degree of fault to Ritchie, even though he has not been named as a defendant in this lawsuit. Doc. #245.

For the reasons set forth below, the Court concludes that a motion in limine is not the proper procedural vehicle by which to decide this important issue.

Accordingly, the Court overrules Plaintiffs' motion without prejudice, and gives Wal-Mart 30 days in which to file a motion for summary judgment on this issue.

I. **Relevant Facts**

The Court presumes the parties' familiarity with the relevant facts. Ronald Ritchie was the Wal-Mart shopper who called 911, after seeing John Crawford walking through the store with what appeared to be an assault rifle. Ritchie told the 911 dispatcher that Crawford was loading the rifle and pointing it at people inside the store.

Beavercreek Police Officer Sean Williams and Sergeant David Darkow responded to the 911 call. They located Crawford in the pet department holding the rifle at his side. Darkow yelled at Crawford to drop the gun, and Williams fired two shots, killing Crawford. It was later discovered that Crawford had been holding an unloaded pellet rifle that he picked up in the sporting goods department.

II. **Apportionment Law**

At issue is whether Ronald Ritchie, a non-party, may be included in the jury's apportionment of liability. The Ohio statute governing the apportionment of liability in a tort action provides as follows:

> (A) In determining the percentage of tortious conduct attributable to a party in a tort action under section 2307.22 or sections 2315.32 to 2315.36 of the Revised Code, the court in a nonjury action shall make findings of fact, and the jury in a jury action shall return a general

verdict accompanied by answers to interrogatories, that shall specify all of the following:
> (1) The percentage of tortious conduct that proximately caused the injury or loss to person or property or the wrongful death that is attributable to the plaintiff and to each party to the tort action from whom the plaintiff seeks recovery in this action;
> (2) *The percentage of tortious conduct that proximately caused the injury or loss to person or property or the wrongful death that is attributable to each person from whom the plaintiff does not seek recovery in this action.*

(B) The sum of the percentages of tortious conduct as determined pursuant to division (A) of this section shall equal one hundred per cent.

(C) For purposes of division (A)(2) of this section, it is an affirmative defense for each party to the tort action from whom the plaintiff seeks recovery in this action that a specific percentage of the tortious conduct that proximately caused the injury or loss to person or property or the wrongful death is attributable to one or more persons from whom the plaintiff does *not* seek recovery in this action. Any party to the tort action from whom the plaintiff seeks recovery in this action may raise an affirmative defense under this division at any time before the trial of the action.

Ohio Rev. Code § 2307.23 (emphasis added).

Notably, because this is an affirmative defense, it is one on which Wal-Mart would bear the burden of proof at trial. In order for Ritchie, a non-party, to be included in any apportionment of liability, Wal-Mart would have to prove that Ritchie: (1) engaged in "tortious conduct;" (2) that "proximately caused" Crawford's death. *See* Ohio Rev. Code § 2307.23(A)(2).

### III. Discussion

In their Motion in Limine, Plaintiffs essentially ask the Court to prohibit Wal-Mart from raising this affirmative defense at trial. They ask the Court to determine, as a matter of law, that Ritchie engaged in no actionable tortious conduct, and that Ritchie's statements to the 911 dispatcher were not the proximate cause of Crawford's death. Plaintiffs then ask the Court to exclude all argument that the jury should apportion some degree of fault to Ritchie.

In response, Wal-Mart argues that the jury should be permitted to apportion some degree of fault to Ritchie because, based on the evidence presented, a reasonable jury could find that Ritchie's statements to the 911 dispatcher constitute tortious conduct and that, because Officer Williams relied on those statements in deciding to use deadly force, they were a proximate cause of Crawford's death.

Counsel has indicated that a determination of whether Ritchie may be included on the verdict form as someone to whom a percentage of fault may be apportioned is critical, both in terms of trial strategy and settlement discussions. The Court agrees that this is an important issue. The Court strongly believes, however, that a motion in limine is not the proper procedural vehicle for resolving this question. Motions in limine are typically granted prior to trial only if the moving party proves that the evidence in question is clearly inadmissible. The Court declines to determine significant facts through the vehicle of a motion in limine; rather, in the Court's opinion, it must either consider all the evidence on a

4

particular point, both on direct and cross-examination at trial, or through the medium of a pretrial motion for summary judgment.

At issue here is whether Wal-Mart is entitled to assert its "empty-chair" defense at all. Wal-Mart wants the jury to apportion some degree of fault to Ronald Ritchie even though he is not named as a defendant in this lawsuit. Because this affirmative defense involves mixed questions of law and fact, it is more appropriately addressed through a motion for summary judgment. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought.").

