IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRESSA SHERROD, et al.,

    Plaintiffs,

vs.

OFFICER SEAN C. WILLIAMS, et al.,

    Defendants.

Case No. 3:14cv454

JUDGE WALTER H. RICE

---

DECISION AND ENTRY VACATING THIS COURT'S ORDER OF FEBRUARY 8, 2019 (DOC. #279), OVERRULING WITHOUT PREJUDICE PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT RONALD RITCHIE WAS A LEGAL OR PROXIMATE CAUSE OF JOHN CRAWFORD'S DEATH (DOC. #211), AND GRANTING WAL-MART LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON THIS ISSUE WITHIN 30 DAYS FROM FEBRUARY 8, 2019; REASONING SET FORTH; DIRECTIVE TO COUNSEL

---

On February 8, 2019, this Court filed a Decision and Entry, overruling without prejudice Plaintiffs' Motion in Limine to Preclude Argument that Ronald Ritchie was a Legal or Proximate Cause of John Crawford's Death (Doc. #211) and granting Wal-mart leave to file a motion for summary judgment on that issue within 30 days of February 8, 2019 (Doc. #279).

Due to Defendant Wal-Mart's concern with certain aspects of this Court's directive that it file a motion for summary judgment on the above-referenced issue, a telephone conference call was convened, between Court and all counsel, on April 4, 2019. During said conference, Wal-Mart set forth its position that the filing of such a motion for summary judgment would be a waste of time for both attorneys and this judicial officer, positing that genuine issues of material

fact abound on the above-referenced issue. Given those genuine issues of material fact, the issue cannot be resolved, as a matter of law, prior to trial on the merits. Wal-Mart's theory is that evidence must be introduced, throughout the trial, both in support of and in opposition to the issue of whether Ronald Ritchie was (or was not) a legal or proximate cause of John Crawford's death. The Court would then decide whether to submit the issue to the jury for its determination after proper instructions had been given.

Pursuant to the discussion, upon the record, during the April 4, 2019, conference call, this Court is convinced that Wal-Mart's position on this issue is, indeed, correct. Accordingly, this Court VACATES its Order of February 8, 2019 (Doc. #279), which directed Wal-Mart to file a motion for summary judgment on the issue at hand within 30 days' time. Rather, no motion for summary judgment need be filed on this issue. Plaintiffs' Motion in Limine, seeking an Order of the Court precluding argument that Ronald Ritchie was a legal or proximate cause of John Crawford's death (Doc. #211) remains OVERRULED without prejudice to renewal at the conclusion of the evidence adduced at trial, in the form of a motion to preclude submission of this issue to the jury.

In ruling as above, this Court agrees with Wal-Mart that a motion for summary judgment would be futile in this case, given the plethora of genuine issues of material fact on the issue in question. Moreover, this Court believes, and continues to believe, that granting Plaintiff's Motion in Limine (Doc. #211), without hearing any of the evidence at trial, would constitute error. Although certainly not binding, the Court cites a persuasive opinion rendered by the Ohio First District Court of Appeals in *Jester v. Utilimap Corporation*, 2018-Ohio-4755, 116 N.E.3d 185, at ¶32 ("Where a reasonable juror could find an alleged tortfeasor negligent, the jury must be allowed to consider that tortfeasor's fault in accordance with R.C. 2307.23.").

Plaintiffs have raised the concern that the trial jury would be inundated by facts and argument pointing to Defendants' empty-chair defense at trial. Certainly, by virtue of this Court's ruling, Defendants are entitled to place as much blame on Ronald Ritchie as is possible. However, there are limits, beyond which Defendants cannot proceed, in order to avoid unfair prejudice to Plaintiffs. Accordingly, it is the order of the Court that, within 21 days from the date of this opinion, the Wal-Mart Defendants, as well as the Beavercreek Defendants, shall set forth their own Motion in Limine, detailing, to the extent possible, how, if at all, they wish to utilize evidence in support of their argument that Ronald Ritchie was a legal or proximate cause of John Crawford's death. The Plaintiffs will then have 21 days thereafter within which to file a memorandum contra, with the moving Defendants having fourteen days, following date of receipt of Plaintiffs' memorandum contra, to file whatever reply memorandum is deemed necessary.

April 24, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record