**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| TRESSA SHERROD, *et al.*, | : | CASE NO. 3:14-cv-00454-WHR |
| Plaintiffs, | : | Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| v. | : | |
| | : | **DEFENDANTS OFFICER SEAN C. WILLIAMS', CHIEF DENNIS EVERS', AND THE CITY OF BEAVERCREEK, OHIO'S RESPONSE TO COURT'S DIRECTIVE TO COUNSEL (DOC. 285)** |
| OFFICER SEAN C. WILLIAMS, *et al.*, | : | |
| Defendants. | : | |
| | : | **AND RENEWAL OF MOTION TO SEVER CLAIMS AND FOR** |
| | : | **SEPARATE TRIALS (DOC. 117)** |

Now come Defendants, Officer Sean C. Williams, Chief Dennis Evers, and the City of Beavercreek, Ohio (collectively the "Beavercreek Defendants")[1], by and through counsel, and hereby respond to this Court's Directive to Counsel (Doc. 285) and also hereby renew their Motion to Sever Claims and for Separate Trials (Doc. 117).[2]  As explained in the following memorandum, the Beavercreek Defendants do not intend to move this Court *in limine* to preclude evidence or argument that Ronald Ritchie was a legal or proximate cause of John Crawford's death.  Indeed, Plaintiffs' and the Wal-Mart Defendants' competing positions on the issue, and this Court's conclusion that "given the plethora of genuine issues of material fact on the [Ronald Ritchie

---

[1] Defendant Sgt. David M. Darkow is no longer a party in this case since the Court granted him summary judgment and dismissed all claims against him with prejudice.  (Decision and Entry, Doc. 240, PageID 17303.)

[2] The Court overruled the motion without prejudice to re-filing. (Doc. 278.)

1

proximate cause] issue in question[,]" it would constitute error not to hear any of the evidence at trial, is all the more reason to sever the Beavercreek and Wal-Mart Defendants' claims and order separate trials.

                                    Respectfully submitted,

| | |
|---|---|
| /s/ Edward J. Dowd | /s/ Neil F. Freund |
| Edward J. Dowd (0018681) | Neil F. Freund (0012183) |
| Christopher T. Herman (0076894) | Kelly M. Schroeder (0080637) |
| SURDYK, DOWD & TURNER CO., L.P.A. | FREUND, FREEZE & ARNOLD |
| 8163 Old Yankee Street, Suite C | Fifth Third Center |
| Dayton, Ohio 45458 | 1 South Main Street, Suite 1800 |
| Phone: (937) 222-2333 | Dayton, Ohio  45402-2017 |
| Fax: (937) 222-1970 | Phone: (937) 222-2424 |
| edowd@sdtlawyers.com | Fax: (937) 222-5369 |
| cherman@sdtlawyers.com | callison@ffalaw.com |
| *Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers and the City of Beavercreek, Ohio* | kschroeder@ffalaw.com |
| | *Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers and the City of Beavercreek, Ohio* |

## **MEMORANDUM**

This Court summarized the briefings on the Ronald Ritchie proximate cause issue (hereinafter the "issue") as follows:

> This matter is currently before the Court on Plaintiffs' Motion in Limine to Preclude Argument that Ronald Ritchie was a Legal or Proximate Cause of John Crawford's Death, Doc. #211.  Plaintiffs ask the Court for an Order prohibiting the inclusion of Ronald Ritchie on the verdict form or otherwise arguing that he is a legal or proximate cause of the death.  Wal-Mart, however, argues that the jury should be permitted to apportion some degree of fault to Ritchie, even though he has not been named as a defendant in this lawsuit.  Doc. #245.

(Decision and Entry, Doc. 279, PageID 20058.)  More specifically, Plaintiffs argued that Ronald Ritchie, as a 911 caller, owed no duty to John Crawford because imposing any sort of duty would have a chilling effect if the caller knew he could be liable for misperceiving events.  (Doc. 211, PageID 13025-13026.)  And, even if the Court found a duty, Ritchie could not be the proximate

2

cause of the harm because he could not control the police officers' conduct or the scene. (Id. at PageID 13026-13027.) The Wal-Mart Defendants argued that, on account of Plaintiffs having bound themselves in the Complaint to the notion that a reasonable person could not interpret John Crawford's movements as threatening or dangerous, Ritchie must have intentionally misrepresented facts in his statements on the 911 call because they are contrary to the assertions in Plaintiff's Complaint. Thus, he acted tortiuously. (Doc. 245, PageID 17343.)

Although this Court vacated in part its Decision and Entry on the issue (Doc. 279), the Beavercreek Defendants agree with the Court that public policy favors reporting of crimes and "citizens who in good faith report crimes or come forward as eyewitnesses" should be able to do so "without fear of civil liability." (Id. at PageID 20066 (citation omitted).) Further, the Beavercreek Defendants agree that recognizing a claim for negligent misidentification would have a "chilling effect on that public policy" and citizens should not be exposed to liability for making an "honest mistake." (Id.) Certainly, without the help of concerned citizens such as Ritchie, the Beavercreek Defendants would find it increasingly difficult to fulfill their duty to protect and serve the community. While it may now seem clear which side of the issue the Beavercreek Defendants fall, it appears that regardless of their position, this Court is going to allow evidence and argument on the issue throughout the trial. The reason for this conclusion is that the Court's Decision and Entry and Directive to Counsel indicated that Plaintiffs' motion *in limine* on the issue remains "OVERRULED without prejudice *to renewal at the conclusion of the evidence adduced at trial*, in the form of a motion to preclude submission of this issue to the jury." (Doc. 285, PageID 20115 (italics added).)

The Court's inclination to permit Wal-Mart to introduce hindsight evidence that the information provided by Ritchie to the police was intentionally misleading would further prejudice

3

Officer Williams' defense of the claims against him. This would be true regardless of whether the Court ultimately rules in favor of Plaintiffs at the conclusion of the evidence. The allowance of this evidence strengthens the Beavercreek Defendants' arguments that the Court should order separate trials for the claims against the Wal-Mart Defendants and Officer Williams. The Beavercreek Defendants herein incorporate the arguments from their Motion to Sever Claims and for Separate Trials, and also raise the following arguments related to the proximate cause and apportionment issue.

It has consistently been the position of the Beavercreek Defendants that Officer Williams had a duty to, and did in fact, rely upon the information provided by Mr. Ritchie when he responded to the scene. The Beavercreek Defendants do not intend to defend their actions by trying to blame Mr. Ritchie or anyone else. However, Wal-Mart plans to do so. The jury is likely to be confused as to why one defendant is pointing at Ritchie while the other is not. The potential for jury speculation and confusion as to this question is limitless. They may wonder if the reason the Beavercreek Defendants are not assigning blame is because they felt that they did something wrong. Or, is it because they were not justified in relying upon the information received, and therefore cannot argue it was Ritchie's fault? Essentially, the concerns over why one party would point the finger and the other not is limited only by their information. No curative instruction could remedy this speculation and confusion.

Immunity is another issue that favors separate trials for the claims against the Defendants. In its response to Plaintiffs' motion *in limine* concerning the issue, Wal-Mart cited apportionment cases that involved employer and public entity immunities. This Court distinguished those cases on the grounds that the claims underlying the immunity argument were necessarily based on tortious conduct, and so apportionment to a non-party was appropriate. In Ritchie's case, he would

4

not be entitled to any immunity, and so it would be unfair to apportion fault to him as an unnamed defendant if there is no basis for finding he engaged in tortious conduct.  The immunities available to Officer Williams could be confusing to a jury if all claims were tried together.  If Officer Williams is unsuccessful in his appeal of the denial of qualified and statutory immunity, he will continue to assert immunity as a defense at trial.  However, if the Williams and Wal-Mart claims are tried together, the apportionment issue would likely result in juror confusion about the interplay of immunity and could result in the apportionment of a greater percentage of fault to Williams if the jury believes that, ultimately, immunity will absolve whatever liability is assigned to him.

Finally, another argument favoring separate trials is that the jury could be confused as to why the Beavercreek Defendants are not making the proximate cause/apportionment claim, thereby leading to speculation about the merits of the Beavercreek Defendants' defenses.  In other words, it is likely that the jury could think, since the Beavercreek Defendants are not asserting a proximate cause defense, they must be conceding some amount of liability if they are not pointing at the empty chair of Ronald Ritchie.  If Wal-Mart points the finger at Ritchie as the proximate cause, the jury could also speculate that Beavercreek had a heightened duty to verify the accuracy of the 911 caller's information before taking action.  Extra precaution is not required under the circumstances, and it is very possible that the jury could look at Officer Williams' actions through the lens of 20/20 hindsight, not follow the law ruling against such hindsight (*see Graham v. O'Connor*, 490 U.S. 386, 396 (1989), and find him responsible for the claims alleged against him.

For the reasons stated herein and in their renewed Motion to Sever Claims and for Separate Trials, the Beavercreek Defendants respectfully ask the Court to order separate trials for the claims against the Wal-Mart Defendants and the Beavercreek Defendants.

|  | Respectfully submitted, |
|---|---|
| /s/ Edward J. Dowd | /s/ Neil F. Freund |
| Edward J. Dowd (0018681) | Neil F. Freund (0012183) |
| Christopher T. Herman (0076894) | Kelly M. Schroeder (0080637) |
| SURDYK, DOWD & TURNER CO., L.P.A. | FREUND, FREEZE & ARNOLD |
| 8163 Old Yankee Street, Suite C | Fifth Third Center |
| Dayton, Ohio 45458 | 1 South Main Street, Suite 1800 |
| Phone: (937) 222-2333 | Dayton, Ohio  45402-2017 |
| Fax: (937) 222-1970 | Phone: (937) 222-2424 |
| edowd@sdtlawyers.com | Fax: (937) 222-5369 |
| cherman@sdtlawyers.com | callison@ffalaw.com |
| *Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers and the City of Beavercreek, Ohio* | kschroeder@ffalaw.com |
|  | *Attorneys for Defendants Officer Sean C. Williams, Sgt. David M. Darkow, Chief Dennis Evers and the City of Beavercreek, Ohio* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of May 2019, this document was served via electronic mail upon the following:

Michael L. Wright, Esq.
WRIGHT & SCHULTE, LLC
130 West Second Street
Suite 1600
Dayton, Ohio 45402
*Attorney for Plaintiffs*

Richard W. Schulte, Esq.
WRIGHT & SCHULTE, LLC
812 East National Road
Vandalia, Ohio 45377
*Attorney for Plaintiffs*

Dennis P. Mulvihill, Esq.
WRIGHT & SCHULTE, LLC
23240 Chagrin Blvd.
Suite 620
Cleveland, Ohio 44122-5468
*Attorney for Plaintiffs*

Shean D. Williams, Esq.
THE COCHRAN FIRM - ATLANTA
127 Peachtree Street
Suite 1400
Atlanta, Georgia 30303
*Pro Hac Vice Attorney for Plaintiffs*

D. Patrick Kasson, Esq.
REMINGER CO., L.P.A.
65 E. State Street
4th Floor
Columbus, Ohio 43215
*Attorney for Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Store #2124*

Kevin E. Hexstall, Esq.
2000 Market Street
Suite 2300
Philadelphia, Pennsylvania 19103
*Pro Hac Vice Attorney for Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Store #2124*

                                              /s/ Edward J. Dowd
                                              Edward J. Dowd (0018681)