IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRESSA SHERROD, *et al.*,

        Plaintiffs,

      v.

OFFICER SEAN WILLIAMS, *et al.*,

        Defendants.

:

:

:

:

Case No. 3:14-cv-454

JUDGE WALTER H. RICE

---

ORDER RE: DEFENDANTS WAL-MART STORES EAST, LP AND
WAL-MART STORES, INC.'S MOTION IN LIMINE #8 (DOC. #289)

---

This matter is currently before the Court on Defendants Wal-Mart Stores

East, LP and Wal-Mart Stores, Inc.'s Motion in Limine #8, Doc. #289.[1]

## I.    Background and Procedural History

On August 5, 2014, Ronald Ritchie, a shopper at the Beavercreek Wal-Mart

store, called 911 to report that a man inside the store was loading an assault rifle

and pointing it at people.  Officer Sean Williams and Sergeant David Darkow, of

---

[1] As explained below, Wal-Mart's filing is not a "motion" in the traditional sense. Rather, it was filed in response to the Court's request that Wal-Mart "detail[], to the extent possible, how, if at all, they wish to utilize evidence in support of their argument that Ronald Ritchie was a legal or proximate cause of John Crawford's death."  Doc. #285, PageID#20116.

the Beavercreek Police Department, responded to the call. They located John Crawford, another Wal-Mart shopper, inside the store. Darkow commanded him to drop the gun. Seconds later, Officer Williams fired two shots, killing Crawford. The "assault rifle" turned out to be an unloaded pellet rifle that Crawford had picked up in the sporting goods department. Crawford's family sued Williams, Darkow, Police Chief Dennis Evers, the City of Beavercreek, and Wal-Mart, asserting a variety of claims.

Although Ritchie was not named as a defendant, Wal-Mart argues that the jury should be permitted to apportion some degree of fault to him because, according to Wal-Mart, Ritchie intentionally lied to the dispatcher, leading the police to believe that this was an active shooter situation.

On February 8, 2019, the Court overruled without prejudice Plaintiffs' Motion in Limine to Preclude Argument that Ronald Ritchie was a Legal or Proximate Cause of John Crawford's Death. Doc. #279. The Court noted that Wal-Mart must first prove that Ritchie engaged in "tortious conduct" that "proximately caused" Crawford's death. *Id.* at PageID#20060 (citing Ohio Rev. Code § 2307.23(A)(2)).

The Court concluded that a motion in limine was not the proper procedural vehicle for resolving the question of whether Wal-Mart was entitled to assert this affirmative defense. It found that Wal-Mart would have to prove that Ritchie's acts or omissions gave rise to a tort action. Citing *Foley v. University of Dayton*, 2016-Ohio-7591, 150 Ohio St. 3d 252, 81 N.E.3d 398, the Court noted that Ritchie could

2

not be liable for the tort of "negligent misidentification." Wal-Mart suggested that Ritchie could be liable for defamation, intentional infliction of emotional distress, intentional misidentification, malicious prosecution or false imprisonment. The Court found that it was "highly unlikely" that Wal-Mart would be able to succeed on any of these tort theories. Nevertheless, it directed Wal-Mart to file a motion for summary judgment, identifying the specific legal theories that would form the basis for its affirmative defense.

During a conference call held on April 9, 2019, Wal-Mart expressed concern that a motion for summary judgment would be futile, given that there are genuine issues of material fact. It suggested that the Court hear all of the evidence at trial prior to determining whether a viable tort claim could have been asserted against Ritchie, and whether it is therefore appropriate to ask the jury to apportion some degree of fault to him. Plaintiffs denied that any relevant facts were still in dispute.

On April 24, 2019, the Court vacated its February 8, 2019, Decision and Entry insofar as it directed Wal-Mart to file a motion for summary judgment. The Court agreed that it would be preferable to hear all of the evidence at trial, and then determine whether the jury should be permitted to apportion some degree of fault to Ronald Ritchie. It concluded that Plaintiffs could renew their motion in limine at the conclusion of the evidence, in the form of a motion to preclude submission of this issue to the jury. The Court nevertheless directed Wal-Mart to file a motion "detailing, to the extent possible, how, if at all, they wish to utilize evidence in

3

support of their argument that Ronald Ritchie was a legal or proximate cause of John Crawford's death."  Doc. #285, PageID#20116.

On May 24, 2019, Wal-Mart filed its "Motion in Limine #8," Doc. #289, which is merely an explanation of why it believes Ritchie should be included on the verdict form.  Plaintiffs filed a response, Doc. #291, and Wal-Mart filed its reply, Doc. #294.  The Court reserved ruling on this motion pending the resolution of the interlocutory appeal filed by the Beavercreek Defendants.  Plaintiffs and the Beavercreek Defendants subsequently settled all claims between them.  On April 17, 2020, the Court heard oral argument, via telephone, on Wal-Mart's Motion in Limine #8.

## II.    Discussion

Having carefully considered the parties' arguments, the Court remains firmly convinced that it cannot determine whether the jury should be permitted to apportion some degree of fault to Ronald Ritchie until it has heard all of the evidence presented at trial.

At the close of the evidence, Plaintiffs may renew their Motion in Limine, in the form of a motion to preclude submission of this issue to the jury.  As previously held, unless Wal-Mart can convince the Court that Ritchie committed an identifiable, actionable tort which was the proximate cause of Crawford's death, the jury cannot apportion any fault to Ritchie.

4

Unless and until the Court overrules Plaintiffs' motion to preclude submission of this issue to the jury, Wal-Mart will not be permitted to directly or indirectly argue to the jury that some degree of fault should be apportioned to Ronald Ritchie.[2] Neither party shall ask any questions on this topic during voir dire, nor discuss it in opening statements.

Date: April 24, 2020

/s/ Walter H. Rice (tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[2] During the April 17, 2020, conference call, the parties agreed that evidence concerning Ronald Ritchie's 911 call may be presented to the jury, along with statements he and his wife made about this incident. Counsel for Wal-Mart indicated that Wal-Mart does not intend to "inundate the jury with every aspect of Ronald Ritchie's life" or extraneous character evidence. Rather, it will focus on the evidence "as it relates to the facts of the incident on August 5, 2014."