IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRESSA SHERROD, *et al.*,

    Plaintiffs,

    v.

WAL-MART STORES, INC., *et al.*,

    Defendants.

:
:
:
:

Case No. 3:14-cv-454

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' ALTERNATIVE MOTION REQUESTING A RULE 54(b) CERTIFICATION ON THE WRONGFUL DEATH CLAIM (DOC. #319); DIRECTING ENTRY OF FINAL JUDGMENT ON PLAINTIFFS' WRONGFUL DEATH CLAIM AGAINST WAL-MART

---

On February 12, 2021, the Court overruled Plaintiffs' Motion for Reconsideration of Court's Ruling Dismissing Plaintiffs' Wrongful Death Claim. Doc. #326.  In that Decision and Entry, the Court indicated its inclination to sustain Plaintiffs' alternative Motion Requesting Rule 54(b) Certification on the Wrongful Death Claim, and explained why certification may be warranted and why there is no just reason for delay.

The Court noted that the parties have indicated that the Court's ruling dismissing the wrongful death claim is a major stumbling block to settlement.  In addition, it does not appear that the need for appellate review will be mooted by future developments, and it is highly unlikely that a second panel of the Sixth

Circuit would be required to address this issue for a second time.  There are no pending claims or counterclaims that could result in a set-off against a judgment on the wrongful death claim.  Although Rule 54(b) certification will result in a delay of trial, the benefits of an immediate appeal outweigh the disadvantages. Doc. #326, PageID##20621-26.

The Court indicated that it wanted to discuss these issues with counsel prior to making a final decision.  A conference call was held on February 23, 2021.  During that call, counsel for Wal-Mart argued that a Rule 54(b) certification would be unlikely to result in settlement because, even if Plaintiffs lost on appeal, they would be unlikely to accept Wal-Mart's latest settlement offer.  Counsel further argued that the delay would be unfair to Wal-Mart.

Counsel for Plaintiffs acknowledged that, if their clients did not win the appeal, counsel would have a duty to reevaluate the case and discuss various options, including settlement.  He also noted that, regardless of whether the Court grants Rule 54(b) certification, he plans to eventually appeal the wrongful death decision.  He argued that, in terms of judicial economy, it made sense to certify the issue for immediate appeal to avert the possible need for a second trial.  Counsel for Wal-Mart voiced his opinion that trying the negligence claim and allowing the jury to apportion damages is more likely than an immediate appeal to result in a settlement.

Having considered the parties' arguments, as set forth in their briefs and during the February 23, 2021, conference call, as well as the applicable law, the

Court SUSTAINS Plaintiffs' alternative Motion Requesting Rule 54(b) Certification on the Wrongful Death Claim.  Doc. #319.  The Court continues to believe that an immediate appeal of the decision dismissing the wrongful death claim against Wal-Mart is warranted in this case, primarily because it is likely to facilitate settlement of the remainder of the claims.  *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 n.2 (1980) (noting that factors weighing against Rule 54(b) certification may be "offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims.").  Even if settlement does not come to pass, an immediate appeal on this limited issue will avoid the specter of trying this matter twice.

    For the reasons explained in this Court's February 12, 2021, Decision and Entry, Doc. #326, the Court concludes that Rule 54(b) certification is warranted with respect to the Court's dismissal of Plaintiffs' wrongful death claim against Wal-Mart, and that there is no just reason for delay.  Pursuant to Fed. R. Civ. P. 54(b), the Clerk of Court is DIRECTED to enter final judgment on that one claim.

Date: April 9, 2021

(tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE