# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Tressa Sherrod, *et. al.* | : | |
| Plaintiffs, | : | Case No.: 3:14-cv-454 |
| -vs- | | |
| | : | District Judge Walter H. Rice |
| Officer Sean Williams, *et. al*. | | |
| | : | |
| Defendants. | : | |

## DEFENDANT WAL-MART STORES EAST, L.P.'S MOTION TO CERTIFY A STATE LAW QUESTION TO THE SUPREME COURT OF OHIO

Defendant, Wal-Mart Stores East, L.P, ("Wal-Mart") respectfully asks the Court to certify the following question to the Supreme Court of Ohio:

> Does a claim for a few minutes of conscious pain and suffering, immediately preceding a decedent's death, fall within the exception to the damage caps on noneconomic recovery under R.C. § 2315.18(B)(3)(a).

There is no controlling or persuasive precedent on this issue. And the submission of this question will save time for the parties and promote judicial economy. The reasons why this this request should be granted are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas N. Spyker (0098075)
REMINGER CO., L.P.A.
200 Civic Center Drive, 8th Floor
Columbus, OH 43215
Phone: (614) 228-1311; Fax: (614) 232-2410
pkasson@reminger.com
tspyker@reminger.com
*Counsel for Defendant Wal-Mart Stores East, L.P.*


Kevin E. Hexstall, Esq. – TRIAL ATTORNEY
Marshall, Dennehey, Warner, Coleman & Goggin, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Phone: (215) 575-2642; Fax: (215) 575-0856
kehexstall@mdwcg.com
*Pro Hac Vice Attorney for Defendant Wal-Mart Stores East, L.P.*

**MEMORANDUM IN SUPPORT**

There is no dispute that Mr. Crawford was only alive for a few minutes after the police shot him. Plaintiffs assert a survivorship claim, including a conscious pain and suffering claim. But if Mr. Crawford was "conscious"[1] at all, he only suffered for a few minutes. The parties dispute whether the damage caps in R.C. § 2315.18(B)(3)(a) apply when, as here, the decedent did not have an extended period of conscious pain and suffering. To resolve this dispute, this Court should certify this question to the Ohio Supreme Court for four reasons: (1) there is no controlling or persuasive authority on whether Ohio's damage caps on noneconomic recovery apply to a survivorship claim lasting only a few minutes; (2) certification will not cause undue delay because the Court recently granted Plaintiffs' Rule 54(b) certification to appeal a separate issue to the Sixth Circuit; (3) clarity on the damage cap issue would facilitate settlement discussions, and (4) certification will promote judicial economy.

**The Legal Standard**

Federal courts are authorized to certify questions to a state supreme court. *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The Ohio Supreme Court Rules of Practice provide the relevant standard:

> The Supreme Court may answer a question of law certified to it by a court of the United States. This rule is invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court.

S.Ct. Prac. R. 9.01(A).

The decision to use the certification procedure lies within the sound discretion of the district court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "[U]se of the certification

---

[1] Wal-Mart does not believe there is any evidence of *conscious* pain and suffering.

procedure is most appropriate when the question of state law is new or state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). "Novel or unsettled questions of state law may be appropriate for certification where certification will save time, energy and resources, or where there are conflicting federal interpretations of an important state law question which would otherwise evade state court review." *Metz v. Unizan Bank*, 416 F. Supp. 2d 568, 574 (N.D. Ohio 2006) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997)); *Geib v. Amoco Oil Co.*, 29 F.3d 1050, 1060 (6th Cir. 1994).

### Why the Issue Should Be Certified

*First*, the law is unsettled as to whether the damage caps on noneconomic recovery provided under R.C. § 2315.18 apply to a survival claim lasting a few minutes. There is no authority – controlling or persuasive – on whether a claim for a few minutes of conscious pain and suffering (immediately preceding death) is an exception to Ohio's damage cap. This is the exact scenario contemplated by S.CT. PRAC. R. 9.01(A) (Certification is appropriate when there is "no controlling precedent.").

*Second*, this Court recently granted Rule 54(b) certification allowing Plaintiffs an interlocutory appeal. (*See* Doc. #327). So a parallel certification of this damage cap issue will not cause undue delay.

*Third*, this Court held that clarity on the wrongful death issue could facilitate settlement. (Doc. #327, at PageID: 20629). Likewise, clarity on this important damage cap issue would allow all parties to make informed decisions regarding settlement. If Plaintiffs are allowed to proceed with an interlocutory appeal to the Sixth Circuit, Wal-Mart should be able to clarify the damage cap issue through certification.

*Fourth,* resolution of this issue by the Ohio Supreme Court will promote judicial economy. If Plaintiffs succeed at trial on the survivorship claim, the answer to the certified question would preempt a post-trial appeal on that issue to the Sixth Circuit. And it will also save the Sixth Circuit the likely task of certifying the same question to the Ohio Supreme Court. This follows this Court's analysis on the Rule 54(b) certification that as many issues should be decided before trial as possible. (Doc. #327, at PageID: 20630).

For the reasons outlined above, Wal-Mart requests that the Court certify the question to the Supreme Court of Ohio.

Respectfully submitted,

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Thomas N. Spyker (0098075)
REMINGER CO., L.P.A.
200 Civic Center Drive, 8th Floor
Columbus, OH 43215
Phone: (614) 228-1311; Fax: (614) 232-2410
pkasson@reminger.com
tspyker@reminger.com
*Counsel for Defendant Wal-Mart Stores East, L.P.*

Kevin E. Hexstall, Esq. – TRIAL ATTORNEY
Marshall, Dennehey, Warner, Coleman & Goggin, P.C
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Phone: (215) 575-2642; Fax: (215) 575-0856
kehexstall@mdwcg.com
*Pro Hac Vice Attorney for Defendant Wal-Mart Stores East, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served via the Court's electronic filing system, upon all parties of record, this _____ day of May, 2021.

          */s/ Patrick Kasson*
          Patrick Kasson (0055570)