IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tressa Sherrod, et. al., | ) |
| | ) |
| | ) Case No.:3-14-cv-454 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Wal-Mart Stores, Inc., | ) District Judge Walter H. Rice |
| Wal-Mart East, L.P., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
WAL-MART STORES EAST, L.P.'S MOTION TO CERTIFY
A STATE LAW QUESTION TO THE SUPREME COURT OF OHIO**

Plaintiffs file this Memorandum in Opposition to Wal-Mart Stores East, L.P.'s Motion to Certify a State Law Question to the Supreme Court of Ohio.

I.    ARGUMENT AND AUTHORITY

Distilled down to its essence, Wal-Mart's Motion asks this Court to certify whether Ohio Revised Code Section 2315.18(B)(3) means what it says, or should be amended by judicial fiat. Revised Code Section 2315.18 sets maximum amounts that can be awarded for noneconomic (pain and suffering) damages in certain tort bodily injury cases. Paragraph (B)(3) of the statute lists two exceptions where the cap does not apply. R.C. § 2315.18(B)(3). Paragraph (B)(3) prohibits a cap on noneconomic damages that result from either: (a) "Permanent and substantial physical deformity,

loss of use of a limb, or loss of a bodily organ system;" or (b) "permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities." *Id.* Neither exception expressly mentions or alludes to an additional requirement – a minimum amount of time that a decedent must suffer from the catastrophic injuries – that must be satisfied before the exception can apply. With its Motion, Wal-Mart attempts to turn this clear statutory language on its head by arguing that the legislature's omission of a "minimum time of suffering" requirement from the statutory exceptions to the cap, in and of itself, creates uncertainty on whether the statutory exceptions require one.

The court should deny Wal-Mart's motion for two reasons. First, as written, the exceptions to caps contained in Section 2315.18(B)(3) do not require a decedent to suffer longer than "just a few minutes" before an exception can apply. Ohio has long recognized a right to recover damages for pain and suffering that result from bodily injury whenever a victim of a tort suffers pain for *any* amount of time. If the legislature wanted to limit the exceptions for pain and suffering caps to situations where decedents consciously suffered for more than "a few minutes," it would have done so in the text of the statute. Second, Wal-Mart's Motion is untimely. Motions to certify should be made early in a case wherever possible, and are particularly disfavored when, as in this case, the movant requests certification on an issue after

the trial court has ruled adversely to the movant on a motion for summary judgment. They are not to be used as a way to get a second bite of the apple. Wal-Mart raises this issue for the first time four years after the lawsuit was filed, about seventeen months after the Court denied summary judgment on the survival claim, and almost four months after the Court denied Wal-Mart's request to reconsider denial of summary judgment on the survival claim.[1] The timing of Wal-Mart's Motion, as well as its focus on the largest potential component of damages in the survival claim, suggests that Wal-Mart seeks certification for strategic reasons rather than to resolve a previously undiscovered ambiguity in Ohio law.

II.     FACTUAL AND PROCEDURAL BACKGROUND

The following facts cannot be disputed. John Crawford, III bled to death on a Wal-Mart floor because he was shot through his liver. (Depo of Robert Schott, M.D., Doc. 173; pp. 41,42). The forensic pathologist who performed Crawford's autopsy observed that a bullet had passed through the majority of Crawford's liver and caused "devastating" damage to the organ. (Schott Depo., Doc. 173, pp. 40, 41). The bullet also passed through Crawford's hemidiaphragm[2], which could have made Crawford's efforts to breathe difficult and painful. (Schott Depo., Doc. 173, p. 44).

---

[1] *See* Complaint (Doc. 1) filed December 16, 2014; Order Denying Summary Judgment in Part (Doc. 273) filed January 28, 2019; and Order Denying Both Parties' Motions for Reconsideration (Doc. 326) filed February 12, 2021.
[2] The hemidiaphragm is part of the diaphragm, which is a muscle that flexes the rib cage during breathing. (*See* Schott Depo., p. 43).

3

Crawford's brain, heart, and spinal cord were not hit by the gunfire. *See generally* (Crawford Post-Mortem Examination, Schott Depo., Doc. 173, Ex. 1). Crawford was alive when he reached the hospital, but he died after resuscitative measures proved unsuccessful. (Schott Depo., Doc. 173, p. 11).

Wal-Mart "does not believe there is any evidence of [Crawford's] *conscious* pain and suffering." (WM Memo., Doc. 334, PageID# 20648 n.1). However, the foregoing facts, as well as abundant other record evidence, disprove that belief.[3] Additionally, Wal-Mart claims that if "Crawford was 'conscious' at all, he only suffered for a few minutes." (WM Memo., Doc. 334, PageID# 20648). Wal-Mart does not cite anything in the record to support, explain, or quantify how many minutes constitute "a few," or whether Crawford suffered only "a few" minutes. Yet Wal-Mart asks the Court to certify the question of whether more a "few minutes" is required by Section 2315.18(B)(3) without demonstrating from the record why the question is relevant or how a period of consciousness shorter than a "few minutes" would help decide this case, where Wal-Mart contends Crawford did not consciously suffer at all.

Procedurally, several dates are relevant to Wal-Mart's Motion. On December 16, 2014, Plaintiffs sued Wal-Mart alleging liability under negligence and

---

[3] One would expect Wal-Mart to have moved for summary judgment or *in limine* on the issue of Crawford's conscious pain and suffering if there was insufficient evidence in the record to create a jury question on that element of damages.

4

premises liability theories. The complaint included a survival claim and an claim for wrongful death. (Complaint, Doc. 1). On July 17, 2018, the discovery phase of the case ended. (Doc. 167). On December 17, 2018, almost four years to the day after Plaintiffs filed suit, Wal-Mart moved for summary judgment on all of Plaintiffs' claims." (Mtn for S.J., Doc. 186, PageID#12295). On January 28, 2019, the Court granted Wal-Mart summary judgment on Plaintiffs' wrongful death claim but denied summary judgment as to the survival claim. (Doc. 273). On November 24, 2020, Wal-Mart moved the Court to reconsider its denial of summary judgment on the survival claim. (Doc. 324). The Court denied Wal-Mart's (and Plaintiffs') Motion for Reconsideration by order dated February 12, 2021. (Doc. 326). Not until May 24, 2021 did Wal-Mart file anything alleging there is an unsettled question regarding the exceptions to Ohio's cap on noneconomic damages. (Wal-Mart Motion to Certify, Doc. 324).  Wal-Mart's Motion offers no explanation for why it took Wal-Mart so long to recognize or raise this issue.

III.     ARGUMENT AND AUTHORITY

    a.     Federal Courts are Obliged to Exercise the Full Extent of Their Diversity Jurisdiction Whenever Existing State Law Principles Offer a Reasonably Clear and Principled Basis for Determining State Law.

When sitting in diversity, federal courts have a "duty . . . to decide questions of state law whenever necessary to the rendition of a judgment." *Meredith v. Winter Haven*, 320 U.S. 228, 234, 64 S. Ct. 7, 88 L. Ed. 9 (1943).  Furthermore,

5

it is "the duty of the federal courts, where the state law supplies the rule of decision, to ascertain and apply that law even though it has not been expounded by the highest court of the State." *Fid. Union Tr. Co. v. Field*, 311 U.S. 169, 177, 61 S. Ct. 176, 85 L. Ed. 109 (1940). While federal courts have discretion to certify questions of new or unsettled state law, "mere difficulty in ascertaining local law is an insufficient basis upon which to certify a question of law to the highest court of a state." *Duryee v. U.S. Dep't of the Treasury*, No. Case C-2-88-778, 1995 U.S. Dist. LEXIS 21407, at *10-11 (S.D. Ohio Aug. 14, 1995). *See Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995) (certification most appropriate where state law is new or unsettled).

Indeed, the Sixth Circuit Court of Appeals considers itself and other federal courts *obliged* to exercise the full extent of their diversity jurisdiction and to rule upon unsettled questions of state law where established law and legal principles leave a reasonably clear outcome. *See Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). Federal courts "generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Id.* (citation omitted). Such an occasion arose in *Pennington,* where the Sixth Circuit was asked to certify a matter of first impression under Kentucky law regarding premiums for uninsured motorist coverage. The Court

6

denied certification because "the relevant [Kentucky] caselaw addressing UIM premiums and stacking provide[d] sufficient guidance to allow … a clear and principled decision[]" on the question State Farm wanted certified. Id. *See also Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 611 (6th Cir. 2012) (denying certification where it was clear that Michigan courts would not recognize the cause of action that appellant urged the Sixth Circuit to adopt). In summary, certification is an exception reserved for situations where it cannot be reasonably predicted how the state's highest court would rule on an issue. Wal-Mart's Motion to Certify does not present such a situation.

    b.    <u>Ohio Law Allows Recovery of Pain and Suffering Damages Whenever a Decedent Consciously Suffered for Any Period of Time.</u>

In Ohio, damages for a decedent's conscious pain and suffering that result from bodily injury can be recovered whenever a decedent consciously suffered for *any* period of time. See, e.g., Wilburn v. Cleveland Elec. Illuminating Co., 74 Ohio App. 3d 401, 413, 414 (1991).[4] For example, in *Wilburn,* the decedent was electrocuted when he touched a downed power line. The Court upheld the jury's award of noneconomic damages because the record established that the decedent was conscious long enough to spin around three times yelling, "Help me, help me," while he felt 4,200 volts of electricity burn through his body, catching his clothes on

---

[4] *Wilburn* was decided approximately 14 years before R.C. § 2315.1, which became effective April 7, 2005.

fire and [burning him]." Id. at 414, 599 N.E.2d at 309. An award for pain and suffering was permissible because Plaintiff "presented substantial evidence that showed [the decedent] experienced anguish and intense burning pain prior to lapsing into unconsciousness." Id.

Like the decedent in *Wilburn*, the evidence is that Crawford suffered between the time he was shot through his liver and the time he lost consciousness. Wal-Mart cites nothing in support of its belief that Crawford became unconscious the instant the first bullet entered his body, and he did not suffer an injury to areas commonly associated with near instantaneous death, such as the brain, spinal cord, or heart. As a result, there is no genuine dispute that Plaintiffs are entitled to introduce evidence of Crawford's conscious pain and suffering at trial in support of the survival claim.

    c.    <u>There is No Genuine Dispute that the Statutory Exceptions to Ohio's Caps on Noneconomic Damages Do Not Require a Decedent to Suffer More than a Few Minutes In Order for the Exceptions to Apply</u>.

Ohio Revised Code Section 2315.18(B)(3) lists the criteria that must be met in order for noneconomic damage awards based on bodily injury to be exempt from the statutory cap. It reads:

> There shall not be any limitation on the amount of compensatory damages that represents damages for noneconomic loss that is recoverable in a tort action to recover damages for injury or loss to person … if the noneconomic losses of the plaintiff are for either of the following:
> (a) Permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system; or

8

> (b) Permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.

R.C .§ 2315.18(B)(3). As written, Section 2315.18(B)(3) does not require that a plaintiff suffer for a minimum amount of time, let alone a "few minutes," before its exceptions apply. The plain terms of Section 2315.18(B)(3) exempt noneconomic damages from the cap whenever a plaintiff's pain and suffering results from an injury(ies) that cause: (a) permanent loss of a bodily organ system; or (b) permanently prevent the plaintiff from performing life-sustaining activities. *Id.* Both exceptions involve catastrophic injuries that might cause a plaintiff's death, whether seconds, minutes, or years after the plaintiff's initial injury.[5] The exceptions do not condition their applicability upon a plaintiff suffering these catastrophic injuries for minimum time period. Rather, the exceptions identify the severity and permanent life-changing aspects of the injuries as the characteristics that distinguish pain and suffering claims subject to the cap from claims that are not. To the extent Section

---

[5] The evidence shows that Crawford's fatal liver wound caused permanent loss of his digestive system and, ultimately, permanent failure of all bodily systems. The wound also directly and permanently prevented Crawford's body from performing the most basic life-sustaining activities. Significantly, Wal-Mart's Motion does not challenge whether Crawford's injuries meet the written criteria in R.C. § 2315.18(B)(3). Rather, Wal-Mart contends that Crawford did not suffer long enough to meet an unwritten condition that Wal-Mart wants tacked onto the statute.

9

2315.18(B)(3) imposes any kind of time requirement, it is simply that the injuries affect a plaintiff for the remainder of their life.

Wal-Mart contends Ohio law "is unsettled as to whether the damage caps on noneconomic recovery provided under R.C. § 2315.18 apply to a survival claim lasting a few minutes." (WM Memo., Doc. 334, PageID ## 20649). It points to the absence of any case law on this exact question as a ground for arguing that Ohio law is unsettled on this point. However, the lack of case law addressing a specific question does not give rise to an inference that a correct answer is in doubt. After all, courts can rule only on the issues that parties are willing to raise. Some questions, like the question Wal-Mart would have this Court certify, have obvious answers. Wal-Mart's proposed question for certification is not the stuff of which certified questions are made. This Court should reject Wal-Mart's invitation to rewrite the Ohio Revised Code by adding a temporal restriction to R.C. § 2315.18 the Ohio General Assembly did not include.

Under Ohio law, where "the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation." *Cline v. Ohio BMV*, 61 Ohio St. 3d 93, 96, 573 N.E.2d 77, 80 (1991). Wal-Mart does not even allege that Section 2315.18(B)(3) is ambiguously worded. Rather, Wal-Mart argues that its unwritten, self-drafted standard should be added to the legislature's written criteria. There is no reason to believe the Ohio Supreme

10

Court would give weight to Wal-Mart's proposed, unwritten conditions at the cost of reducing the number of claims that are exempt from the cap based on the statute's written criteria. Because there is no ambiguity in Section 2315.18(B)(3), Wal-Mart's argument fails.

Even if Section 2315.18(B)(3) contained some latent ambiguity that required statutory interpretation, Ohio courts "rely upon ordinary principles of statutory construction," and the primary rule "is to give effect to the legislature's intention." *Cline,* 61 Ohio St.3d at 97, 573 N.E.2d at 80. "In determining intent, it is the duty of the court to give effect to the words used, *not to delete words used or insert words not used.*" *Id.* (emphasis added). Wal-Mart essentially seeks certification on whether the language and standard Wal-Mart drafted should be added to the language of Section 2315.18(B)(3) in order to interpret the legislature's intent. Ohio law does not permit adding the words and conditions to Section 2315.18(B)(3) as Wal-Mart requests. Furthermore, the Court can assume the legislature included all the criteria it considered important for allowing exceptions to the cap when it drafted the exceptions. If anything, the absence of Wal-Mart's proposed standard from Section 2315.18(B)(3) is a strong indication the legislature considered such a standard irrelevant or undesirable to its legislative objectives.

d. <u>Wal-Mart's Motion to Certify is Untimely</u>.

"The Sixth Circuit has explained that '[l]ate requests for certification are disfavored.'" *Range v. Douglas*, No. 1:10-CV-473, 2015 U.S. Dist. LEXIS 7861, at *18 (S.D. Ohio Jan. 23, 2015) (Judge Barrett) (quoting *Shaheen v. Yonts*, 394 F. App'x 224, 233 (6th Cir. 2010)). "Untimeliness is itself a reason to deny the motion." *Id.* (quoting *Carolina Cas. Ins. Co. v. Panther II Transp., Inc.*, 402 F. App'x 62, 68 (6th Cir. 2010)). Accordingly, a motion to certify should be made early in a proceeding where possible.

Courts particularly disfavor motions to certify made after a district court has issued an adverse ruling. "The appropriate time for a party to seek certification of a state-law issue is before, not after, the district court has resolved the issue." State Auto Prop. & Cas. Ins. Co. v. Hargis, 785 F.3d 189, 194-95 (6th Cir. 2015). *See also Carolina Casualty,* 402 F. App's at 63, 68 (Sixth Circuit denied motion to certify made after adverse district court decision and after submitting its appellate brief); *Range*, 2015 U.S. Dist. LEXIS 7861, at *18 (Judge Barrett denies motion to certify made after the court had already addressed the issues sought to be certified); *Neeley v. Wolters Kluwer Health, Inc.,* 311 F.R.D. 427, 431 (E.D. Ky. 2015)(court denied plaintiff's motion to certify where the lawsuit was pending for roughly four years before being transferred, and certification was requested after the transfer and after the court ruled against plaintiff on defendant's motion for summary judgment);

12

*Riordan v. State Farm Mut. Auto. Ins. Co.,* 589 F.3d 999, 1003 (9th Cir. 2009)(district court properly adopted the magistrate's recommendations and denied a motion to certify a question regarding attorney's fees where state law was reasonably clear and the magistrate had already ruled contrary to Appellant on the attorney's fees issue).

This Court has not previously ruled on the precise issue that Wal-Mart wants to certify—whether the Supreme Court has constitutional authority to write laws. And unlike some of the decisions cited above, this the Court has not granted summary judgment against the party requesting certification. However, the principles underlying *Carolina Casualty, Hargis,* and *Range* remain applicable to Wal-Mart's Motion. Discovery ended about three years ago (Notation Order, Doc. 167), and Wal-Mart moved for summary judgment roughly thirty months ago. (Mtn for S.J., Doc. 186, PageID#12295). Wal-Mart was clearly aware of the record evidence regarding Crawford's conscious pain and suffering when it moved for summary judgment in December, 2018, and also in November, 2020, when it moved the Court to reconsider denial of summary judgment on the survival claim. (Doc. 324). If Wal-Mart's proposed question had been worthy of certification, then Wal-Mart was obliged to make its motion many months, if not years, ago. The timing of Wal-Mart's Motion suggests that Wal-Mart is pursuing certification with the hope of knocking out Plaintiff's largest potential damages category under the case's

13

present disposition. Plaintiffs cannot fault Wal-Mart's counsel for swinging for the fences. However, filing a motion to certify this late in the lawsuit, and only after twice being denied summary judgment on the survival claim, makes Wal-Mart's Motion precisely the kind of motion to certify that is heavily disfavored by the Sixth Circuit.

    e.    <u>Wal-Mart's Other Rationales to Support its Motion Are Without Merit</u>.

Wal-Mart also argues the Court should grant its Motion because the case will be delayed anyway by the pending interlocutory appeal, because clarity on the damage cap issue would allow the parties to make informed settlement decisions; and because the interests of judicial economy would be served by certifying its proposed question. None of these reasons have merit.

First, Plaintiffs' interlocutory appeal is irrelevant to the analysis of whether Wal-Mart's question is worthy of certification. Second, certifying Wal-Mart's question will not provide greater clarity and certainty, because the answer is already clear and certain under Ohio law. Third, Wal-Mart's Motion to Certify, even if granted, will not change the parties' static settlement posture. Finally, if Wal-Mart was concerned about judicial economy, it would have argued the cap issue in its motion for summary judgment or as a motion *in limine*. And certification of an easily answered question regarding Ohio law will certainly not promote judicial economy, at least as far as the Supreme Court of Ohio is concerned.

14

IV. CONCLUSION

Wal-Mart's Motion to Certify fails because it does not present a legitimate question on an uncertain issue under Ohio law. Additionally, the motion is untimely and therefore procedurally defective. Plaintiffs therefore request that the Court deny Wal-Mart's Motion.

Respectfully submitted this 7th day of June, 2021.

/s/ Dennis P. Mulvihill
_____
**Dennis P. Mulvihill (0063996)**
**WRIGHT & SCHULTE, LLC**
23240 Chagrin Blvd., Suite 620
Cleveland, OH 44122-5468
(216) 591-0133
(216) 591-0622 facsimile
dmulvihill@yourlegalhelp.com
*Counsel for Plaintiff, Tressa Sherrod, et al.*


/s/ Shean Williams
_____
**Shean Williams (Ga# 764139)**
**The Cochran Firm Atlanta**
Admitted Pro Hac Vice
100 Peachtree St. N.W., Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Facsimile: (404) 222-0170
sdw@sistrunklaw.com
*Counsel for Plaintiffs*

/s/ Samuel Starks
_____
**Samuel L. Starks (Ga# 676515)**
**The Cochran Firm Atlanta**
Admitted Pro Hac Vice
100 Peachtree St. N.W., Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Facsimile: (404) 222-0170 Atlanta, Georgia 30303

15

Telephone: (404) 222-9922
Facsimile: (404) 222-0170
sstarks@cochranfirmatl.com
*Counsel for Plaintiffs*

*/s/ Michael L. Wright*

_____
**Michael L. Wright (0067698)**
**Wright & Schulte, LLC**
130 W. 2nd Street, Suite 1600
Dayton, OH
(937) 435-7500
(937) 435-7511 facsimile
mwright@yourohiolegalhelp.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon Counsel for Defendant in the following manner:

| | |
|---|---|
| Patrick Kasson, Esq.<br>Reminger Co., LPA<br>Capitol Square Building<br>65 E. State Street, 4th Floor<br>Columbus, OH 43215<br>Telephone: (614) 228-1311<br>Facsimile: (614) 232-2410<br>pkasson@reminger.com | Kevin E. Hexstall<br>Pro Hac Vice Counsel for Walmart Defendants<br>Marshall Dennehey Warner Coleman & Goggin<br>2000 Market Street, Suite 2300<br>Philadelphia, PA 19103<br>Telephone: (215) 575-2642<br>Facsimile: (215) 575-0856<br>kehexstall@mdwcg.com |
| Edward J. Dowd<br>Surdyk, Dowd & Turner Co., LPA<br>8163 Old Yankee St., Suite C<br>Dayton, OH 45458<br>edowd@sdtlawyers.com<br>Telephone: (937) 222-2333<br>Facsimile: (937) 222-1970 | Neil F. Freund (#0012183)<br>Freund, Freeze & Arnold<br>Fifth Third Center<br>1 South Main Street, Suite 1800<br>Dayton, OH 45402-2017<br>Telephone: (937) 222-2424<br>Facsimile: (937) 222-5369<br>nfreund@ffalaw.com |

On the 7th day of June, 2021, via the Court's ECF docket system.

/s/ *Dennis P. Mulvihill*

_____

Dennis P. Mulvihill (0063996)

17