IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRESSA SHERROD, *et al.*,

       Plaintiffs,

    v.

OFFICER SEAN WILLIAMS, *et al.*,

       Defendants.

:

:

:

:

Case No. 3:14-cv-454

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT WAL-MART
STORES EAST, L.P.'S MOTION TO CERTIFY A STATE LAW
QUESTION TO THE SUPREME COURT OF OHIO (DOC. #334)

---

John Crawford, III, was shot two times by Beavercreek police officer Sean

Williams inside the Beavercreek Wal-Mart store. He was taken to the hospital, but

died of his injuries within minutes after his arrival. The executrix of his estate,

along with several family members, filed suit against Williams, another officer, the

Beavercreek Chief of Police and the City of Beavercreek. All of those claims have

been settled.

Plaintiffs also filed suit against Wal-Mart, alleging claims of negligence,

premises liability, survivorship, wrongful death, and loss of consortium. On

January 28, 2019, the Court granted summary judgment in favor of Wal-Mart on

the wrongful death claim. Doc. #273. Plaintiffs later filed a motion for

reconsideration, which the Court overruled. Doc. #326. On April 9, 2021, the

Court, pursuant to Fed. R. Civ. P. 54(b), entered final judgment on the wrongful death claim.  Doc. #327.  Plaintiffs have filed their Notice of Appeal.  Doc. #331.

This matter is currently before the Court on Defendant Wal-Mart Stores East, L.P.'s Motion to Certify a State Law Question to the Supreme Court of Ohio, Doc. #334.  Plaintiffs have filed a memorandum in opposition, Doc. #335, and Wal-Mart has filed a reply, Doc. #337.

Wal-Mart suggests that, while the Sixth Circuit Court of Appeals is considering the Court's dismissal of the wrongful death claim, the Supreme Court of Ohio could resolve an issue of first impression concerning damages on the pending survivorship claim.

Ohio law caps noneconomic damages in tort actions at:

> the greater of two hundred fifty thousand dollars or an amount that is equal to three times the economic loss, as determined by the trier of fact, of the plaintiff in that tort action to a maximum of three hundred fifty thousand dollars for each plaintiff in that tort action or a maximum of five hundred thousand dollars for each occurrence that is the basis of that tort action.

Ohio Revised Code § 2315.18(B)(2).  There are two exceptions, which are set forth in the next subsection of the statute.  The cap does not apply if the noneconomic losses of the plaintiff are for either of the following:

> (a) Permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system;
>
> (b) Permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.

Ohio Revised Code § 2315.18(B)(3).

Wal-Mart acknowledges that, on their face, both exceptions appear to apply to John Crawford, III.  One of the bullets tore through most of Crawford's liver, resulting in the "loss of a bodily organ system."  In addition, the bullet wound resulted in a "permanent physical functional injury" that permanently prevented him from being able to independently care for himself and perform life-sustaining activities.  Wal-Mart nevertheless argues that these exceptions to the caps for noneconomic damages are meant to benefit only those individuals who suffer *long-term* permanent injuries, not someone like Crawford, who died within several minutes of being shot.[1]

Wal-Mart notes that there appears to be no case law specifically addressing this subject.  Pursuant to Ohio Supreme Court Practice Rule 9.01(A), Wal-Mart therefore asks this Court to certify the following question to the Supreme Court of Ohio:

> **Does a claim for a few minutes of conscious pain and suffering, immediately preceding a decedent's death, fall within the exception to the damage caps on noneconomic recovery under R.C. § 2315.18(B)(3)(a)?**

Plaintiffs object to Wal-Mart's request for certification.  They point out that nothing in the language of the statute requires the plaintiff to suffer from his catastrophic injuries for a minimum period of time.  They object to Wal-Mart's attempt to amend the statute "by judicial fiat."  Doc. #335, PageID#20652.

---

[1]  There is a question of fact as to whether Crawford endured *any* conscious pain and suffering prior to succumbing to his injuries.

Plaintiffs also argue that Wal-Mart's request is untimely, having been filed only after the Court issued a dispositive ruling on the survivorship claim.

The parties, however, have failed to address the *threshold* question of whether Wal-Mart's request for certification satisfies the requirements of Ohio Supreme Court Practice Rule 9.01(A).  That Rule provides that a federal court may, in its discretion, certify a question of law to the Ohio Supreme Court if "there is a question of Ohio law that may be determinative of the proceedings and for which there is no controlling precedent in the decisions of [the] Supreme Court."

The parties appear to agree that the issue to be certified is a "question of Ohio law. . . for which there is no controlling precedent in the decisions of the Supreme Court."  However, because this is not a question of Ohio law "that may be determinative of the proceedings," certification is not appropriate.

"A question which may be determinative of a proceeding is one which would form the basis of the Court's disposition of one or more of a plaintiff's causes of action." *Professionals Direct Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., LPA*, No. 2:06-cv-240, 2008 WL 3925634, at *2 (S.D. Ohio Aug. 25, 2008) (Smith, J.) (citing *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 744 (6th Cir. 1999)). *See also Stevens v. City of Columbus,* No. 2:20-cv-1230, 2020 WL 7021422, at *2 (S.D. Ohio Nov. 30, 2020) (Marbley, J.) (holding that certification is warranted only if the question may be "outcome-determinative of the proceeding").

In this case, unless and until a jury finds that Crawford suffered conscious pain and suffering prior to succumbing to his injuries, and that Wal-Mart is liable in tort, there is no need to reach the question of whether the exception to the statutory cap on noneconomic damages applies.  Given that resolution of this question is not "determinative of the proceedings," the Court OVERRULES Wal-Mart's Motion to Certify a State Law Question to the Supreme Court of Ohio, Doc. #334.

Date: July 14, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE