THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES,
INC., *et al.*,

    Defendants.

Case No. 3:14-cv-454

Judge Walter H. Rice

---

ORDER SUSTAINING IN PART, OVERRULING WITH PREJUDICE IN PART, AND OVERRULING WITHOUT PREJUDICE IN PART MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING THE DESIGN OF PACKAGING FOR THE MK-177, ADEQUACY OF WARNING LABEL AND THAT WALMART ENCOURAGED CUSTOMERS TO REMOVE THE MK-177 FROM ITS PACKAGING OF DEFENDANTS WAL-MART STORES, INC., AND WAL-MART STORES EAST, L.P. (DOC. #346)

---

Before the Court is the Motion *In Limine* to Exclude Evidence and/or Argument Regarding the Design of Packaging for the MK-177, Adequacy of Warning Label and that Walmart (*sic*) Encouraged Customers to Remove the MK-177 From its Packaging ("Motion") of Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (collectively, "Wal-Mart").[1] (Doc. #346). Wal-Mart argues

---

[1] The Motion was not brought on behalf of Defendant Wal-Mart Store #2124. However, the Court assumes that any company-wide policies or lack thereof would apply equally to Store #2124.

that "there is zero evidence to demonstrate Wal-Mart encouraged Mr. Crawford to take out the MK-177 (let alone that Wal-Mart encouraged all customers to do the same) and carry it throughout the premises[,]" and that any argument suggesting same should be excluded as speculative. (*Id.* at PAGEID 20720).[2] Wal-Mart claims that, because the decedent, John H. Crawford, III, was a legal adult at the time of the shooting, Ohio's "attractive nuisance" doctrine does not apply, and "there is no testimony that Wal-Mart encouraged Mr. Crawford to do anything." (*Id.* at PAGEID 20722, citing *Bennet v. Stanley,* 92 Ohio St. 3d 35, 43 (2001)). Wal-Mart further argues that "to the extent the box was designed to be opened, . . . Wal-Mart cannot be liable for the design of that box." (*Id.*).

In their memorandum *contra*, Plaintiffs note that Wal-Mart conceded in responses to interrogatories that "[c]ustomarily, the Walmart Beavercreek store allowed customers to remove most merchandise, including pellet rifles from the packaging, to inspect the merchandise and determine whether they wish to purchase it." (Doc. #359, PAGEID 20857 (alterations in original) (citation omitted)). Further, Wal-Mart's corporate representative, Tim Hart, testified in a sealed deposition that customers were allowed to take the MK-177 out of the box to see how it fits on one's shoulder. (*Id.*, citing T. Hart Depo., Doc. #260, PAGEID

---

[2] Plaintiffs state that they "do not intend to present evidence criticizing the design and packaging of the MK-177," and that they "do not contend that the packaging for the MK-177 was improper or unsafe, or that the warning label on the packaging was inadequate." (Memo. in Opp., Doc. #359, PAGEID 20856). Accordingly, the first two parts of Wal-Mart's Motion, regarding packaging and the warning label, are OVERRULED WITHOUT PREJUDICE, subject to renewal if Plaintiffs decide to make the above contentions.

2

18672). This evidence formed one of the bases for the opinion of Plaintiffs' expert, Gary White, that Wal-Mart engaged in negligent practices with respect to allowing customers to handle MK-177s without an associate present. (*Id*. at PAGEID 20857-58). Thus, Plaintiffs argue, the evidence regarding Wal-Mart's practice of allowing pellet guns to be removed from their packaging and handled by customers is relevant and admissible. (*Id*. at PAGEID 20858-59).

In Reply, Wal-Mart argues that the MK-177's packaging was designed for customers at any store, not just Wal-Mart, and that Wal-Mart displayed the MK-177 "just as everybody else does in the industry." (Doc. #367, PAGEID 20895-96, quoting Doc. #260, PAGEID 18672, 18704). Also, Wal-Mart argues that White did not rely on any purported policy by Wal-Mart regarding encouraging customers to unbox and carry pellet guns in the store; nor would he have had any reason to, because "as previously recognized by this Court, Ohio is (1) an Open Carry state; and (2) no safety and/or security measure requirements for the sale of non-lethal air or pellet rifles, either through industry practice or state law, existed at any relevant time." (*Id*. at PAGEID 20896, citing Decision and Entry, Doc. #280, PAGEID 20076).

> Ultimately, Wal-Mart permitting customers to unbox and inspect a product, as intended and designed by the manufacturer, was perfectly legal and exceedingly typical process for both the customer and the retailer, as there were no regulations, industry restrictions, or policies pertaining to air rifles at any of the relevant times. Further, there is zero evidence in the record that Wal-Mart had a policy to *encourage* their customers to unbox an MK-177 and carry it around the store.

(*Id*. at 20897 (emphasis in original)).

3

The Federal Rules of Evidence are liberal with respect to relevance and admissibility. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED.R.EVID. 401. Relevant evidence, in turn, is admissible unless otherwise specifically proscribed. FED.R.EVID. 402. Here, Hart's testimony regarding Wal-Mart's policy of allowing customers to take MK-177s out of the packaging informed White's opinion that Wal-Mart was negligent in its store practices—an opinion that the Court has concluded that he is qualified to give. (Decision and Entry, Doc. #280). Thus, evidence about the policy is relevant and admissible. Wal-Mart's arguments about the legality and commonality of that policy, and the lack of prohibitions on it, go to the weight accorded White's opinion—a jury determination—rather than one of admissibility. Thus, to the extent the Motion seeks to exclude evidence of Wal-Mart's policy allowing customers to unbox and hold MK-177s, it is overruled.

However, to the extent Plaintiffs are contending that Wal-Mart has a policy that encourages customers to carry opened pellet guns around its stores, such a contention is rank speculation. Plaintiffs do not direct the Court to any portion of Hart's testimony, or any other evidence, suggesting that Wal-Mart encouraged customers, expressly or implicitly, to walk around the stores while carrying open air rifles or pellet guns. As there is no articulable basis known to the Court for White to form such an opinion, the Motion must be sustained as to that contention.

4

For the foregoing reasons, Wal-Mart's Motion (Doc. #346) is SUSTAINED as to any alleged policy encouraging customers to walk around Wal-Mart stores with open air rifles or pellet guns, OVERRULED WITH PREJUDICE as to any policy encouraging customers to remove products, including MK-177s, from their packaging, and OVERRULED WITHOUT PREJUDICE as to any purported flaws in design and packaging of the MK-177 or any supposed deficiency in the warning label, subject to renewal if Plaintiffs make such contentions at trial.

IT IS SO ORDERED.

August 27, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT