THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES, INC., *et al.*,

    Defendants.

:
:
:
:

Case No. 3:14-cv-454

Judge Walter H. Rice

---

ORDER OVERRULING WITHOUT PREJUDICE MOTION *IN LIMINE* TO EXCLUDE PHOTOGRAPHS PURPORTEDLY DEPICTING SECURITY AND SAFETY MEASURES OF DEFENDANTS WAL-MART STORES, INC., AND WAL-MART STORES EAST, L.P. (DOC. #345), SUBJECT TO RENEWAL IN THE FORM OF OBJECTIONS AT TRIAL WITH RESPECT TO INDIVIDUAL PICTURES

---

Before the Court is the Motion *In Limine* to Exclude Photographs Purportedly Depicting Security and Safety Measures for Various Retail Products Displayed Across Retail Stores in California ("Motion to Exclude") of Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (Doc. #345).[1]  Wal-Mart's Motion focuses on photographs taken by Plaintiffs' retail expert, Gary White, in

---

[1] The Motion was not brought on behalf of Defendant Wal-Mart Store #2124.  However, the Court assumes that any company-wide policies or lack thereof would apply equally to Store #2124.

2017, three years after the events in question in this litigation, and used in his expert report ("White Report"), regarding "how *other* retailers display various items in their stores[.]" Defendant contends that these are irrelevant, given that the photos "do not document the underlying product, a MK-177 BB/Air Rifle ('MK-177')[,]" and that this Court has already found that there was no standard of care as to packaging pellet guns such as MK-177s at the time of John H. Crawford, III's death. (*Id.* at PAGEID 20716 (emphasis in original), quoting Decision and Entry, Doc. #280, PAGEID 20076). Wal-Mart argues that, because the purported safety standards were only implemented after the shooting, "the purported safety and security measures allegedly demonstrated by these photographs contained in the White Report are irrelevant and completely speculative, lacking any probative value." (*Id.* at PAGEID 20716-17, citing *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 886 (6th Cir. 2004)). Wal-Mart further claims that, because store security measures, such as spider wrap, are often used to deter theft, "Plaintiffs cannot establish that those measures were taken for security [purposes,] or [whether] it's just part of those companies' theft deterrent programs." (*Id.* at PAGEID 20717). "As a result, any use of the photographs taken by Mr. White, three years later in California, should be precluded." (*Id.*).

In their memorandum *contra*, Plaintiffs emphasize that the Federal Rules of Evidence are liberal with respect to relevance, defining it as "'any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action[,]'" (Memo. in Opp., Doc. #354,

2

PAGEID 20833, quoting FED.R.EVID. 401(a-b)), and stating that relevant evidence is admissible absent circumstances not present here, (*id.* at PAGEID 20833-34, quoting FED.R.EVID. 402). Plaintiffs argue that demonstrative evidence such as the photographs at issue is useful "to help the jury better understand [White's] opinions and the facts at issue[,]" and should be allowed unless the probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or [is] needlessly cumulative[.]" (*Id.* at PAGEID 20834, quoting FED.R.EVID. 403; citing FED.R.EVID 1006).

To that end, Plaintiffs assert that the admissibility of "these photographs should be determined based on each individual photograph and the purpose for which Mr. White has used and relied on the photograph." (Doc. #354, PAGEID 20834). The Court agrees. It has already overruled the motion *in limine* to exclude White's testimony (Doc. #280, citing Motion, Doc. #188), and White must be allowed to present the opinion the Court deemed him qualified to give. That includes being able to use evidence, demonstrative or otherwise, that supports and was used to formulate his expert opinion. Wal-Mart does not cite any rule of evidence to support its prayer for a blanket preemptive prohibition, and it overstates the import of *Tompkin*. In that case, without explaining its rationale, "the district court entered an order 'tentatively' granting the defendants' motion *in limine* to exclude evidence of or reference to conduct or documents of non-party tobacco companies[,]" a ruling that, one month later, it declined to reconsider. 362 F.3d at 898. The United States Court of Appeals for the Sixth Circuit, in

3

affirming the district court decision, did not conclude that the court was correct to exclude such evidence; rather, it concluded that plaintiff was not prejudiced because "[s]he has not identified any specific piece of evidence that was excluded by the district court's ruling." *Id.* at 899.

If Wal-Mart thinks that a certain photograph is irrelevant or unduly prejudicial, then it may object at the time of attempted publication at trial. However, its request for a blanket exclusion violates the spirit of Rules 401 and 402 and is legally unsupported.

Accordingly, Wal-Mart's Motion to Exclude is OVERRULED WITHOUT PREJUDICE to renewal at trial in the form of objections upon an attempt to publish or introduce individual photographs.

IT IS SO ORDERED.

August 27, 2024

*Walter N. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT