THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES,
INC., *et al.*,

    Defendants.

Case No. 3:14-cv-454

Judge Walter H. Rice

---

ORDER OVERRULING AS MOOT MOTION AND FOR
RECONSIDERATION BY DEFENDANTS WAL-MART STORES, INC.,
AND WAL-MART STORES EAST, L.P. (DOC. #348) OF COURT'S
ORDER REGARDING SETOFF AND APPORTIONMENT OF LIABILITY
(DOC. #315)

---

Before the Court is the Motion for Partial Reconsideration by Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (collectively, "Wal-Mart") (Doc. #348)[1] of the Court's Order Regarding Setoff and Apportionment of Liability. (Doc. #315). Wal-Mart argued that it was "entitled to a setoff to prevent a double recovery by the Plaintiffs[,]" and proposed to accomplish this setoff as follows: "if

---

[1] The Motion was not brought on behalf of Defendant Wal-Mart Store #2124. However, the Court assumes that any order regarding setoff and apportionment of liability with respect to Wal-Mart would apply equally to Store #2124.

the jury apportions no fault to the Beavercreek Defendants[2], Wal-Mart then has the right to choose between: (1) the apportionment of liability as determined by the jury; or (2) a setoff equal to the amount of Plaintiffs' settlement with the Beavercreek Defendants with respect to the survivorship claim." (*Id*. at PAGEID 20546, citing OHIO REV. CODE § 2307.28-29).

On September 2, 2020, the Court rejected Wal-Mart's argument, noting that "[t]he setoff statute applies only when a 'release . . . is given in good faith to one of two or more persons for the same injury or loss to person or property or the same wrongful death." (Doc. #315, PAGEID 20547, quoting OHIO REV. CODE § 2307.28). As the release among Plaintiffs and Beavercreek Defendants did not include any reduction in liability for other tortfeasors, and the Butler County, Ohio, Probate Court "allocated 100% of the net settlement proceeds to the wrongful death claim, and 0% to the survivorship claim[,]" the Beavercreek Defendants essentially paid $0 for Plaintiffs to release their survivorship claim against them. (*Id.*, citing Probate Court Order, Doc. #312-1). Thus, liability at trial for Wal-Mart on the survivorship claim remained unchanged, and the Court concluded that "in the unlikely event that the jury apportions no liability to the Beavercreek Defendants on the survivorship claim, the setoff statute on which Wal-Mart relies

---

[2] The City of Beavercreek, Ohio, and Beavercreek Police Officer Sean C. Williams, Sergeant David Darkow, and Chief (Ret.) Dennis Evers were collectively referred to in the Order as the "Beavercreek Defendants." (Doc. #315, PAGEID 20542). Plaintiffs reached a settlement with the Beavercreek Defendants, and they were dismissed from the case on April 14, 2020. (Stipulation, Doc. #298).

2

will be of no use." (Doc. #315, PAGEID 20547, citing OHIO REV. CODE § 2307.28(A)).

> [P]ursuant to Ohio Revised Code § 2307.23, the jury will return a general verdict on the survivorship claim, accompanied by answers to interrogatories, in which it will apportion fault between the Beavercreek Defendants, Wal-Mart and possibly Ronald Ritchie. Wal-Mart will be legally responsible only for its proportionate share of the compensatory damages that represent noneconomic loss. Even if the jury apportions no fault to the Beavercreek Defendants, Wal-Mart is not entitled to any setoff under the circumstances presented here.

(*Id*. at PAGEID 20548).

Wal-Mart notes that, at the time the Order was entered, Wal-Mart had received summary judgment on Plaintiff's wrongful death claim in this Court, which certified the dismissal of the wrongful death claim for interlocutory appeal. Thus, only the survivorship claim remained for trial. (Motion, Doc. #348, PAGEID 20730, citing Decision and Entry, Doc. #273, PAGEID 20018). Subsequently, the United States Court of Appeals for the Sixth Circuit reversed this Court and reinstated Plaintiffs' wrongful death claim. *Sherrod v. Wal-Mart Stores, Inc.*, No. 21-3428, 2022 WL 17176780 (6th Cir. Nov. 23, 2022). However, that decision was vacated due to "the authoring judge in this matter ha[ving] discovered a conflict of interest that if known earlier would have required her recusal." *Sherrod v. Wal-Mart Stores, Inc.*, 2023 WL 2938505, *1 (6th Cir. Apr. 11, 2023). On rehearing, the Sixth Circuit dismissed the appeal for lack of jurisdiction, holding that certification of the interlocutory appeal was improper. *Sherrod v. Wal-Mart Stores, Inc.*, 103 F.4th 410, 414-15, 416 (6th Cir. 2024), *petition for reh'g en banc denied at* 2024 WL 3434460 (6th Cir. Jul. 3, 2024). In doing so, the Sixth

Circuit restored this Court's grant of summary judgment to Wal-Mart on Plaintiffs' wrongful death claim, again leaving only Plaintiffs' survivorship claim for trial.

In its Motion, Wal-Mart does not disagree with the Court's previous conclusion that it is not entitled to setoff as to Plaintiffs' survivorship claim. While it argues that it is entitled to setoff on a wrongful death claim (Doc. #348, PAGEID 20730-31), Wal-Mart again has an adjudication in its favor on that claim, meaning it has no potential liability on that claim. Thus, Wal-Mart's Motion is OVERRULED AS MOOT.

IT IS SO ORDERED.

August 27, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT