THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES,
INC., *et al.*,

    Defendants.

Case No. 3:14-cv-454

Judge Walter H. Rice

---

ORDER SUSTAINING IN PART AND OVERRULING IN PART MOTION *IN LIMINE* AND FOR PARTIAL RECONSIDERATION REGARDING ALLEGED ACTIVE NEGLIGENCE OF DEFENDANTS WAL-MART STORES, INC., AND WAL-MART STORES EAST, L.P. (DOC. #349)

---

Before the Court is the Motion *in Limine* and for Partial Reconsideration Regarding Alleged Active Negligence of Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (collectively, "Wal-Mart").[1] (Doc. #349). On January 28, 2019, this Court sustained in part and overruled in part Wal-Mart's Motion for Summary Judgment, holding in relevant part that Wal-Mart could be liable under an "active negligence by act or omission" exception to the "open-and-obvious" doctrine. (Decision and Entry, Doc. #273, PAGEID 19997). Specifically:

---

[1] The Motion was not brought on behalf of Defendant Wal-Mart Store #2124. However, the Court assumes that any active negligence attributable to Wal-Mart would apply equally to Store #2124.

> Plaintiffs have alleged that Wal-Mart failed to exercise reasonable care (1) in its display of the pellet rifles, (2) in failing to return the unpackaged pellet rifle to its box, (3) in failing to warn Crawford of the danger associated with carrying an unpackaged pellet rifle in the store, and (4) in failing to adequately monitor Crawford's movements so that it could obtain the unpackaged pellet rifle from him before he was shot. As such, the Court rejects Wal-Mart's argument that the "open-and-obvious danger" doctrine precludes Plaintiffs' claims.

(*Id.* (numeration added)).

Wal-Mart argues that since this Court's decision, "Ohio courts have clarified that active negligence cannot (1) be an omission; and (2) [cannot] occur from a static condition, which existed for a period of time. As a result, this Court should preclude any argument on active negligence and reconsider its decision, to follow Ohio law." (Doc. #349, PAGEID 20736-37, quoting *Wulf v. Bravo Brio Rest. Grp.*, 2019-Ohio-3434, 142 N.E.3d 123, ¶ 23 (12th Dist.); citing *Lowe v. Local Union No. 14 U.A.W.*, 2020-Ohio-703, 145 N.E.3d 363, ¶ 35 (6th Dist.); *Dunn v. Heineman's Winery*, 6th Dist. Ottawa No. OT-14-044, 2015-Ohio-4054, ¶¶ 12-13 (Sept. 30, 2015)). Wal-Mart further asserts that the "*Simmons* case, relied upon by the Court, has also been clarified." (Doc. #349, PAGEID 20737, citing *Simmons v. Am. Pacific Enters.*, 2005-Ohio-6957, ¶22 (10th Dist. 2005)). Specifically, the holding in *Simmons* that a premises owner can be liable for active negligence was limited to instances only when the hazard was created contemporaneously with or immediately before the injury. (*Id.*, citing *Routzahn v. Garrison*, 2d Dist. Montgomery No. 21190, 2006-Ohio-3652, ¶35 (Jul. 14, 2006)). Wal-Mart claims that because the MK-177 picked up by the decedent, John H. Crawford, III, had been unboxed for more than a day, Plaintiffs may not

2

proceed on an active hazard theory. (*Id*. at PAGEID 20737-38, citing Memo. in Opp. to Wal-Mart Motion for Summary Judgment, Doc. #214, PAGEID 13068).

In their memorandum *contra*, Plaintiffs argue that the cases relied upon by Wal-Mart do not set forth new law; rather, they are factually distinguishable and merely reiterate the longstanding distinction between "static," or passive, conditions and active hazards on the property that violate an "owner's duty not to injure its invitees by negligent activities conducted on the premises.". (Doc. #357, PAGEID 20845-46, quoting *Wulf*, 2019-Ohio-3434, ¶23; citing *Lowe*, 2020-Ohio-703, ¶ 35). Plaintiffs also claim that there is no precise time at which a property hazard or feature becomes static, meaning that, when construed in the light most favorable to the Plaintiffs, a rational trier of fact could conclude that the unboxed MK-177 was an active hazard and the open-and-obvious doctrine does not apply. (*Id*. at PAGEID 20846, citing *Routzahn v. Garrison*, 2d Dist. Montgomery No. 21190, 2006-Ohio-3652, ¶¶ 33-35 (Jul. 14, 2006)). Thus, Plaintiffs argue, there is no need for the Court to revisit its prior decision. (*Id*. at PAGEID 20847).

Wal-Mart responds that Ohio caselaw is consistent that anything set in place beyond a "mere matter of minutes" ceases to be an active hazard. (Reply, Doc. #363, PAGEID 20875, quoting *Routzahn*, 2006-Ohio-3652, ¶ 35; citing *Simmons*, 2005-Ohio-6957, ¶ 22). Wal-Mart argues that Plaintiffs' quotation of this Court's language that the MK-177 had been unboxed for at least two hours prior to Crawford picking it up means that, as a matter of law, the open MK-177 was a static condition, rather than an active hazard. (*Id*. at PAGEID 20876, quoting Doc.

3

#357, PAGEID 20845). Wal-Mart asserts that Plaintiffs' reliance upon *Routzahn* and *Simmons* is misplaced, as the *Routzahn* Court concluded that, after several minutes, an active hazard had become a static condition, and the "open-and-obvious" doctrine applied (*id.* at PAGEID 20877, citing *Routzahn*, 2006-Ohio-3652, ¶¶ 36-37). *Simmons*, meanwhile, dealt with a dockplate that was removed while the plaintiff was unloading freight on the dock; in other words, the active hazard was not preexisting, but happened in real time. (*Id.*, citing *Simmons*, 2005-Ohio-6957, ¶ 22). As, under Ohio law, the MK-177 sitting unboxed on the shelf could not have been an active hazard, Wal-Mart asks that the Court reconsider its previous Order and preclude Plaintiffs from raising an active negligence theory. (*Id.*, citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004)).[2]

On August 5, 2024, Wal-Mart filed a Notice of Supplemental Authority, asserting that "more Ohio and federal caselaw now supports reconsideration of the active negligence issue." (Notice, Doc. #376, PAGEID 20948). *First*, in *Bernard v. Wal-Mart, Inc.*, this Court recognized the distinction between active hazards and passive conditions, and concluded that the former applied only "because the plaintiff had alleged an injury that arose out of store employee's own *physical act* at the time of the incident[.]" (*Id.* (emphasis in original), citing *Bernard*, No. 3:20-cv-282, 2023 WL 4594377, *4 (S.D. Ohio Jul. 18, 2023) (Rose, J.)). *Second*, in

---

[2] On August 14, 2024, Plaintiffs filed a Response to Supplemental Authority (Doc. #379), which the Court discusses in relevant part in its analysis.

4

*Collett v. Sharkey*, the court again differentiated between active hazards and passive conditions based on the amount of time that the condition existed. (*Id.* at PAGEID 20949, citing *Collett*, 1st Dist. Hamilton No. C-200446, 2021-Ohio-2823, ¶ 11 (Aug. 13, 2021)). The court held that "[w]here the hazard existed prior to the time the plaintiff encounters the hazard, it is a static condition[.]" (*Id.*, quoting *Collett*, 2021-Ohio-2823, ¶ 11). Wal-Mart argues that Plaintiffs' contention that the MK-177 was on the shelf and out of its packaging more than a day prior to Crawford picking it up "renders Plaintiff's premises liability theory to one based only on static negligent conditions." (*Id.*, citing Doc. #214, PAGEID 13068).[3]

While motions for reconsideration are not expressly provided in the Federal Rules of Civil Procedure, part of this Court's inherent authority to manage its cases is the ability to reconsider interlocutory decisions; "every order short of a final decree is subject to reopening at the discretion of the district judge[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983). "Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Northeast Ohio Coalition for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio. 2009) (Marbley, J.).

Wal-Mart cites no new caselaw from the Supreme Court of Ohio or any new evidence that would cause the Court to reconsider its decision. Nonetheless, the

---

[3] Plaintiffs filed a Response to Wal-Mart's Notice (Doc. #379), which is discussed below. Wal-Mart filed a brief Reply (Doc. #380), which the Court has considered and concluded that it does not affect its analysis.

5

caselaw cited leads the Court to conclude that its prior Decision was, in part, a clear error. While there is no specified amount of time that must elapse before a danger on store premises transforms from active to passive, the cases cited by Wal-Mart consistently held that to be an active hazard, the hazard must be created either contemporaneously with Plaintiff happening upon it or almost immediately thereafter. Yet, by Plaintiffs' own contentions, the MK-177 was removed from its packaging and had been picked up by other customers at least two hours, prior to Crawford happening upon the pellet gun. (Doc. #357, PAGEID 20845).

In their Response to Supplemental Authority, Plaintiffs argue "this Court correctly ruled that 'the question of how long the pellet rifle was unpackaged, if at all, must be resolved by a jury after viewing the relevant surveillance videos.'" (Doc. #379, PAGEID 20956, citing Doc. #273, PAGEID 20006). However, Plaintiffs go on to cite the Court's previous observation that "video footage from the pellet gun aisle shows an individual removing a pellet rifle from its box at approximately 6:10 p.m., on August 5, 2014, and two other individuals picking up the rifle before Crawford at approximately 8:18 p.m." (*Id.*, quoting Doc. #273, PAGEID 20005). If, as Plaintiffs represent, the MK-177 at issue was taken out of its packaging at least two hours prior to Crawford picking it up, then as a matter of Ohio law, the pellet gun being unboxed and on display as such was a passive condition. Consequently, Plaintiffs may not proceed on an active hazard theory as to those portions of their argument, and the Motion must be sustained to that extent.

6

However, the remainder of the Court's Order addressed Wal-Mart's alleged failures (1) to warn Crawford of the dangers of carrying an unpackaged pellet gun around the store, and (2) to monitor Crawford's movements after he picked it up. (Doc. #273, PAGEID 19997). Obviously, the danger of Crawford picking up and carrying the MK-177 happened at the same time as the fatal shooting. Thus, Plaintiffs may still proceed on an active hazard theory with respect to those portions of their argument, and the Motion is overruled to that extent.[4]

For the foregoing reasons, Wal-Mart's Motion (Doc. #349) is SUSTAINED as to Plaintiffs' argument that Wal-Mart created in active hazard in supposedly allowing the MK-177 to be unboxed on display at the time Crawford picked it up. It is OVERRULED in all other respects.

IT IS SO ORDERED.

August 27, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[4] In their Response to Additional Authority, Plaintiffs note that breach of duty in a premises-liability action may be proved in any one of three ways. (Doc. #379, PAGEID 20955, quoting Doc. #273, PAGEID 2004-05; citing *Simmons v. Quarry Golf Club, LLC*, 2016-Ohio-525, 60 N.E.3d 454, ¶ 26 (5th Dist.)). The Court, in its Order, does not intend to prevent Plaintiffs from arguing that Wal-Mart breached its duty of reasonable care in failing to secure the MK-177, only that they may not argue that the unboxed MK-177 was an active hazard at the time Crawford picked it up.

7