THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES,
INC., *et al.*,

    Defendants.

Case No. 3:14-cv-454

Judge Walter H. Rice

---

ORDER OVERRULING MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
AND ARGUMENT REGARDING WAL-MART FAILING TO PROVIDE
NOTICE AND/OR SIGNAGE THAT OHIO IS AN OPEN CARRY STATE
OF DEFENDANTS WAL-MART STORES, INC., AND WAL-MART
STORES EAST, L.P. (DOC. #350)

---

Before the Court is the Motion *in Limine* to Exclude Evidence and Argument Regarding Wal-Mart Failing to Provide Notice and/or Signage that Ohio is an Open Carry State of Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (collectively, "Wal-Mart").[1] (Doc. #350). Wal-Mart notes that under Ohio law, there is a presumption that customers are aware that open carry of a firearm in a business is legal, and unless a business owner expressly intends to opt out of

---

[1] The Motion was not brought on behalf of Defendant Wal-Mart Store #2124. However, the Court assumes that any company-wide policies or lack thereof would apply equally to Store #2124.

allowing open carry, the owner is not required by law to post signage about open carry in its store. (*Id*. at PAGEID 20740-41, citing *State v. Massingill*, 8th Dist. Cuyahoga No. 109818, 2021-Ohio-2674, ¶15 (Aug. 15, 2021); Gary White Dep., Doc. #224-1[2], PAGEID 15651). Wal-Mart argues that, because individuals are presumed to know the law, and Wal-Mart was not required to notify customers that it allowed open carry, the opinion of Plaintiffs' expert, Gary White, that Wal-Mart was negligent in not posting a sign reading, "Walmart is not a follower in all of the policies and procedures of other retail stores," is speculative and irrelevant, and should be excluded. (*Id*., quoting Doc. 224-1, PAGEID 15652). It should further be excluded, Wal-Mart asserts, because White conceded that he cannot determine whether "Walmart's decision to allow the open carry of firearms in its stores in Ohio . . . in any way play[ed] into Mr. Crawford's death." (*Id*., quoting Doc. 224-1, PAGEID 15651).

Plaintiffs do not dispute that: (1) customers are presumed to know the law; (2) it was lawful for an individual to open carry in Wal-Mart under Ohio law; (3) Wal-Mart took no position on whether it wanted customers to be able to open carry in Wal-Mart stores; and (4) Beavercreek, Ohio, police responding to Ronald Ritchie's 911 call were aware of Ohio's open carry law and its application to Wal-Mart. (Memo. in Opp., Doc. #353, PAGEID 20764). However, they argue that Wal-Mart's lack of any open carry policy or signage, and its not notifying customers that open carry was permissible in the store, while both legal, are

---

[2] White's deposition was filed under seal. (Notice of Filing, Doc. #224).

2

evidence of a lack of reasonable care in ensuring the premises were "in a reasonably safe condition so that [decedent John H. Crawford, III] would not be exposed to danger unreasonably or unnecessarily." (*Id.* at PAGEID 20765). They note that the Court, in adjudicating Wal-Mart's summary judgment motion, rejected Wal-Mart's position that "because Ohio is an open carry state, it was unforeseeable that a customer lawfully carrying a pellet rifle in the store would be shot and killed by a policeman[,]" and instead concluded, "as a matter of law, that Wal-Mart had a duty to take reasonable precautions to protect its business invitees from the dangers associated with the unsecured display of the MK-177 pellet rifles." (*Id.* at PAGEID 20765-66 (internal quotation marks omitted), quoting Decision and Entry, Doc. #273, PAGEID 19999, 20001).

Plaintiffs further note that the Court, in its Decision overruling Wal-Mart's motion *in limine* to exclude White's testimony entirely, held that White was qualified to give an opinion on whether Wal-Mart met industry standards, and that any perceived deficiencies in his qualifications and opinion (a) could be brought out by Wal-Mart on cross-examination, and (b) go to the weight the jury should afford his opinion, rather than the admissibility of his opinions at all. (Doc. #353, PAGEID 20766-67, quoting Decision and Entry, Doc. #280, PAGEID 20075-76, 20079). They argue that, because White's opinion has been adjudged relevant and admissible, he should be allowed to testify about whether Wal-Mart's lack of notice or signage to customers or policy regarding customers open carrying

3

constituted a breach of its duty of care. (*Id.* at PAGEID 20767-68, citing FED.R.EVID. 401-02).

In its Reply, Wal-Mart reiterates its position that, because Wal-Mart was not required to post any signage about open carry, "[t]o allow Plaintiffs to argue or present the expected, speculative testimony of Mr. White that Wal-Mart *should have* posted notice and/or signage regarding Ohio's Open Carry laws would only result in the prejudice to Wal-Mart[.]" (Doc. #368, PAGEID 20900 (emphasis in original), citing S.C. Williams Dep., Doc. #121, PAGEID 2451; Doc. #224-1, PAGEID 15606, 15651;).

As Plaintiffs note, White's opinion that Wal-Mart "has no policy against guns being carried in their stores" and "neither has a public statement [n]or posting of a policy for customers who intend to carry guns while shopping" was known to Wal-Mart and the Court at the time Wal-Mart moved to exclude White entirely and when the Court overruled that motion. (Doc. #353, PAGEID 20766-67, quoting White Report, Doc. #353-1, PAGEID 20831, ¶ 11; citing Motion to Exclude, Doc. #188; Doc. #224-1; Doc. #280). The Court also sees no reason to depart from its previous ruling that White's "extensive experience in the retail industry" cleared the *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579 (1993), hurdle and enabled him to testify as to standard of care. This previous ruling encompasses the opinions White has as to Wal-Mart's open carry notices and policies or lack thereof (Doc. #280, PAGEID 20075); any perceived shortcomings in his opinion as to the adequacy of training and staffing policies (a) may be addressed by Wal-Mart

4

on cross-examination; and (b) go to the weight afforded the evidence, a jury determination. (*Id.* at PAGEID 20075-76).

For the foregoing reasons, Wal-Mart's Motion (Doc. #350) is OVERRULED. White may testify on the question of whether Wal-Mart adhered to the standard of care on notice or signage as to Ohio being an open carry state.

IT IS SO ORDERED.

August 27, 2024

*Walter W. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT