THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,                    :

     Plaintiffs,                         Case No. 3:14-cv-454

     v.                              :       Judge Walter H. Rice

WAL-MART STORES,
INC., *et al.*,                              :

     Defendants.

---

ORDER OVERRULING MOTION *IN LIMINE* TO PRECLUDE ARGUMENT
OR EXPERT OPINION AS TO LACK OF TRAINING AND STAFFING AS
WELL AS A STANDARD OF CARE FOR SECURING A MK-177 BB/AIR
RIFLE OF DEFENDANTS WAL-MART STORES, INC., AND WAL-MART
STORES EAST, L.P. (DOC. #347)

---

Before the Court is the Motion *in Limine* to Preclude Argument or Expert

Opinion as to Lack of Training and Staffing as well as a Standard of Care for

Securing a MK-177 BB/Air Rifle ("Motion") of Defendants Wal-Mart Stores, Inc.,

and Wal-Mart Stores East, L.P. (collectively, "Wal-Mart").[1] (Doc. #347). Wal-Mart

argues that while Plaintiffs' expert, Gary White, presumably intends to be critical of

Wal-Mart's training and staffing, White could not aver that any additional training

---

[1] The Motion was not brought on behalf of Defendant Wal-Mart Store #2124. However, the Court
assumes that any company-wide policies or lack thereof would apply equally to Store #2124.

could have prevented the fatal shooting of the decedent, John H. Crawford, III,

much less what that training would have been.  (*Id.* at PAGEID 20725, citing G.

White Depo., Doc. #224-1, PAGEID 15645, 15650).[2]  Specifically, while White

opined that an asset protection ("AP") associate should have been employed, he

conceded that: (1) such an employee or employees would not need to be working

at the store continuously, and (2) an AP associate would not have approached

Crawford "prior to the incident, because there was no suggestion whatsoever that

Mr. Crawford was shoplifting."  (*Id.* at PAGEID 20726, citing Doc. #224-1,

PAGEID 15646, 15649).  Wal-Mart argues that White further conceded that his

opinion as to what an AP associate or other employees could have done was

speculation, which is an insufficient basis for an expert opinion.  (*Id.*, quoting

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993); Doc. #224-1,

PAGEID 15649; citing FED.R.EVID. 702).  Wal-Mart asserts that, because the

opinion is devoid of probative value and unduly prejudices Wal-Mart, it must be

excluded.  (*Id.*, citing FED.R.EVID. 403).  Wal-Mart also argues that any discussion

of industry standards of care as to how to secure an MK-177 should be excluded,

as White was unable to identify any that existed at the time of the shooting in

2014.  (*Id.* at PAGEID 20727).

  In their memorandum *contra*, Plaintiffs argue that the Motion is an attempt

to relitigate Wal-Mart's previous attempt to exclude White *in toto*, which this Court

---

[2] White's deposition was filed with the Court under seal and with redactions.  However, Plaintiffs do not contest the accuracy of Wal-Mart's recitation of White's testimony.

overruled. (Memo. in Opp., Doc. #360, PAGEID 20860, citing Motion to Exclude, Doc. #188; Decision and Entry, Doc. #280). Plaintiffs note that they disclosed several of White's opinions regarding Wal-Mart's purportedly inadequate staffing and training practices, and that the Court concluded that White was qualified to present those opinions to the jury. (*Id*. at PAGEID 20860-61, citing Doc. #280, PAGEID 20075-76, 20079). They assert that there is no reason for the Court to revisit that decision. (*Id*. at PAGEID 20862).

Wal-Mart replies that it is not trying to relitigate its previous Motion to Exclude; rather, it is simply attempting to ensure that White, despite being qualified as an expert, does not opine on matters on which he has no expertise or factual basis; this Court has made such a limited exclusion of an otherwise-qualified expert before, and Wal-Mart asks that it do so again (Reply, Doc. #366, PAGEID 20889-90, citing *Kirby Devels. LLC v. XPO Glob. Forwarding, Inc.*, No. 2:18-cv-500, 2021 WL 4125457, *6, 8-9 (S.D. Ohio Sept. 9, 2021) (Morrison, J.)). Wal-Mart reiterates its previous arguments that White's opinions on additional training or staffing, additional preventive measures Wal-Mart could have taken, and securing MK-177s were pure speculation, and should be excluded as unreliable. (*Id*. at 20891-92, quoting *Daubert*, 509 U.S. at 589; *In re E. I. du Pont de Nemours & Co. C-8 Personal Injury Litig.*, 348 F.Supp.3d 680, 695, 696 (S.D. Ohio 2016) (Sargus, C.J.), *aff'd* 54 F.4th 912 (6th Cir. 2022)).

The issue of whether White could opine that Wal-Mart inadequately secured MK-177s was addressed in a previous Order (Doc. #381, PAGEID 20964-65), and

3

will not be revisited here. The Court also sees no reason to depart from its previous ruling that White's "extensive experience in the retail industry" cleared the *Daubert* hurdle and enabled him to testify as to standard of care (Doc. #280, PAGEID 20075), and that any perceived shortcomings in his opinion as to the adequacy of training and staffing policies (a) may be addressed by Wal-Mart on cross-examination; and (b) go to the weight afforded the evidence, a jury determination. (*Id.* at PAGEID 20075-76).

For the foregoing reasons, Wal-Mart's Motion (Doc. #347) is OVERRULED. White may testify on the question of whether Wal-Mart adhered to the standard of care on training and staffing.

IT IS SO ORDERED.

August 28, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT