THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES, INC., *et al.*,

    Defendants.

Case No. 3:14-cv-454

Judge Walter H. Rice

---

ORDER OVERRULING PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR CLARIFICATION REGARDING RONALD RITCHIE'S POTENTIAL FAULT (DOC. #344), WITHOUT PREJUDICE TO RENEWAL AT THE CLOSE OF CASE-IN-CHIEF OF DEFENDANTS WAL-MART, INC., AND WAL-MART STORES EAST, L.P.

---

Before the Court is Plaintiffs' Motion for Reconsideration and/or Clarification Regarding Ronald Ritchie's Potential Fault. (Doc. #344). "On August 5, 2014, Ronald Ritchie, a shopper at the Beavercreek, Ohio, Wal-Mart Store #2124, called 911 to report that a man inside the store was loading an assault rifle and pointing it at people." (Order, Doc. #305, PAGEID 20483). While Ritchie has never been a party to the case, Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East,

L.P. (collectively, "Wal-Mart")[1] "argue[] that the jury should be permitted to apportion some degree of fault to him because, according to Wal-Mart, Ritchie lied to the dispatcher, leading the police to believe that this was an active shooter situation." (*Id.* at PAGEID 20484). On April 24, 2020, the Court deferred ruling on "whether the jury should be permitted to apportion some degree of fault to Ronald Ritchie until it has heard of all of the evidence[.]" (*Id.* at PAGEID 20486). If, at the close of evidence, Wal-Mart had not "convince[d] the Court that Ritchie committed an identifiable, actionable tort which was the proximate cause of Crawford's death, the jury cannot apportion any fault to Ritchie." (*Id.*). While its decision was pending, the Court forbade Wal-Mart from arguing "to the jury that some degree of fault should be apportioned to Ronald Ritchie. Neither party shall ask any questions on this topic during *voir dire*, nor discuss it in opening statements." (*Id.* at PAGEID 20487).

Plaintiffs ask that the Court reconsider its deferral and instead bar the apportionment of liability to Ritchie, often called an "empty chair" defense, entirely. Plaintiffs "do not believe a tort exists under Ohio law for inaccurate eye-witness testimony being conveyed to a 911 dispatcher." In the absence of any identifiably tortious conduct, Plaintiffs argue, Ritchie's culpability "should not be submitted to the jury for its consideration[.]" (Doc. #344, PAGEID 20710-11, citing OHIO REV. CODE § 2307.23). Plaintiffs assert that there will not be "any new

---

[1] The Motion was not brought on behalf of Defendant Wal-Mart Store #2124. However, any order by this Court vacating or modifying its earlier decision would apply equally to Store #2124.

2

evidence [that] will be adduced at trial to help the Court with this issue, and, thus, there will be no new 'facts' to consider which may bear upon whether Mr. Ritchie engaged in tortious conduct." (*Id*. at PAGEID 20711). Specifically: Ritchie's deposition has been filed with the Court; as a resident of Florida, he is unlikely to testify at trial; and the parties are in possession of recordings of the 911 calls from Ritchie to dispatch and the depositions of the 911 dispatch personnel. Plaintiffs ask that, prior to trial, the Court issue a determinative ruling barring Wal-Mart from raising an empty chair defense at all. (*Id*. at PAGEID 20711-12). "If the Court is inclined [to] refrain from ruling pretrial[,] . . . Plaintiffs wish to be allowed to discuss him at least hypothetically in jury selection and opening statements so the jury will understand why Plaintiffs are putting on some of the evidence at trial." (*Id*. at PAGEID 20712, 20713).

Wal-Mart argues that, for four reasons, it should be allowed to discuss Ritchie's potential liability and introduce evidence in support during trial. *First*, a reasonable jury could conclude that: (1) Ritchie was lying when he told the 911 dispatcher that the decedent, John H. Crawford, III, was pointing the MK-177 at children in Store #2124 and was attempting to load the air rifle; (2) the 911 dispatcher recounted (and embellished) Ritchie's account to former Defendant Officer Sean C. Williams; and (3) Williams, in turn, surmised that there was an active shooter situation in the store. (Memo. in Opp., Doc. #362, PAGEID 20868 (citations omitted)). Indeed, Wal-Mart notes, Plaintiffs raise that very possibility through their Complaint, in which they expressly allege that Crawford "did nothing

3

threatening, much less loaded the pellet rifle with bullets." (*Id*. at PAGEID 20868-69, citing Compl., Doc. #1, PAGEID 9, ¶ 31). Such a conclusion would also be reasonable, Wal-Mart asserts, in light of Ritchie's hostile comments about Crawford after the shooting and misleading statements to police about his firearm ownership and military service. (*Id*. at PAGEID 20869, citing R. Ritchie Depo., Doc. #135, PAGEID 3358-59, 3367, 3429; R. Ritchie Investigative Report, Doc. #186-9, PAGEID 12368-69).

*Second*, Wal-Mart argues that the Supreme Court of Ohio's decision in *Buddenberg v. Weisdack* obviated the need for the Court to evaluate whether Ritchie could be liable under Ohio common law torts by "overrul[ing] a host of long-standing Ohio Appellate cases and now permit[ting] tort liability for any individual who has been injured by a criminal act." (Doc. #362, PAGEID 20870, citing *Buddenberg*, 161 Ohio St. 3d 160, 2020-Ohio-3832, 161 N.E.3d 603; OHIO REV. CODE § 2703.60(A)). Wal-Mart asserts that "[u]nder Ohio law, statutory claims for civil damages are tort claims." (*Id*., citing *Matus v. Lorain Cnty. Gen. Health Dist.*, 707 F. App'x 304, 315 (6th Cir. 2017); *Oliver v. Cleveland Indians Baseball Co. P'ship*, 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 10). Wal-Mart claims that a rational jury could conclude that Ritchie's false report violated OHIO REV. CODE § 2917.32(A)(1) (making a report of an alleged or impending crime while knowing the report or warning is false, which would likely cause public inconvenience or harm), (A)(2) (knowingly causing a false alarm of an emergency that involves a risk of physical harm to persons or property), or (A)(3)

4

(false report of an assault to a law enforcement officer). (*Id*. at PAGEID 20870-71). Wal-Mart argues that, since Ritchie could be civilly liable for his criminal act, Wal-Mart should be able to raise its empty chair defense and the jury should be able to apportion liability to Ritchie. (*Id*. at PAGIED 20871).

*Third*, Wal-Mart argues that, contrary to Plaintiffs' contention, there will be new evidence introduced at trial, including but not limited to "live witness testimony of the 9-1-1 operator Yolanda Weber, the various ways in which information obtained from Ritchie during his 9-1-1 call was then relayed to and received by the two responding officers, expert testimony, and other fact witnesses who were present at time of incident," and that the jury should be permitted to hear that evidence before the Court makes a decision on apportionment. (Doc. #362, PAGEID 20871). *Finally*, Wal-Mart asserts that regardless of the Court's decision on apportionment, a key component of its defense is that Ritchie's 911 call severed the causal link between any breach of duty of by Wal-Mart and the fatal shooting of Crawford. It argues that the jury must be able to hear evidence in support of that defense, even if the jury concludes in the process that Ritchie was liable to some extent for Crawford's death. (*Id*. at PAGEID 20872 (citations omitted)).

Plaintiffs reply that they "are not claiming the jury cannot hear from Ronald Ritchie, or if the evidence and law support it, the jury cannot be instructed on intervening or superseding cause relative to Ritchie's description of what he saw." (Reply, Doc. #369, PAGEID 20902). Rather, for several reasons, they are only

5

arguing that Ritchie should not be "on the verdict form for the purposes of apportioning liability pursuant to [OHIO REV. CODE §] 2307.23, or in the alternative, clarification about what the parties are permitted to say about Mr. Ritchie's potential fault early in the case." (*Id.*). *First*, they assert that Ritchie's state of mind when he made the 911 call is irrelevant, because even making a false report with a malicious intent to misrepresent the circumstances would not constitute an actionable tort. (*Id.* at PAGEID 20903).

*Second*, Plaintiffs point out the Court's previous skepticism that Wal-Mart can succeed on any of their theories as to why Ritchie is liable in tort, such that he could be subject to empty chair apportionment. (*Id.*, quoting Doc. #279, PAGEID 20068; Doc. #305, PAGEID 20485). Specifically, Plaintiffs argue that OHIO REV. CODE § 2307.60(A)(1), a statutory cause of action which "states that anyone injured by a criminal act may recover full damages in a **civil action**" (*id.* at PAGEID 20904 (emphasis in original)), is not a "tort action," such that apportionment of liability is possible. (*Id*). Similarly, Plaintiffs claim that sub-section (B) is merely a means of protecting a crime victim from being sued in tort by the criminal; its inclusion "does not mean that civil action belonging to the victim in Section (A) is a tort claim." (*Id.* at PAGEID 20904-05, citing OHIO REV. CODE § 2307.60(B)(2)). Further, Plaintiffs assert, all *Buddenberg* did was clarify that the perpetrator need not be convicted for a victim to avail himself or herself of the protections of OHIO REV. CODE § 2307.60(B); it did not reclassify a statutory civil action as a tort action. (*Id.* at PAGEID 20905, citing *Buddenberg*, 2020-Ohio-3832, ¶¶ 10-13).

6

Plaintiffs argue that the remaining cases cited by Wal-Mart are no more availing. They assert that *Oliver* did not hold that statutory causes of action are necessarily tort claims, only that such causes of action are subject to statutory caps on noneconomic compensatory damages just as tort claims are subject to caps on punitive damages. (Doc. #369, PAGEID 20906, citing *Oliver*, 2009-Ohio-5030, ¶ 16). The *Matus* Court, meanwhile, did not address section 2307.60 at all, and does not stand for the proposition that the section, which provides for "a civil action for statutory criminal acts, would be considered a tort case, much less that it would be subject to apportionment for 'tortious conduct.'" (*Id*. at PAGEID 20906-07, citing *Matus*, 707 F. App'x at 310, 314-15). In sum:

> [Section] 2307.60 provides a civil action for victims of crimes that do not exist at common law, including the crimes Walmart believes Mr. Ritchie may have committed. These crimes have no common law tort corollary and, as such, are liabilities created by statute. Since they are not torts, but statutory civil claims, they should not be subject to Ohio apportionment liability scheme that requires "tortious" conduct.

(*Id*. at PAGEID 20908).

Finally, Plaintiffs reiterate that they are not asking for any evidence to be excluded, or that Wal-Mart not be permitted to raise Ritchie's potential fault as a proximate cause of the fatal shooting; rather, "the only issue Plaintiffs are raising is whether fault can be apportioned to Ritchie." (Doc. #369, PAGEID 20908).

While motions for reconsideration are not expressly provided in the Federal Rules of Civil Procedure, part of this Court's inherent authority to manage its cases is the ability to reconsider interlocutory decisions; "every order short of a final decree is subject to reopening at the discretion of the district judge[.]" *Moses H.*

7

*Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983). "Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Northeast Ohio Coalition for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio. 2009) (Marbley, J.).

None of those conditions is met here. *Buddenberg* simply may not be read as broadly as Wal-Mart urges. The Supreme Court of Ohio, having accepted certification from the United States District Court for the Northern District of Ohio, held "that the plain language of [OHIO REV. CODE § 2307.60] does not require proof of an underlying conviction." *Buddenberg*, 2020-Ohio-3832, ¶ 11. However, the *Buddenberg* Court does not address whether the statutory cause of action under Ohio Rev. Code § 2307.60(A) is definitionally a tort claim. Further, the statute's definition of "tort action" as "a civil action for damages . . ." is limited to "division (B) of this section[.]" Ohio Rev. Code § 2307.60(B)(1)(A). Division (B) largely addresses instances barring a criminal or other wrongdoer from recovering in tort, which is inapplicable here.

The other cases upon which Wal-Mart relies are unavailing. While in *Matus*, the United States Court of Appeals for the Sixth Circuit sustained the district court's application of Ohio's statutory cap on non-economic damages, 707 F. App'x at 315-16, it did so in the context of the plaintiff's state-law claim of retaliatory discharge, *id*. at 310-11, which traditionally sounds in tort. *Oliver*, as Plaintiffs point out, only pertains to state-law caps on liability against political

8

subdivisions. 2009-Ohio-5030, ¶¶ 4, 16. The cap was applied in *Oliver* with respect to the plaintiffs' claims of "malicious prosecution, false arrest and imprisonment, and intentional infliction of emotional distress[,]" *id*. at ¶ 3—all common-law tort claims. In sum, Wal-Mart has not demonstrated that a claim under OHIO REV. CODE § 2307.60 is necessarily a tort action subject to apportionment.

Nonetheless, the Court is not prepared to conclude as a matter of law, as Plaintiffs urge, that a civil action under OHIO REV. CODE § 2307.60 for alleged liability under OHIO REV. CODE 2917.32(A)(1-3) *cannot be* a tort claim subject to apportionment. Plaintiffs assert that "the crimes Walmart believes Mr. Ritchie may have committed . . . have no common law tort corollary and, as such, are liabilities created by statute. [Thus], they are not torts, but statutory civil claims, [and] should not be subject to Ohio apportionment liability[.]" (Doc. #369, PAGEID 20908). However, they cite no caselaw for that assertion, and there is no language in OHIO REV. CODE § 2307.60(A) suggesting that claims arising under that section prohibit an empty chair defense or could not be subject to apportionment.

Finally, pursuant to the undersigned's Order (Doc. #382), on September 17, 2024, the Court heard oral argument from Plaintiffs and Wal-Mart on the question of whether potential apportionment of liability against Ritchie would violate the Due Process Clause of the Fifth Amendment. (Sept. 17, 2024, Minute Entry). Based on the arguments by counsel and the cases cited by Wal-Mart (Notice of Supp. Auth., Doc. #391), the Court agrees with the parties that any jury

9

apportionment of liability would not—and could not—serve as the basis for legal liability against Ritchie. The Sixth Circuit rejected the Supreme Court of Montana's conclusion that apportionment of liability would violate due process, "[b]ecause these non-parties could not possibly be bound by the judgment[.]" *Stanley v. Aeroquip Corp.*, Nos. 97-6742, 97-6745, 98-5005, 181 F.3d 103 (TABLE), 1999 WL 266250, *2 n.2 (6th Cir. Apr. 22, 1999) (interpreting Kentucky allocation of fault statute). Under Ohio law, claim and issue preclusion cannot apply to an individual unless he was a party or privy to a party in the lawsuit where the claim or issue was decided. *See, e.g., In re Henkel*, 490 B.R. 759, 771 (S.D. Ohio Bankr. 2013), quoting *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (6th Cir. BAP 2002); *Hapgood v. City of Warren,* 127 F.3d 490, 493 (6th Cir.1997)).

Thus, even if the Court were to allow the jury to apportion fault to Ritchie and the jury in fact did so, that determination would not be a judgment or a finding of liability against Ritchie. Nor could the parties use that apportionment as evidence of anything against Ritchie in future proceedings. Finally, even if there were a concern about due process in the abstract, there is no such concern here, as the statute of limitations for bringing a claim against Ritchie expired in 2016. *See* OHIO REV. CODE §§ 2305. 10, 2305.21 (statute of limitations for bodily injury or injury to property is two years). In light of the above, the Court is convinced that a jury apportioning fault to Ritchie without his being a party to the case does not violate due process.

10

In sum, it is still premature to determine whether Wal-Mart can demonstrate that Ritchie committed tortious conduct under OHIO REV. CODE §§ 2917.32(A)(1-3), and thus is subject to apportionment under OHIO REV. CODE § 2307.60(A). The Court remains skeptical that Wal-Mart can do so, but refuses to bar it from making that attempt. Thus, to the extent that Plaintiff is moving for reconsideration of the Court's earlier order, the Motion is overruled without prejudice, subject to renewal at the close of Defendant's case-in-chief.

As discussed above, in the alternative, Plaintiffs seek clarification as to what statements they may make about Ritchie's potential fault in *voir dire* and opening statements. The evidence discussed *supra* is highly relevant and probative as to one of Wal-Mart's chief defenses—that Ritchie's call to 911 and the events that followed were intervening or superseding events that meant that any breach of duty by Wal-Mart could not have been the proximate cause of Crawford's death. In their Reply, Plaintiffs assert that they never sought, through this Motion, to bar Wal-Mart from using this evidence in its causation defense. (Doc. #369, PAGEID 20908).[2] Accordingly, both sides will be able to discuss extensively Ritchie's actions and how they did (according to Wal-Mart) or did not (according to Plaintiffs) proximately contribute to the shooting of Crawford without needing to discuss any apportionment of liability. To the extent Plaintiffs seek further clarification than the above, the Motion is overruled.

---

[2] Thus, there is no portion of the Motion to sustain or overrule with respect to Wal-Mart's argument that they be allowed to use the evidence in defense.

11

For the foregoing reasons, Plaintiffs' Motion (Doc. #344) is OVERRULED without prejudice to renewal at the close of Wal-Mart's case-in-chief.

IT IS SO ORDERED.

September 20, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT