THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

    Plaintiffs,

v.

WAL-MART STORES,
INC., *et al.*,

    Defendants.

Case No. 3:14-cv-454

Judge Walter H. Rice

---

ORDER SUSTAINING IN PART AND OVERRULING IN PART MOTION *IN LIMINE* TO EXCLUDE DAMAGE EVIDENCE NOT RELEVANT TO PLAINTIFFS' CLAIM OF DECEDENT JOHN H. CRAWFORD, III'S CONSCIOUS PAIN AND SUFFERING (DOC. #390)

---

Before the Court is the Motion *in Limine* to Exclude Damage Evidence Not Relevant to Plaintiffs' Sole Damage Claim—the Conscious Pain and Suffering of Decedent John H. Crawford, III, of Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Store #2124 (collectively, "Wal-Mart"). (Doc. #390). Wal-Mart argues that because the only claim remaining is Plaintiffs' survivorship claim, the only damages Plaintiffs can recover are those resultant from "*Mr. Crawford's* conscious pain and suffering." (*Id.* at PAGEID 21002 (emphasis in original)). Thus, Wal-Mart asks that Plaintiffs be barred from presenting any evidence regarding: (1) Mr. Crawford's death; (2) Plaintiffs' loss of consortium; (3)

Mr. Crawford's children and any loss they may have experienced due to his death; and (4) "Any and all evidence and/or testimony that relate to the statutory damages outlined in [OHIO REV. CODE] § 2125.02(D)(1)-(5)[.]" (*Id.*). Wal-Mart notes that under Ohio law, a survivorship claim may only encompass the conscious pain and suffering a decedent suffered between the time of injury and time of death; further, any loss of consortium damages suffered by the decedent's family or beneficiaries are not recoverable, and, thus, evidence of any such loss is inadmissible. (*Id.* at PAGEID 21003, 21004, quoting *Cunning v. Windsor House, Inc.*, 2023-Ohio-352, ¶ 46, 208 N.E.3d 246 (11th Dist.); *White v. Moody*, 51 Ohio App. 3d 16, 24, *cause dismissed*, 40 Ohio St. 3d 703 (1988)); citing *Laverick v. Children's Med. Ctr. Of Akron, Inc.*, 43 Ohio App. 3d 201, 202 (9th Dist. 1988)). Wal-Mart further states that the United States Court of Appeals for the Sixth Circuit recently affirmed the distinction between wrongful death and survivorship in this very case, noting that "Plaintiffs' wrongful death cause of action 'seeks to recover for the harm suffered by Crawford's family members due to his death, while the survivorship cause of action is tied to Crawford's pain and suffering, and that the facts to prove each will differ.'" (*Id.* at PAGEID 21004, quoting *Sherrod v. Wal-Mart Stores, Inc.*, 103 F.4th 410, 415-16 (6th Cir. 2024) (cleaned up)).

In light of the above well-settled law, Wal-Mart argues that Plaintiffs are limited solely to evidence of pain or suffering experienced by Plaintiff between the injury and losing consciousness, which "lasted, at most, five to six minutes." (Doc. #390, PAGEID 21004-05, quoting *Meola v. Phi Kappa Psi Fraternity, Inc.*,

2

No. 2:22-cv-3658, ___ F. Supp. 3d ___, 2024 WL 1155962, *3 (S.D. Ohio Mar. 18, 2024)). Thus, Wal-Mart asserts, any evidence of Mr. Crawford's death or its financial, emotional, or other impact on Plaintiffs should be excluded because it has such little probative value, if any. (*Id.* at PAGEID 21005, citing FED.R.EVID. 402, 403).

Wal-Mart further argues that the Court should bar evidence of Mr. Crawford having children and any loss they suffered due to Mr. Crawford's injury and death—*i.e.*, the children's loss of consortium. (Doc. #390, PAGEID 21006). Wal-Mart asserts that such damages are foreclosed under Ohio law, since Plaintiffs did not plead loss of consortium as part of their survivorship claim. (*Id.* at PAGEID 21006-07, quoting *LaMusga v. Summit Square Rehab, LLC*, 2015-Ohio-5305, ¶ 89, 43 N.E.3d 504 (2d Dist.); citing *LaMusga*, 2015-Ohio-5305, ¶¶ 88-91). Rather, Wal-Mart claims that Plaintiffs failed to distinguish any loss of consortium in survivorship versus wrongful death, and that Plaintiffs argued on appeal that their loss of consortium arose out of their now-dismissed wrongful death claim. (*Id.* at PAGEID 21007, quoting *Sherrod*, 103 F.4th at 416). Alternatively, Wal-Mart argues, even if loss of consortium had been adequately pleaded in the survivorship claim, it would be foreclosed factually here, as "none of the consortium [*sic*] were with Mr. Crawford nor nearby the Wal-Mart at the time of the incident and before the time of Mr. Crawford's death." (*Id.* at PAGEID 21008, citing Order, Doc. #273, PAGEID 19984-85).

3

Plaintiffs did not file a memorandum *contra*, and the time for doing so has expired. S.D. OHIO CIV. R. 7.2(a)(2) ("Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion. Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment[.]"). The matter is ripe for decision.

It is well-settled Ohio law that wrongful death and survivorship are distinct causes of action seeking recovery for separate harms, even if the harms were caused by the same injurious act:

> An action for wrongful death, pursuant to R.C. 2125.01, although brought in the name of the decedent's personal representative, is for . . . the exclusive benefit of the surviving spouse, the children, and . . . other next of kin of the decedent." R.C. 2125.02. The purpose of the action is to compensate a decedent's beneficiaries for pecuniary loss resulting from the death and to provide payment of funeral expenses. *Karr v. Sixt* (1946), 146 Ohio St. 527, 32 O.O. 14, 67 N.E.2d 331. On the other hand, a survivor action, while brought on behalf of the estate also by the administrator of the decedent's estate, is not concerned with damages suffered by the beneficiaries, but, rather, is a cause of action which the decedent would have had for personal injury, pain and suffering. *Hillard v. Western & Southern Life Ins. Co.* (1941), 68 Ohio App. 426, 23 O.O. 133, 34 N.E.2d 75. While the same act may give rise to both claims, the causes of action are separate and distinct and are intended to accomplish very different purposes.

*White*, 51 Ohio App. 3d at 24.

With the Sixth Circuit dismissing Plaintiffs' interlocutory appeal of this Court's dismissal of their wrongful death claim, *Sherrod*, 103 F.4th at 416, only Plaintiffs' Ohio law survivorship claim remains for trial. Consequently, Plaintiffs may not recover for their losses associated with Mr. Crawford's death. Rather, they are merely stepping into Mr. Crawford's shoes to recover for the pain and

4

suffering he encountered prior to his death. *See, e.g., Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 599 (6th Cir. 2006) (internal quotation marks and citation omitted, applying Michigan law) ("a decedent's pain and suffering are compensable under the wrongful death act only if they were experienced consciously between the time of injury and death."); *Laverick*, 43 Ohio App. 3d at 202, citing *Flory v. N.Y. Cent. R. Co.*, 170 Ohio St. 185, 189 (1959) ("one may recover for the pain and suffering endured when there is affirmative evidence to show that the decedent was not completely unconscious during the interval between the injury and death."). Thus, if Plaintiffs are able to show that Mr. Crawford remained conscious after the shooting, then the fact of his death is relevant and admissible, but only so as to fix the point when his extant pain and suffering—and Plaintiffs' recoverable harm—ceased. However, any other reference to Mr. Crawford's death, and any reference at all to the losses Plaintiffs allegedly suffered as result of Mr. Crawford's death, is irrelevant and inadmissible.

While the Sixth Circuit indicated in *dicta* that Plaintiffs may be able "to recover for permanent loss of consortium, which seemingly could include damages incurred by plaintiffs during Crawford's life as well as in death[,]" 103 F.4th at 416, Wal-Mart is correct that, under Ohio law, loss of consortium in survivorship must be pleaded separately from any loss of consortium in wrongful death. (Doc. #390, PAGEID 21006-07, citing *LaMusga*, 2015-Ohio-5305, ¶¶ 88-91). Here, Plaintiffs' loss of consortium claims all seek recovery "for the permanent loss of the love and affection and support of . . . John H. Crawford, III, who died as a

5

direct and proximate cause of the wrongful acts of Defendants, as set forth herein." (Compl., Doc. #1, PAGEID 24, ¶¶ 122, 124, 126). The claims, as pleaded, clearly arise from Mr. Crawford's death, not from any conscious pain and suffering he endured while alive. Thus, any loss of consortium suffered by Plaintiffs is not recoverable and may not be at issue in this case. Consequently, any reference to Mr. Crawford's children and father, other than their status as named Plaintiffs in the matter, must be excluded.

For the foregoing reasons, Wal-Mart's Motion (Doc. #390) is OVERRULED as to noting the facts of Mr. Crawford's death and that Mr. Crawford's children and father are named Plaintiffs. It is SUSTAINED in all other respects. Plaintiffs may not discuss or introduce evidence of any loss of consortium suffered by Plaintiffs, or of any damages—pecuniary, emotional, or otherwise—suffered by Plaintiffs as a result of Mr. Crawford's death. Nor may Plaintiffs introduce any evidence of the circumstances surrounding Mr. Crawford's death apart from the time and date of death.

IT IS SO ORDERED.

September 30, 2024

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

6