THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRESSA SHERROD, *et al.*,

      Plaintiffs,

      v.

WAL-MART STORES,
INC., *et al.*,

      Defendants.

      :

      :

      :

      :

Case No. 3:14-cv-454

Judge Walter H. Rice

---

ORDER SUSTAINING MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
AND ARGUMENT REGARDING WAL-MART'S ALLEGED FAILURE TO
SECURE THE PELLET RIFLE OR WARN THAT IT COULD BE
CONFUSED FOR A REAL RIFLE OF DEFENDANTS WAL-MART
STORES, INC., WAL-MART STORES EAST, L.P., AND WAL-MART
STORE #2124 (DOC. #389)

---

Before the Court is the Motion *in Limine* to Exclude Evidence and Argument

Regarding Wal-Mart's Alleged Failure to Secure the Pellet Rifle or Warn That It

Could Be Confused for a Real Rifle of Defendants Wal-Mart Stores, Inc., Wal-Mart

Stores East, L.P., and Wal-Mart Store #2124 (collectively, "Wal-Mart").  (Doc.

#389).  Wal-Mart argues that, because the Court reversed its prior ruling and

concluded that open-and-obvious doctrine applies with respect to the unboxed rifle

picked up by the decedent, John H. Crawford, III, any failure by Wal-Mart to

secure the MK-177 pellet rifle or fail to warn customers that the pellet rifle looks

like a real firearm is irrelevant to whether Wal-Mart was negligent. (*Id*. at PAGEID 20996, quoting Order, Doc. #385, PAGEID 20982). In other words, Wal-Mart argues, because the pellet rifle was a static hazard to Plaintiff, and Plaintiff voluntarily encountered the hazard by picking up the MK-177, Wal-Mart was under no obligation to warn Mr. Crawford (1) about the dangers of carrying the unpackaged MK-177 throughout the store, or (2) that the MK-177 could be confused for a real firearm.[1] (*Id*. at PAGEID 20997-98, citing *Simmons v. Am. Pac. Ent., L.L.C.*, 164 Ohio App. 3d 763, 2005-Ohio-6957, ¶¶ 21, 23 (10th Dist.)). Specifically, Wal-Mart asserts that Plaintiff's decision to pick up the pellet rifle did not transform the hazard from static to active, and thus, the open-and-obvious doctrine acts as a defense with respect to the entire series of events. (*Id*. at PAGEID 20999, citing *McLaughlin v. Andy's Coin Laundries, LLC*, 2018-Ohio-1798, ¶ 16, 112 N.E.3d 57 (1st Dist.); *Goodman v. Orlando Baking Co.*, 8th Dist. Cuyahoga No. 97170, 2012-Ohio-1356, ¶¶ 16-20 (Mar. 29, 2012)).

In sum, Wal-Mart argues that the static nature of the MK-177 hazard means that any failure to secure the pellet rifle in proper packaging cannot be the basis for liability, and that it was under no duty at any time to warn Mr. Crawford that the MK-177 could be mistaken for a real rifle. Consequently, any evidence of failure to warn that the MK-177 looks like a real gun is irrelevant and should be excluded as such. (Doc. #389, PAGEID 21000).

---

[1] Wal-Mart asserts, and Plaintiffs do not disagree, that "there is no dispute of fact [that] the pellet rifle looked like a real firearm." (Doc. #389, PAGEID 20997). For the purposes of this Motion, the Court treats the similarity between the MK-177 and an actual rifle as undisputed.

As Wal-Mart correctly stated, the Court concluded that the MK-177 being out of its packaging for at least two hours prior to Mr. Crawford happening upon it meant that, as a matter of law, the unboxed MK-177 was a passive condition or static hazard. (Doc. #385, PAGEID 20982). Under Ohio law,

> The open-and-obvious doctrine eliminates a premises occupier's duty to warn a business invitee of static dangers on the premises if the dangers are known to the invitee or are so obvious and apparent to the invitee that he or she may reasonably be expected to discover them and protect himself or herself against them.

*Simmons*, 2005-Ohio-6957, ¶ 21. Consequently, Plaintiffs could not argue that Wal-Mart was negligent in failing to warn about the dangers of the MK-177 being unboxed and on display, since Wal-Mart was under no obligation to do so. (Doc. #385, PAGEID 20983

In its previous Order, the Court held that Plaintiffs could still proceed on an active negligence theory regarding "failures (1) to warn Crawford of the dangers of carrying an unpackaged pellet gun around the store, and (2) to monitor Crawford's movements after he picked it up. Obviously, the danger of Crawford picking up and carrying the MK-177 happened at the same time as the fatal shooting." (Doc. #385, PAGEID 20983). However, in the instant Motion, Wal-Mart argues that Mr. Crawford picking up and carrying the pellet gun was his "cho[osing] to proceed [with the risk] despite the existing condition[,]" and that his choice did not transform the static condition of the unboxed MK-177 into an active hazard, such that Wal-Mart would have had a new duty to warn. (Doc. #389, PAGEID 20999, citing *McLaughlin*, 2018-Ohio-1798; *Goodman*, 2012-Ohio-1356, ¶¶ 16-20).

3

Moreover, Wal-Mart claims, it already warned the inherently dangerous nature of the MK-177 through "the explicit warning label contained on the product packaging in the aisle." (*Id.*, citing Ex. C to Motion for Sum. Judg., Doc. #186-3, PAGEID 12346).

Plaintiffs did not file a memorandum *contra*, and the time for doing so has expired. S.D. OHIO CIV. R. 7.2(a)(2) ("Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion. Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment[.]"). The matter is ripe for decision.

The Eighth District's opinion in *Goodman* is instructive, as the court reiterated that under Ohio law, the lack of duty to warn about an open-and-obvious static condition extends to an invitee voluntarily encountering the risk unless the invitee was "faced with forced circumstances or . . . no reasonable alternatives were available." 2012-Ohio-1356, ¶ 19, citing *Jeffries v. United States*, No. 3:09-cv-430, 2010 WL 1258008 (N.D. Ohio Mar. 30, 2010); *Al-Sorghali v. Modene & Assoc., Inc.*, 6th Dist. Lucas No. L-06-1156, 2006-Ohio-4911, ¶¶ 19-20 (Sept. 22, 2006); *Mizenis v. Sands Motel, Inc.*, 50 Ohio App. 2d 226, 230-32 (6th Dist. 1975). Plaintiffs do not argue that Mr. Crawford encountering of the unboxed MK-177 and proceeding to pick up the pellet rifle and carry it around the store—despite at all times the pellet rifle looking like a real gun—was anything but a freely voluntary choice on his part; nor could they reasonably so argue. Plaintiffs also concede that the danger from the unboxed MK-177 was not from it sitting on the

4

shelf, but that an invitee like Mr. Crawford would pick it up—*i.e.*, voluntarily encountering the static condition—and others would mistake it for a real gun. (Compl., Doc. #1, PAGEID 10, ¶ 36). As Ohio law is clear that such a voluntary encounter does not transform a static, open-and-obvious condition into an active risk, *Goodman*, 2012-Ohio-1356, ¶¶ 18-22, Wal-Mart had no greater duty to warn about the dangers of picking up and carrying around the MK-177 than it did to warn Mr. Crawford of the dangers of the pellet rifle sitting unboxed on the shelf. Absent the existence of a duty, Plaintiffs may not prevail on a negligence theory.

Consequently, Wal-Mart's Motion (Doc. #389) is SUSTAINED. Plaintiffs may not offer evidence regarding any failure by Wal-Mart to secure the MK-177 or warn that the MK-177 may be mistaken for a real rifle prior to Mr. Crawford picking up and carrying the MK-177 in the store.

IT IS SO ORDERED.

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

October 1, 2024