Given the current state of this litigation, with the pending interlocutory appeal, the Court is willing to entertain a belated motion for summary judgment on this topic. In that context, the Court can then determine whether, based on the evidence presented, a reasonable jury could find that Ritchie engaged in tortious conduct that proximately caused Crawford's death such that he is properly included in any apportionment of liability on the verdict form. Based on the briefs already submitted in connection with Plaintiffs' Motion in Limine, the Court can, however, perhaps narrow the scope of that motion for summary judgment.

Wal-Mart must prove that Ritchie engaged in "tortious conduct." Although this term is not specifically defined by statute, common sense dictates that "tortious conduct" involves acts or omissions that would give rise to a "tort

5

action," which is statutorily defined as "a civil action for damages for injury, death, or loss to person or property." Ohio Rev. Code § 2307.011(J).

Wal-Mart notes that Ohio's apportionment statute specifically contemplates a jury apportioning fault to a non-party who could not have been sued for the injury. The statute provides that, in apportioning liability, the jury must consider tortious conduct "attributable to each person from whom the plaintiff does not seek recovery in this action." Ohio Rev. Code § 2307.23(A)(2). In turn, Ohio Rev. Code § 2307.11(G) defines "persons from whom the plaintiff does not seek recovery in this action" to include "persons who are not a party to the tort action whether or not that person was *or could have been* a party to the tort action if the name of the person has been disclosed prior to trial." (emphasis added). Wal-Mart interprets the italicized language to mean that Ritchie may be apportioned fault even if Plaintiffs would have no viable, recoverable tort claim against him.

The Court disagrees. As Plaintiffs note, the cases cited by Wal-Mart involve situations in which employers or governmental entities are immune from liability even though they engaged in tortious conduct that proximately caused a particular injury. In that situation, liability could be apportioned to them even though they could not have been named as a defendant in the lawsuit. *See, e.g., Fisher v. Beazer E., Inc.*, 2013-Ohio-5251, 2013 WL 6221367 (8th Dist.) (holding that former employers were properly included on verdict form even though they were immune from liability under workers' compensation laws). In contrast, Ronald Ritchie is not immune from liability. The fact that he was not named a defendant

6

in this lawsuit does not prohibit the jury from apportioning some degree of fault to him. However, Wal-Mart must first prove that Ritchie engaged in tortious conduct that proximately caused Crawford's death.

That "conduct" must involve "acts or omissions," see Ohio Rev. Code § 2307.011(A), that give rise to a civil tort action. The question, therefore, is whether Ritchie could be liable in tort for statements he made to the 911 dispatcher. Ritchie told Agent Hornyak of the Ohio Bureau of Criminal Investigation that he called 911 because he was always told "that if you see something wrong, out of place, call for help." Doc. #135, PageID#3477. Ritchie thought that it was odd that Crawford was carrying what appeared to be a real assault rifle through the store while talking on the phone. He thought that Crawford might be trying to set something up. Ritchie was concerned about his safety and the safety of others. *Id.* at PageID##3470, 3477-78.

Although Ritchie told the 911 dispatcher that Crawford was loading the rifle and pointing it at people, Wal-Mart notes that there is no evidence to support a finding that Crawford ever pointed the pellet rifle directly at anyone in the store, Doc. #222-1, PageID#15149, and it is undisputed that the pellet rifle was not loaded. Ritchie later explained that, when he said that Crawford was pointing the rifle at people, he meant that Crawford was "muzzle checking" them, passing the muzzle across their bodies, "whether intentionally or not." Doc. #245, PageID##17349-50; Doc. #135, PageID##3558, 3390, 3393. Ritchie admitted that did not see Crawford load the rifle, but he saw him fidgeting with it and heard

7

clicking noises which he believed to be the sound of Crawford loading a magazine. Doc. #245, PageID##17349-50; Doc. #135, PageID##3436, 3450, 3465-66, 3485-86.

Plaintiffs argue that, even though Ritchie's statements to the 911 dispatcher may have been somewhat misleading, they do not rise to the level of actionable tortious conduct.

In *Foley v. University of Dayton*, 2016-Ohio-7591, 150 Ohio St. 3d 252, 81 N.E.3d 398, the Ohio Supreme Court considered under what circumstances an individual can be held liable for reporting inaccurate information to law enforcement authorities. College students Evan and Andrew Foley and Michael Fagans, knocked on the door of a townhouse in the middle of the night, mistakenly believing that their friend lived there. Michael Groff, the occupant of the townhouse, opened the door. When Evan asked if their friend was there, Groff, who was allegedly intoxicated, became belligerent and began shouting profanities. Evan realized that he was at the wrong townhouse and offered his hand to apologize. Groff allegedly slammed the door in his face. Evan knocked once more, and then he and the others left. As they were walking away, Groff opened the door and told them that he had called the police. Groff and his roommate told the police that the Foleys and Fagans were attempting to break into the townhouse.

Foley and the others were arrested. After all charges against them were dropped or otherwise resolved, they sued Groff and his roommate for "negligent misidentification." They alleged that Groff owed them a duty in providing

8

information to law enforcement authorities and had breached this duty by improperly identifying them as being responsible for a criminal act.

The Ohio Supreme Court, on certification of questions from the district court, refused to recognize such a cause of action. It held that "a plaintiff does not have a cause of action in tort for negligent misidentification and . . . it would contravene public policy to allow such a claim." *Foley*, 2016-Ohio-7591, at ¶2. The court explained that public policy favors the reporting of crimes and "citizens who in good faith report crimes or come forward as eyewitnesses to crimes" should be able to do so "without fear of civil liability." *Id.* at ¶¶13-15. To recognize a cause of action for negligent misidentification "would have a chilling effect on that public policy." *Id.* at ¶13. Individuals who call 911 to report a crime should not be exposed to liability for making an "honest mistake." *Id.* at ¶14. Although it refused to recognize a cause of action for "negligent misidentification," the court noted that when injury is caused by the false reporting of crime, other tort actions may still be available, including malicious prosecution, defamation, false arrest or imprisonment, and false-light invasion of privacy. *Id.* at ¶¶14-16.

Wal-Mart argues that *Foley* is inapplicable because it was not decided until more than two years after Crawford was shot. In *Foley*, the court acknowledged that a few Ohio appellate courts had previously recognized a cause of action for negligent misidentification. *Id.* at ¶¶5-12. Wal-Mart maintains that, because

9

negligent misidentification was a recognized tort in 2014, Wal-Mart should be able to apportion liability to Ritchie.

The Court disagrees. Although some appellate courts had recognized the tort of negligent misidentification, the Ohio Supreme Court noted that it never had done so, and that the appellate court decisions contravened public policy. *Id.* at ¶12. Moreover, the Ohio Supreme Court has held that "[t]he general rule in Ohio is that a decision will be applied retroactively unless retroactive application interferes with contract rights or vested rights under the prior law." *DiCenzo v. A-Best Prods. Co.*, 120 Ohio St.3d 149, 2008-Ohio-5327, 897 N.E.2d 132, ¶14. Nothing in the *Foley* decision indicates that it was intended to be applied only prospectively, and there is no indication that retroactive application herein would interfere with any contract rights or vested rights under the prior law. Accordingly, the Court concludes that *Foley* applies retroactively and forecloses any claim that Ritchie's conduct gave rise to a cause of action for negligent misidentification.

Wal-Mart argues that, even if *Foley* applies, there is evidence to support a finding that Ritchie *intentionally* lied to the 911 dispatcher and that this conduct could give rise to *other* tort claims. Wal-Mart suggests that Ritchie could be liable for multiple intentional torts, including defamation, intentional infliction of emotional distress, or intentional misidentification. It also suggests that Ritchie could be liable for malicious prosecution and false imprisonment, even though, because of Crawford's death, not all elements of these torts were satisfied.

In the Court's view, it is highly unlikely that Wal-Mart will be able to succeed on any of these tort theories. Nevertheless, given the importance of this issue, the Court is willing to consider Wal-Mart's arguments on a motion for summary judgment. Although Plaintiffs could move for summary judgment on this issue, it is not fair to make them guess *which* intentional torts Wal-Mart is claiming are implicated by Ritchie's conduct. Accordingly, the Court finds it preferable for Wal-Mart to file a motion for summary judgment, identifying the specific legal theory or theories that form the basis for its affirmative defense. Wal-Mart is granted leave to do so within 30 days of the date of this Decision and Entry.

IV. **Conclusion**

For the reasons set forth above, the Court OVERRULES WITHOUT PREJUDICE Plaintiffs' Motion in Limine to Preclude Argument that Ronald Ritchie was the Legal or Proximate Cause of John Crawford's Death, Doc. #211. Wal-Mart is granted leave to file a motion for summary judgment on this issue within 30 days of the date of this Decision and Entry.

Date: February 8, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE